IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS,
NORTHERN DIVISION

| | |
|---|---|
| JOHN DOES 1 - 8,<br><br>    Plaintiffs,<br><br>v.<br><br>EMMETT A. PRESLEY, ET AL.<br><br>    Defendants. | Hon. D. P. Marshall Jr.<br><br>Case No.: 3:23-CV-230-D<br><br>**JURY DEMAND** |

**PLAINTIFFS' BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE UNREDACTED COMPLAINT UNDER SEAL AND
TO PROCEED UNDER PSEUDONYM**

**INTRODUCTION AND FACTUAL BACKGROUND**

  Plaintiffs, JOHN DOES 1-8, by and through their undersigned attorneys, and pursuant to Eastern District of Arkansas Administrative Policies and Procedures IV(B), respectfully move this Honorable Court to enter an Order: (1) allowing Plaintiffs, victims of child sexual abuse, to file their unredacted Complaint at Law under seal of the Court; (2) to proceed anonymously in this matter under the fictious names "John Doe 1," "John Doe 2," "John Doe 3," "John Doe 4," "John Doe 5," "John Doe 6," "John Doe 7," and "John Doe 8" in order to maintain and protect the privacy of John Does, victims of child sexual abuse, and to avoid causing them any further additional psychological harms; and (3) enter an Order requiring all Parties to use the same fictious names to refer to Plaintiffs in all public filings with the Court, and to further refrain from disclosing publicly the actual names and any personal identifying information of Plaintiffs. This Motion is filed following Plaintiff's Complaint at Law that was filed on November 6, 2023, *see* ECF 1.

1

When Plaintiffs were children, they were sent to the Lord's Ranch, a residential treatment facility in Arkansas which advertised itself to the public, parents, guardians, and governmental agencies as a safe place to send children to receive unparalleled treatment for emotional and behavioral issues, and to receive a religious based education. The Lord's Ranch was owned and operated by Defendants. As set forth in Plaintiff's Complaint, Plaintiffs were repeatedly subjected to horrific sexual, psychological, and physical abuse as children by among several others their counselor at the Lord's Ranch (who is alleged to have abused at least 16 of his patients/children), who had access to and used their sensitive mental health, familial, and medical histories to abuse and coerce them. The sexual abuse ranged from fondling to forced oral and penetration. For some of the Plaintiffs, the abuse went on for years.

As a direct and proximate cause of Defendants' misconduct and failures, like many victims of child sexual abuse, physical abuse, and relentless bullying, Plaintiffs John Does 1-8 suffered and continue to suffer among other injuries, severe emotional and psychological distress; harmful physical manifestations of the emotional distress; flashbacks; feelings of terror, humiliation, embarrassment, degradation, and disgrace; loss of self-esteem; and loss of enjoyment of life.

Plaintiffs John Does 1-8 now respectfully move to proceed anonymously and to file the unredacted Complaint under seal of the Court in order to avoid aggravating the harm caused to John Does 1-8.

## ARGUMENT

A. **Legal Standard**

Federal Rule of Civil Procedure 10(a) requires a plaintiff to disclose his or her name in the complaint. However, there are certain exceptions to the general rule that parties participating in federal litigation must use their real names. Federal courts have long recognized the right of

2

individuals to proceed anonymously through the use of a fictitious name under certain circumstances. *E.g., Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A Aug 1981). Courts have held that the "normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter,'" *id.* (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979)) ("SMU") (internal citation omitted).

In determining whether pseudonymous status is appropriate, federal courts consider several factors including but not limited to: whether the plaintiff would be required to disclose information "of the utmost intimacy"; whether the plaintiff would suffer a risk of further harm if identified; whether the plaintiff is challenging governmental activity; and whether the parties defending the suit would be prejudiced. *E.g.*, *Doe v. Purdue Univ.*, No. 4:18-CV-89-JEM, 2019 WL 1757899, at *1 (N.D. Ind. Apr. 18, 2019); *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009) ("Courts occasionally have recognized exceptions to the requirement that parties' names be stated in the case caption for various reasons, however, including cases involving, "limited 'matters of a sensitive and highly personal nature.") Federal courts also consider whether injury would be incurred as a result of the disclosure of the plaintiff's identity and whether the plaintiff's identity has thus far been kept confidential. *Doe v. Purdue U.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017); *Sealed Plaintiff v. Sealed Defendant # 1*, 537 F.3d 185, 190 (2d Cir. 2008); *Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d 710, 722 (7th Cir. 2011).

1. **The nature of Plaintiffs' sensitive and personal information justifies allowing them to proceed under pseudonyms and file under seal.**

In this case, Plaintiffs' anonymity is warranted for several key reasons.

First, the instant litigation involves rape victims. Federal courts including in the Eight Circuit have consistently held that fictitious names are permitted to protect the privacy of <u>very</u>

3

<u>personal information about a person's childhood</u>, protect children, **rape victims**, and other particularly vulnerable parties. *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *3 (E.D. Mo. Apr. 2, 2009); *Doe v. St. Louis County*, No. 4:07-CV-2116 (CEJ), (E.D. Mo. Jan. 14, 2008) (plaintiff permitted to proceed using a pseudonym because of the "likelihood that very personal information about his childhood may be disclosed in this case," and "such disclosure could prove embarrassing to plaintiff and his family and could subject them to unnecessary public scrutiny. The Court believes that the interest of preserving the plaintiff's privacy through the use of a pseudonym outweighs the interest of the public in ascertaining his true identity."); *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) (emphasis added) ("Records or parts of records are sometimes sealed for good reasons, including the protection of state secrets, trade secrets, and informers; and fictitious names are allowed when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties or witnesses."); *Doe v. Trp Acq. Inc.*, 2016 WL 3671505, at *2 (N.D. Ill. 2016) (noting that "the underlying facts [of her sexual assault] could be shocking and very embarrassing to plaintiff"); *Doe v. Dabbagh*, No. 15-cv-10724, slip op. at 2 (E.D. Mich. 2015) ("[M]any courts allow rape victims to proceed under pseudonyms, at least until trial. The allegations often involve compelled sex acts that degrade and stigmatize the victim").

