### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF ARKANSAS
### NORTHERN DIVISION

**JOHN DOES 1-8**                                                                    **PLAINTIFFS**

**v.**                                          **Case No. 3:23-cv-00230-DPM**

**EMMETT A. PRESLEY, et al.**                                           **DEFENDANTS**

### BRIEF IN SUPPORT OF SEPARATE DEFENDANTS EMMETT A. PRESLEY AND ALONZO JILES'S MOTION TO DISMISS

For their Brief in Support of their Motion to Dismiss, Separate Defendants Emmett A. Presley ("Presley") and Alonzo Jiles ("Jiles"), state:

### I.      INTRODUCTION.

The present lawsuit asserts claims that have long been barred by the applicable statutes of limitations. Plaintiffs rely upon the Justice for Vulnerable Victims of Sexual Abuse Act, Ark. Code Ann. § 16-118-118 (the "Revival Act"), to allege those barred claims are now revived. Contrary to Plaintiffs' assertion, Arkansas law is clear that the legislature cannot revive a cause of action already barred. Plaintiffs' claims must, therefore, be dismissed based on the appliable statutes of limitations. Fed. R. Civ. P. 12(b)(6).

### II.     PROCEDURAL BACKGROUND AND ALLEGATIONS.

Plaintiffs John Does 1-8 filed their Complaint against several Defendants, including Presley and Jiles. Plaintiffs' Complaint alleges that minors, ages 10 to 17, were abused at The Lord's Ranch from 1976 until 2016. Compl. (ECF Doc. 1), at ¶ 1. Plaintiffs specifically claim Presley sexually abused minors at The Lord's Ranch, while serving as a counselor and administrator. *Id.* at ¶¶ 3-4. Plaintiffs further allege Jiles was a deputy administrator of The Lord's Ranch and was aware of Presley's alleged sexual abuse. *Id.* at ¶ 5. Presley and Jiles adamantly deny the allegations against them.

Based on the Complaint, Plaintiffs allege their abuse occurred during the following timeframe:

- John Doe 1 claims to have been at The Lord's Ranch from around 1997 until 2000. *Id.* at ¶ 129. He claims abuse over an approximately two-year period. *Id.* He does not provide his age during this time.

- John Doe 2 claims to have been at The Lord's Ranch from approximately 1991 to approximately 1995. *Id.* at ¶ 131. He claims abuse began in and around 1992. *Id.* He does not provide his age during this time.

- John Doe 3 claims to have been at The Lord's Ranch beginning in approximately 1999. *Id.* at ¶ 133. He does not allege how long he was there or his age during his time there.

- John Doe 4 claims to have been at The Lord's Ranch from around 1995/1996 until around 2003/2004. *Id.* at ¶ 135. He claims he was around 10-12 years old when he arrived there. *Id.* at ¶ 136.

- John Doe 5 claims to have been at The Lord's Ranch from around 1994, when he was approximately 14 or 15 years old, until around 1997. *Id.* at ¶ 145.

- John Doe 6 claims to have been at The Lord's Ranch from approximately 2000 until approximately 2004. *Id.* at ¶ 150. He claims the abuse had begun by late 2000 or early 2001. *Id.* at ¶ 152. He does not provide his age during this time.

- John Doe 7 claims to have been at The Lord's Ranch from approximately 1999 to 2003. *Id.* at ¶ 156. He does not provide his age during this time.

- John Doe 8 claims to have been at The Lord's Ranch from around 1991/1992 until around 1994. *Id.* at ¶ 158. He does not provide his age during this time.

Plaintiffs bring causes of action for negligent supervision, negligent retention, negligence, negligent patient care, vicarious liability, outrage, sexual battery, violations of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), and violations of Title IX. *Id.* at ¶¶ 175-245. Plaintiffs assert their claims are timely pursuant to the Revival Act. *Id.* at ¶ 65. Despite their assertion, however, the Revival Act is unconstitutional and cannot revive Plaintiffs' claims that

have long been barred by the statutes of limitations. Accordingly, Plaintiffs' claims are barred and should be dismissed.