Second, relatedly, the instant litigation requires the disclosure of "information of the utmost sensitivity," as demonstrated by the facts alleged in Plaintiffs' Complaint, including but not limited to deeply personal details regarding the nature and extent of the sexual abuse, assaults, and victimization of John Does 1-8 were subjected to; discussions regarding John Does' known vulnerabilities; and discussions of John Does' mental health history, injuries, and treatment.

Federal and state courts have routinely allowed plaintiffs sexually abused as adults to proceed anonymously in civil cases. *See, e.g.*, *Doe v. Purdue U.*, 321 F.R.D. 339, 342 (N.D. Ind. 2017) (citing ten federal cases holding that plaintiffs were permitted to proceed anonymously in cases similar to *Doe v. Purdue U.*, alleging claims against colleges and universities involving the sexual harassment and/or sexual assaults of young adult students). There is an even greater justification to permit Plaintiffs to proceed using a fictious name and to file the unredacted Complaint under seal of the court because Plaintiffs John Does 1-8 were minors at the time they were being sexually abused and tormented. *See Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

Federal courts across the country, including the Eight Circuit, have repeatedly held the same, permitting sexual assault survivors to proceed using a pseudonym. *See, e.g.*, *Roe v. St. Louis University*, Case No. 4:08CV1474 JCH, 8 (E.D. Mo. Apr. 2, 2009) (Allowing rape victim plaintiff to use a pseudonym because plaintiff's privacy interest outweighed the public's right to access judicial records, reasoning in part that defendant here knows plaintiffs' true identities, and thus it's ability to conduct discovery or impeach plaintiffs' credibility is not impaired); *Doe v. Penzato*, 2011 WL 1833007, at *1 (N.D. Cal. 2011) (granting motion to proceed anonymously to plaintiff making allegations of human trafficking and sexual assault); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006) (granting pseudonymous status in part because "the public generally has a strong interest in protecting the identity of sexual assault victims so that other victims will not be deterred from reporting such crimes"); *Roe v. St. Louis Univ.*, 2009 WL 910738 (E.D. Mo. 2009).

Third, Plaintiffs should be permitted to proceed using a fictious name and file the unredacted Complaint under seal because their identities have thus far been kept confidential and

there is a significant risk that John Does 1-8 would suffer a risk of further harm if identified. Courts also consider "the relevant facts and circumstances of a particular case," including, for example, "the threat of a hostile public reaction to a lawsuit, . . . in conjunction with the other factors, when deciding whether to permit a party to use a pseudonym." *Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E.D. Tex. 2007). Plaintiffs' fears of this very real threat and harassment, even violence, weigh in favor of proceeding under pseudonyms and filing the unredacted Complaint under seal. Upon information and belief, Defendants are well known within the community and have deeply rooted political ties and Plaintiffs fear that retaliatory actions would be likely to occur against Plaintiffs, their families, and their loved ones.

2. **Allowing Plaintiffs to proceed under pseudonyms causes no prejudice to the parties in this case.**

Finally, Defendants will not be prejudiced if the Court permits Plaintiffs to proceed anonymously. Defendants have already been informed of the true identities of John Does 1-8, and Plaintiffs' proposed anonymity will not affect Defendants ability to defend the instant matter or participate meaningfully in discovery. *See, e.g.*, *Roe v. St. Louis University*, Case No. 4:08CV1474 JCH, 8 (E.D. Mo. Apr. 2, 2009) (Allowing rape victim plaintiff to use a pseudonym because plaintiff's privacy interest outweighed the public's right to access judicial records, highlighting in part that defendant knew plaintiffs' true identities, and thus it's ability to conduct discovery or impeach plaintiffs' credibility was not impaired).

In sum, as survivors of sexual assault and abuse, John Doe 1-8 should be permitted to proceed with this case under a pseudonym.

## CONCLUSION

In sum, as survivors of sexual assault and abuse, John Does 1-8 should be permitted to proceed with this case under pseudonyms and to file the unredacted Complaint under seal of the

Court. John Does 1-8 would be at risk of great harm if their identities were revealed. Permitting them to proceed anonymously would not materially harm the public interest in open court proceedings; nor would it prejudice the Defendants.

WHEREFORE, Plaintiffs JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7 and JOHN DOE 8 respectfully request that this Court enter an Order permitting Plaintiffs JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, JOHN DOE 6, JOHN DOE 7 and JOHN DOE 8 to proceed in this litigation under the aforesaid pseudonyms, file the unredacted Complaint under seal of the Court and for any other relief that this Court deems just and proper.

Respectfully Submitted,

By: s/ *Joshua Gillispie*
    *One of Plaintiffs' Attorneys*

| | |
|---|---|
| Martin D. Gould, Bar No. 6318050 | Joshua D. Gillispie, Bar No. 2010131 |
| Valerie A. Letko, Bar No. 6339289 | **GILLISPIE LAW FIRM** |
| **ROMANUCCI & BLANDIN, LLC** | 1 Riverfront Place, Suite 605 |
| 321 N. Clark Street, Suite 900 | North Little Rock, AR 72114 |
| Chicago, Illinois 60654 | (501) 244-0700 |
| T: (312) 458-1000 | (501) 244-2020 fax |
| F: (312) 458-1004 | josh@gillispielawfirm.com |
| mgould@rblaw.net | |
| vletko@rblaw.net | |