### III.   AUTHORITY AND ANALYSIS.

"A court may dismiss a claim under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes that the claim is time-barred." *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) (quoting *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)). Based on Plaintiffs' Complaint, all of their claims against Presley and Jiles are barred under the applicable statutes of limitations. As further addressed below, the Revival Act cannot revive these barred claims. Moreover, even if these claims could be revived, which they cannot, the Revival Act has no effect on Plaintiffs' federal claims.

### A.   Plaintiffs' State Law Claims Are Barred by the Statute of Limitations.

All of Plaintiffs' state law claims are time barred. Plaintiffs' claims arise from conduct that allegedly occurred between 1991 and 2004. Compl. (ECF Doc. 1), at ¶¶ 129-165. The statute of limitations for negligence and outrage is three years. Ark. Code Ann. § 16-56-105; *Hutcherson v. Rutledge*, 2017 Ark. 359, at 5, 533 S.W.3d 77, 80 ("[T]he tort of outrage is governed by the three-year statute of limitations."); *O'Mara v. Dykema*, 328 Ark. 310, 317, 942 S.W.2d 854, 858 (1997) ("[A] three-year statute of limitations applies to all tort actions not otherwise limited by law."). The statute of limitations for battery is one year. Ark. Code Ann. § 16-56-104. Because Plaintiffs were allegedly minors at the time the alleged conduct occurred, they had until they reached twenty-one (21) years of age, three (3) years after reaching the age of majority, to file their state law claims. *See* Ark. Code Ann. § 16-56-116(a); *Harris v. Standardized Sanitation Systems, Inc.*, 658 F. Supp. 438, 439 (W.D. Ark. 1987) ("Arkansas' general savings statute allows a minor to bring any action which accrued during the time of his minority within three years after he reaches the age of majority.").

3

Based on Plaintiffs' allegations, the last Plaintiff arrived at The Lord's Ranch in 2000. *See* Compl. (ECF Doc. 1), at ¶¶ 129-165. Assuming that Plaintiff, John Doe 6, was 10 years old at the time[1], he had until 2011 to file his claims. All state law claims in Plaintiffs' present lawsuit, filed in 2023, are now time barred and must be dismissed.

    1. <u>The Revival Act Cannot Revive Plaintiffs' Statute of Limitations.</u>

Through the Revival Act, the Arkansas Legislature improperly attempted to revive the statute of limitations for certain victims of sexual abuse. The Revival Act states, in relevant part:

> (1) Notwithstanding any other statute of limitation or any other law that may be construed to reduce the statutory period set forth in this section, a vulnerable victim may bring a civil action against any party who committed sexual abuse against the vulnerable victim or whose tortious conduct caused the vulnerable victim to be a victim of sexual abuse.

> (2) Notwithstanding any other statute of limitation or any other law that may be construed to reduce the statutory period set forth in this section, a civil action similar to a civil action described in subdivision (b)(1) of this section, including a cause of action arising before, on, or after July 28, 2021, that was barred or dismissed due to a statute of limitation is revived, and the civil action may be commenced not earlier than six (6) months after and not later than thirty (30) months after August 1, 2023.

Ark. Code Ann. § 16-118-118(b).

The Arkansas Supreme Court has "long taken the view, along with a majority of the other states, that the legislature cannot expand a statute of limitation so as to revive a cause of action already barred." *Johnson v. Lilly*, 308 Ark. 201, 203-04, 823 S.W.2d 883, 885 (1992). Under Arkansas law, "after a cause of action has become barred by the statute of limitations, the defendant has a vested right to rely on that statute as a defense, and neither a constitutional convention nor

---

[1] Plaintiffs allege that abuse occurred against minors ranging from 10 to 17 years old. Compl. (ECF Doc. 1), at ¶ 1. Thus, unless expressly pled otherwise, construing the allegations in the light most favorable to Plaintiffs, Plaintiffs were at least 10 years old when they allege abuse after arriving at The Lord's Ranch.

the Legislature has power to divest that right and revive the cause of action." *Id.* "Where title to property has vested under a statute of limitation, it is not possible by an enactment to extend or revive the remedy since this would impair a vested right in the property." *Id.* Retroactive legislation that takes property belonging to one and gives it to another violates the due process clause. *See Forrest City Machine Works, Inc. v. Aderhold*, 273 Ark. 33, 40, 616 S.W.2d 720, 724 (1981); Ark. Const. art. 2, § 21.

The Arkansas Supreme Court has been consistent on the Arkansas Legislature's inability to revive a statute of limitations. *See, e.g., Hall v. Summit Contractors, Inc.*, 356 Ark. 609, 614, 158 S.W.3d 185, 188 (2004) (holding the legislature's repeal of the Limitations Act could not revive a claim that was already time-barred); *Green v. Bell*, 308 Ark. 473, 478 n.1, 826 S.W.2d 226, 229 (1992) (holding the court could not consider application of an amendment to a statute that enlarged the statute of limitations in an action for enforcement of child support or for a judgment of arrearages because the application would revive a cause of action previously barred); *Johnson v. Lilly*, 308 Ark. 201, 201-02, 823 S.W.2d 883, 884 (1992) (holding a statute enlarging the statute of limitations for enforcement of child-support obligations could not be applied retroactively to revive claims already barred). In *Miller v. Subiaco Acad.*, 386 F. Supp. 2d 1025, 1027-29 (W.D. Ark. 2005), the district court applied the Arkansas Supreme Court's precedent in holding that another statute of limitations on sexual abuse actions, Ark. Code Ann. § 16-56-130, could not revive a claim previously barred. In *Miller*, the plaintiff's claim was statutorily barred three years after he reached the age of majority, in 1983. *Id.* at 1029. The court held that Ark. Code Ann. § 16-56-130, enacted in 1993, could not be used to revive the barred claim. *Id.*; *see also Mitchell v. Roberts*, 469 P.3d 901, 913 (Utah 2020) (holding the legislature lacks the power to revive sexual abuse claims that are otherwise barred by the statute of limitations).

Here, Plaintiffs' state law claims were barred by the statute of limitations no later than 2011. At that time, Presley and Jiles had a vested right to rely on that statute as a defense. The Revival Act was enacted in 2021, Ark. Acts 2021, No. 1036, and seeks to revive claims previously barred. The Arkansas Legislature, however, does not have the authority to revive Plaintiffs' claims that were barred before the enactment of the Revival Act. Accordingly, the Court must dismiss Plaintiffs' claims.

### B.     Plaintiffs' Title IX Claim Is Barred Regardless of the Revival Act.

Even assuming, *arguendo*, the Revival Act is effective, Plaintiffs' Title IX claim is nonetheless barred by the applicable statute of limitations. When a federal statute does not contain a limitations period (as is the case for Title IX), the settled practice is to borrow an "appropriate" statute of limitations from state law. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660, 107 S. Ct. 2617, 96 L. Ed. 2d 572 (1987), *partially superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371, 124 S. Ct. 1836, 158 L. Ed. 2d 645 (2004); *see also* 42 U.S.C. § 1988. In *Wilson v. Garcia*, the Supreme Court held that § 1983 claims are subject to state personal injury statutes of limitations. 471 U.S. 261, 280, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985), *partially superseded by statute as stated in Jones*, 541 U.S. at 377-80. The Supreme Court explained that a state's personal injury statute of limitations, not a range of specialized statutes of limitations, should be applied to § 1983 claims to minimize unnecessary litigation and further the interests of uniformity and certainty. *Id.* at 275. In *Owens v. Okure*, the Supreme Court refined *Wilson* and held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989). A Title IX claim is subject to the same limitations period that applies to a § 1983 claim. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 618 (8th Cir. 1995).

Following *Wilson* and *Owens*, the Eight Circuit recognized that Arkansas's three-year statute of limitations for personal injury actions applies to § 1983 claims filed in the state. *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (holding Arkansas's three-year personal injury statute of limitations applied to § 1983 actions filed in Arkansas); *Ketchum v. West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) ("In Arkansas, the general personal-injury statute of limitations is three years, and this period therefore governs § 1983 actions brought in that state."). The relevant Arkansas statute provides that "[a]ll actions founded upon any contract, obligation, or liability not under seal and not in writing" . . . "shall be commenced within three (3) years after the cause of action accrues[.]" Ark. Code Ann. § 16-56-105.

Despite Plaintiffs' reliance on the Revival Act, it does not apply to their Title IX claims. The three-year statute of limitations for personal injury applies rather than the specific limitations period set forth in the Revival Act. The United States Supreme Court has made clear that the statute of limitations is the relevant state's "general or residual statute for personal injury actions." *Owens*, 488 U.S. at 250. As a result, any argument that the Revival Act applies over the general personal injury statute of limitation is foreclosed by *Wilson* and *Owens*.

In *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101 (2d Cir. 2023), the Second Circuit addressed the same issue now before this Court. The plaintiffs in *Kane* relied upon New York's Child Victims Act, N.Y. C.P.L.R. § 214-g, which revives the time to commence civil actions based upon certain sexual offenses that were committed against children less than eighteen years of age. *Id.* at 104. The court found:

> Based on the Supreme Court's reasoning in *Wilson* and *Owens*, every United States Court of Appeals to address this issue thus far has determined that a specialized statute for sexual abuse claims does not render an otherwise untimely Section 1983 or Title IX claim timely. *See Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1212-13 (10th Cir. 2014) (holding that New Mexico's special statute for child sexual abuse did not toll plaintiff's Section 1983 and Title

> IX claims because it is not generally applicable); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012) (holding that Oregon's specialized abuse statute was not closely related to two-year residual statute of limitations, as required to borrow tolling provision from state law for plaintiff's Section 1983 claim); *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759-61 (5th Cir. 2015) (holding that the general statute of limitations applied to plaintiff's Title IX and Section 1983 claims rather than Texas's specific limitations period for sexual assault claims); *Woods v. Ill. Dep't of Child. and Fam. Servs.*, 710 F.3d 762, 765-68 (7th Cir. 2013) (declining to apply Illinois' child sexual abuse statute to revive plaintiff's Section 1983 claim).

*Id.* at 108-09.

The plaintiffs in *Kane* nevertheless argued that New York's Child Victims Act revived their federal claims and tolled the general statute of limitations. *Id.* at 109. The *Kane* court rejected this argument and held that application of tort-specific revival or tolling provisions, such as New York's Child Victims Act, would require federal courts to engage in the type of analysis *Wilson* forbids. *Id.*; *see also Bonneau*, 666 F.3d at 580 ("Such a holding would succeed only in transferring the confusion over the choice among multiple statutes of limitations to a choice among multiple tolling provisions." (alterations adopted) (internal quotation marks and citation omitted)); *Varnell*, 756 F.3d at 1213 ("The same reasoning that governed the selection of the applicable statute of limitations should also apply to the selection of tolling statutes. Thus, the state tolling provisions adopted for actions under § 1983 should not depend on the particular facts or the precise legal theory of the claim." (internal quotation marks and citations omitted)). Because the *Kane* plaintiffs' federal claims accrued more than three years before the filing of their lawsuits, those claims were barred under the general, three-year statute of limitations for personal injury actions. *Id.* at 111. The *Kane* court affirmed the dismissal of those claims. *Id.*

The same result is required in this case. As addressed above, Plaintiffs' claims arise from conduct that allegedly occurred between 1991 and 2004. Compl. (ECF Doc. 1), at ¶¶ 129-165.

Because Plaintiffs were minors at the time, they had until they reached twenty-one (21) years of age, three (3) years after reaching the age of majority, to file a claim. *See* Ark. Code Ann. § 16-56-116(a); *Harris*, 658 F. Supp. at 439. This general tolling statute for all personal injury claims applies, not the revival of claims under the Revival Act. *See DeVries v. Driesen*, 766 F.3d 922, 923-24 (applying Iowa's general personal-injury limitations period and refusing to apply tolling rule from a "separate statutory scheme"); *Bonneau*, 666 F.3d at 580; *Varnell*, 756 F.3d at 1213. Plaintiffs, therefore, had until no later than 2011 to file Title IX claims, which was three (3) years after the youngest Plaintiff turned 18 years old. Compl. (ECF Doc. 1), at ¶¶ 1, 150. Those Title IX claims are now time barred and must be dismissed.

      **C.**    **To the Extent Any Plaintiff Had a TVPRA Claim, Any TVPRA Claim Is Now Time Barred.**

Further, Plaintiffs either do not have a TVPRA claim or their TVPRA claim is otherwise barred by the statute of limitations. Most Plaintiffs do not have a TVPRA claim because the conduct alleged occurred prior to the creation of a cause of action under the TVPRA. The TVPRA was enacted in 2000. Pub. L. No. 106-386, § 102, 114 Stat. 1488 (2000) (codified as amended at 18 U.S.C. § 1589 et seq.). In 2003, the TVPA was amended to create a private right of civil action for victims of trafficking. 18 U.S.C. § 1595 (the "TVPA civil remedy provision"). The TVPRA civil remedy provision provides:

> An individual who is a victim of a violation of this chapter [18 USCS §§ 1581 et seq.] may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter [18 USCS §§ 1581 et seq.]) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). The TVPRA civil remedy provision became effective on December 19, 2003. *See* Pub. L. 108-193, 117 Stat. 2878 (2003) (codified as amended at 18 U.S.C. § 1589 et seq.).

The TVPRA civil remedy provision does not apply to any conduct that occurred before December 19, 2003. There is a well-established presumption against the retroactive application of legislation, including amendments creating a private cause of action. *Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 950, 117 S. Ct. 1871, 138 L. Ed. 2d 135 (1997); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 284-86, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994) (holding that a 1991 amendment permitting compensatory damages for violations of the Civil Rights Act of 1964 did not apply retroactively). Under the holding in *Landgraf*, federal courts must apply a two-part test to determine retroactivity. First, it must be determined whether Congress "expressly prescribed the statute's proper reach." *Landgraf*, 511 U.S. at 280. If not, then courts must evaluate "whether [the statute] would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id*.

"Nothing in the language of the TVPRA or its legislative history indicates that Congress intended retroactive application." *Velez v. Sanchez*, 693 F.3d 308, 325 (2d Cir. 2012). Thus, the first prong of *Landgraf* is not met. As to the second prong, while criminal liability may have existed prior to the 2003 amendments, the civil remedy added in 2003 fits within the *Landgraf* definition of "impermissibly retroactive legislation" because it increases a party's liability for previously occurring conduct. *Hughes*, 520 U.S. at 946. *See Velez* , 693 F.3d at 325 (holding a civil cause of action under the TVPRA did not apply retroactively); *Doe v. Siddig*, 810 F. Supp. 2d 127, 135 (D.D.C. 2011) (rejecting the retroactive applicability of the TVPRA's civil cause of action because it "represented a significant expansion of civil liability"); *Nattah v. Bush*, 770 F. Supp. 2d 193, 205 (D.D.C. 2011) (finding that the civil cause of action did not cover conduct occurring in July 2003); *Ditullio v. Boehm*, 662 F.3d 1091, 1100-02 (9th Cir. 2011) (holding the TVPRA civil remedy provision does not apply retroactively to conduct occurring before December 19, 2003

because "[i]t changed substantive law and attached new legal burdens to violations of the [TVPRA]").

In this case, John Does 1, 2, 3, 5, and 8 allege conduct that all occurred prior to 2003. Those Plaintiffs have not alleged any conduct occurring after the TVPRA civil remedy provision was enacted on December 19, 2003. Because the TVPRA does not apply retroactively to any conduct occurring prior to December 19, 2003, John Does 1, 2, 3, 5, and 8 do not have a cause of action under the TVPRA.

Moreover, the TVPRA civil remedy provision does not apply to any conduct alleged by the other Plaintiffs that occurred before December 19, 2003, even if additional conduct allegedly occurred after that date. *See Ditullio*, 662 F.3d at 1102 (holding the TVPRA civil remedy provision does not apply to pre-December 19, 2003, conduct even if the conduct continued beyond that date). Thus, the remaining Plaintiffs' claims would be limited to conduct that allegedly occurred after December 19, 2003.

Even then, any claim John Does 4, 6, and 7 may have had is now barred by the TVPRA statute of limitations. A claim under the TVPRA civil remedy provision must be commenced within the later of (1) 10 years after the cause of action arose, or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense. 18 U.S.C. § 1595(c). Because TVPRA claims are governed by a federal statute of limitations, the Revival Act does not apply. *See Holmberg v. Armbrecht*, 327 U.S. 392, 395, 90 L. Ed. 743, 66 S. Ct. 582 (1946) ("If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter."); *Victor Foods, Inc. v. Crossroads Economic Dev., Inc.*, 977 F.2d 1224, 1227 (8th Cir. 1992) ("[S]tate tolling and savings provisions do not apply when Congress has provided a federal statute of limitations for a federal claim."); *Garrison v. International Paper*

*Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983) ("Because Title VII actions are governed by a federal statute of limitations, the Arkansas saving clause is inapplicable.").

As addressed above, based on Plaintiffs' allegations, the last Plaintiff, John Doe 6, arrived at The Lord's Ranch in 2000. *See* Compl. (ECF Doc. 1), at ¶¶ 129-165. Assuming that Plaintiff, John Doe 6, was 10 years old at the time, he had until 2018 to file his TVPRA claim—10 years after he turned 18 years old. John Doe 6's TVPRA claim could, therefore, have been brought no later than 2018.

John Does 4 and 7's TVPRA claims were barred before that time. John Doe 7 claims he arrived at the Lord's Ranch around 1999, a year before John Doe 6. If John Doe 7 was 10 years old at the time, he had until 2017 to file his TVPRA claim—10 years after he turned 18 years old. John Doe 4 claims he arrived at The Lord's Ranch in 1995/1996, when he was around 10-12 years old. Construing this allegation in the light most favorable to Plaintiffs, if John Doe 4 was 10 in 1996, he turned 18 years old in 2004, and he had 10 years, until 2014, to file a TVPRA claim. *Id.* at ¶ 135-36. Accordingly, based on Plaintiffs' allegations, any Plaintiff who had a TVPRA claim had, at best, until 2018 to file a claim. Any viable TVPRA claim is now time-barred and must be dismissed.

### IV.   CONCLUSION.

For the reasons stated herein, and in the Motion to Dismiss filed concurrently herewith, Separate Defendants Emmett A. Presley and Alonzo Jiles respectfully request that all claims against them in Plaintiffs' Complaint be dismissed with prejudice.

Respectfully submitted,

**Jay Bequette**, Ark. Bar No. 87012
**Phillip M. Brick, Jr.**, Ark. Bar No. 2009116
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Telephone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: pbrick@bbpalaw.com

***Attorneys for Separate Defendants Emmett A. Presley and Alonzo Jiles***

13