UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| John Does 1-8, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.: 3:23-cv-230-DPM |
| v. | ) | |
| | ) | |
| Emmett A. Presley, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**SEPARATE DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS ALL CLAIMS**

Defendants Theodore E. Suhl, Individually and d/b/a Maxus, Inc. d/b/a Arkansas Counseling Associates Incorporated d/b/a Trinity Behavioral Healthcare Systems, Inc. d/b/a The Lord's Ranch; Maxus, Inc. Individually and d/b/a The Lord's Ranch; Trinity Behavioral Health Care System, Incorporated, Individually and d/b/a The Lord's Ranch; The Lord's Ranch Christian Boy's Home, Inc.; The Lord's Ranch Christian Center And Children's Rehabilitation Unit; The Lord's Ranch Psychiatric Unit, Inc.; Christian International Medical Sciences Foundation, Inc.; Cornerstone Treatment Center, Inc.; Burklyn Corporation; Good Samaritan Rehabilitation Center, Inc.; Warm Springs Christian Center, Inc.; Trinity Dynamics, Incorporated; The Lord's Ranch Behavioral Healthcare System, Incorporated; Triennia Health Care, Inc.; Horizon Sunrise Management; Millenia Health Care, Inc.; LG Property Management, Incorporated; Green Valley Asset Management, LLC; Rolling Hills Investments, LLC; Regal Property Developments, LLC; and Shirley Suhl (collectively, "Separate Defendants"), by and through their undersigned counsel,

respectfully request that the Court dismiss all claims against them, and in support of their Motion to Dismiss state as follows:[1]

## INTRODUCTION

Plaintiffs' Complaint alleges nine claims against twenty-three different Defendants. All of these claims should be dismissed as barred by the relevant statutes of limitations. Plaintiffs' claims are based on allegations that, dating back to the early 1990s, Emmett Presley, a director at a facility named The Lord's Ranch, sexually abused numerous children residing at the facility. Separate Defendants vehemently deny the allegations against them. Regardless, these decades old claims should be dismissed as time barred.

In bringing these claims, Plaintiffs rely on the Justice for Vulnerable Victims of Sexual Abuse Act, Ark. Code Ann. § 16-118-118 (the "Revival Act"). The Revival Act purports to apply retroactively and to revive civil causes of action that victims of abuse were otherwise barred from asserting by the relevant statutes of limitations. Under binding Arkansas Supreme Court precedent, however, the Revival Act is unconstitutional because it destroys a person's vested right to rely on a statute of limitations as a defense.[2] The Arkansas Supreme Court has clearly held on multiple occasions that the General Assembly has no authority or power to revive causes of action that have already been barred by a statute of limitations. This Court is bound to apply that precedent and find the Revival Act unconstitutional. Because Plaintiffs cannot rely on the Revival Act, the Complaint on its face establishes that their claims are untimely and should be dismissed.

---

[1] This Motion is brought on behalf of all Defendants except for individual Defendants Emmet A. Pressley and Alonza Jiles, who are represented by separate counsel.

[2] Pursuant to Fed. R. Civ. P. 5.1, Defendants are filing a notice of constitutional question to the Arkansas Attorney General's Office.

Furthermore, Count Eight of Plaintiffs' Complaint – which alleges that Defendants violated the Trafficking Victims Protection Reauthorization Act ("TVPRA") – should be dismissed for an additional reason. Plaintiffs alleged that Separate Defendants violated a 2008 amendment to TVPA that extended liability to persons who financially benefited from trafficking. However, the 2008 amendment does not apply retroactively and therefore does not encompass Plaintiffs' TVPA claim, which is based on allegations of actions that ended in 2004. Count Eight thus fails to state a claim and should be dismissed for this additional reason.

Finally, all claims against eighteen of the entity Defendants – all of the corporate Defendants except The Lord's Ranch – should be dismissed because Plaintiffs engage in improper "collective pleading" that "lumps" them all together but includes no specific allegation of wrongdoing against them. In fact, five of the entity Defendants are referenced by name only in the case caption and the introductory list of Defendants. Plaintiffs' Complaint contains over 250 numbered paragraphs, *none of which* reference these five entity Defendants by name or put them on notice of what wrongful conduct is being alleged against them. In addition, Plaintiffs allege that six of the other entity Defendants were not formed and did not exist until after 2004, the last year in which any of the alleged wrongdoing took place. Because they did not exist, these Defendants could not have partaken in the alleged conduct, some of which occurred more than a decade before they were incorporated. All claims against these eighteen entity Defendants should be dismissed.

## PLAINTIFFS' ALLEGATIONS RELEVANT TO THIS MOTION

Plaintiffs state that their "claims stem from child abuse committed by Defendant Emmett A. Presley" ("Presley"). ([Doc. 1], ¶ 2). Presley served as senior Director of The Lord's Ranch. (*Id.*, ¶ 54.) According to Plaintiffs, "children ranging from 10 to 17 years of age were regularly abused" at The Lord's Ranch. (*Id.*, ¶ 1.).

Plaintiffs allege that they were all residents of The Lord's Ranch, as follows:

- John Doe 1: Sent to The Lord's Ranch in 1997 and remained until 2000 (*Id.*, ¶ 129);

- John Doe 2: Sent to The Lord's Ranch in 1991 and remained until 1995 (*Id.*, ¶ 131);

- John Doe 3: At The Lord's Ranch beginning in 1999 (*Id.*, ¶ 133.)

- John Doe 4: At The Lord's Ranch from around 1995/1996 until around 2003/2004 (*Id.*, ¶ 135);

- John Doe 5: Sent to The Lord's Ranch in 1994 when he was approximately 14/15 years old and stayed until 1997. (*Id.*, ¶ 145);

- John Doe 6: Sent to The Lord's Ranch in 2000 and remained until 2004 (*Id.*, ¶ 152);

- John Doe 7: At The Lord's Ranch from 1993 to 2003 (*Id.*, ¶ 156); and

- John Doe 8: Sent to The Lord's Ranch in 1991/1992 and stayed until 1994 (*Id.*, ¶ 158).

Despite the fact that the last year any of Plaintiffs are alleged to have been at The Lord's Ranch was 2004, Plaintiffs state that their claims are timely under the Revival Act, codified at Ark. Code Ann. § 16-118-118, which provides that:

> a cause of action arising before, on, or after July 28, 2021, that was barred or dismissed due to a statute of limitation, is revived, and the civil action may be commenced not earlier than six (6) months after and not later than thirty (30) months after July 28, 2021.

([Doc. 1], ¶ 65).

In addition to Presley, Plaintiffs name three other individuals as Defendants: (1) Ted Suhl, who "was an owner and senior Director of the Lord's Ranch Entities and facilities" (*Id.*, ¶ 49); (2) Shirley Suhl, who "was an owner and senior Director of the Lord's Ranch Entities and facilities" (*Id.*, ¶ 52) and (3) Alonza Jiles, senior Director of the Lord's Ranch Entities and facilities" (*Id.*, 57.

In addition to The Lord's Ranch, Plaintiffs name eighteen other corporate entities as Defendants.  Plaintiffs allege that at all relevant times, these entities "operated as if they were one

single entity." (*Id.*, ¶ 47.) Plaintiffs also allege that certain of the entity Defendants are "associated entities, predecessor entities, and successor entities" of the Lord's Ranch, who shared the same principal place of business, the same owners and key managerial employees as The Lord's Ranch and did business as The Lord's Ranch. (*Id.*, ¶ 22.)

Plaintiffs allege nine different causes of action against The Lord's Ranch Defendants: Negligent Supervision (Count One); Negligent Retention (Count Two); Negligence (Count Three); Negligent Patient Care (Count Four); Vicarious Liability for Negligence or Otherwise Tortious Acts (Count Five); Tort of Outrage (Count Six); Sexual Battery (Count Seven); Violation of TVPRA (Count Eight); and Violations of Title IX (Count Nine).

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## ARGUMENT

I.  **Plaintiffs' Claims are Time Barred.**

A.  **The Revival Statue is Unconstitutional Because, By Applying Retroactively, It Impermissibly Destroys Defendants' Vested Rights.**

Binding precedent compels a finding that the Revival Statute violates the Arkansas Constitution.[3] An unbroken line of Arkansas Supreme Court decisions establish that it is unconstitutional for the Arkansas General Assembly to destroy a person's vested right in the protections afforded by a statute of limitations. This string of cases dates back to 1846, when the Arkansas Supreme Court characterized statutes that retroactively revive time-barred causes of action as tantamount to the legislature taking the property of one person and transferring it to another—a proposition the Court described as "monstrous and absurd." *Couch v. McKee*, 6 Ark. 484, 495 (1846). Most recently, the Arkansas Supreme Court held in 2023 that it was unconstitutional to retroactively apply a statute that reduced the time period by which a mortgagor could bring an affirmative defense against a mortgagee's foreclosure action. *Alpe v. Federal Nat. Mort. Ass'n*, 2023 Ark 58, 662 S.W.3d 650, 653 (2023).

In the over one hundred and seventy years since *Couch* was decided, every Arkansas Court that has been presented with this issue has similarly held that the legislature "only has the power amend statutes of limitations affecting causes of action *which are not yet barred"* and it "may not revive a cause of action previously barred by the existing statute of limitations." *Reeves v. State*, 374 Ark. 415, 420, 288 S.W.3d 577, 581 (2008). Accord, *Hall v. Summit Contractors, Inc.*, 356

---

[3] The Statute's "look back window" was declared Unconstitutional in *H.C., et al v. Dr. James D. Nesmith*, 60CV-22-4435 and that ruling is presently being appealed in *H.C., et al. v. James Darrell Nesmtih*, CV-23-328.  Defendant Shirley Suhl filed an *Amicus* Brief in support of the Appellee.

Ark. 609, 613-14, 158 S.W.3d 185, 187-88 (2004); *Johnson v. Lilly*, 308 Ark. 201, 203, 823 S.W.2d 883, 885 (1992) (collecting cases).

This constitutional limitation on legislature authority derives from the fact that a person attains a "vested right" in the bar created by the statute of limitations once a cause of action becomes time barred. *Johnson*, 308 Ark. at 203, 823 S.W.2d at 885; *Young v. Norris*, 365 Ark. 219, 223, 226 S.W.3d 797, 800 (2006) ("no one has any vested right in a statute of limitations until the bar of the statute has become effective"); *Hall*, 356 Ark. 614, 158 S.W.3d at 188; *Morton v. Tullgren*, 263 Ark. 69, 72, 563 S.W.2d 422, 424 (1978); *Coco v. Miller*, 193 Ark. 999, 1003, 104 S.W.2d 209, 211 (1937); *Rhodes v. Cannon*, 112 Ark. 6, 164 S.W. 752, 754 (1914); *Couch v. McKee*, 6 Ark. 484, 495 (1846).

Indeed, in *Johnson v. Lilly*, the Supreme Court stressed that "neither a constitutional convention nor the Legislature has the power to divest that right and revive the cause of action." 308 Ark. at 203, 823 S.W.2d at 885 *quoting Wasson v. State ex rel. Jackson*, 187 Ark. 537, 60 S.W.2d 1020 (1933). To that end, the Supreme Court has indicated that retroactive statutes disturbing vested rights violate the due process clause of the Arkansas Constitution, which is found in Article 2, Section 21. *Forrest City Mach. Works, Inc. v. Aderhold*, 273 Ark. 33, 40, 616 S.W.2d 720, 724 (1981). The Court's earliest decision on the subject, though, characterized statutes that retroactively revive time-barred causes of action as tantamount to the legislature taking the property of one person and transferring it to another. *Couch,* 6 Ark. 484, at 495.

In sum, the undisputed purpose and intent of the Revival Act is to retroactively revive civil causes of action that victims were otherwise time-barred to bring by relevant statutes of limitations. Based on the Supreme Court's unbroken line of decisions, however, that "purpose and intent" *itself*

"render[s] the act void."  *Wasson v. State ex rel. Jackson*, 187 Ark. 537, 60 S.W.2d 1020 (1933).

Accordingly, this Court should hold that the Revival Act is unconstitutional.

      **B.**      **Public Policy Supports Finding that the Revival Act is Unconstitutional.**

A finding that the Revival Statue is unconstitutional would be in accord with the purpose

of statutes of limitations. These time limitations exist to protect would-be defendants from unfair

legal action where, due to the significant passage of time, relevant evidence may no longer exist,

the memories of some witnesses may be dimmed or have failed completely, and other witnesses

may be deceased. *See McEntire v. Malloy*, 288 Ark. 582, 586, 707 S.W.2d 773, 776 (1986) (the

purpose of a statute of limitations is to encourage the prompt filing of a claim so that a "defendant

is protected from having to defend an action in which the truth-finding process would be impaired

by the passage of time").

The unfair results that can entail when statutes of limitations are retroactively disregarded

are amply illustrated by the prejudice that would be suffered by The Lord's Ranch Defendants if

they have to defend themselves against these long-barred claims. The Lord's Ranch has been out

of business for many years. (Compl., ¶ 1.) Critical documents necessary for a defense on the merits

no doubt no longer exist, and crucial witnesses are likely either extremely old with dimmed

memories or are now deceased. The relevant statutes of limitations exist to prevent precisely this

type of unjust situation – *i.e.*, where it would be impossible for Defendants to gather and present

all relevant evidence showing that the claims have no merit. Public policy militates against

retroactivity in such circumstances.

**C.** **Counts One Through Seven and Nine Should be Dismissed as Untimely.** [4]

The last date that Plaintiffs allege that any purported abuse occurred is 2004. (Compl.,

¶¶ 135, 152.) Because the Revival Act is unconstitutional, Count One through Seven and Count

Nine are all barred by the applicable statute of limitations. The statutes of limitations for these

counts are:

- Count One – Negligent Supervision: the three-year statute of limitations in Arkansas Code § 16-56-105;

- Count Two – Negligent Retention: the three-year statute of limitations in Arkansas Code § 16-56-105;

- Count Three – Negligence: the three-year statute of limitations in Arkansas Code § 16-56-105;

- Count Four – Negligent Patient Care: the three-year statute of limitations in Arkansas Code § 16-56-105;

- Count Five – Vicarious Liability for Negligence or Otherwise Tortious Acts: the three-year statute of limitations in Arkansas Code § 16-56-105;

- Count Six – Tort of Outrage: the three-year statute of limitations in Arkansas Code § 16-56-105;

- Count Seven – Sexual Battery: one year statute of limitations for battery in Arkansas Code § 16-56-105; and

- Count Nine – Violations of Title IX: because the Title IX statute does not include a statute of limitations, Title IX claims are "governed by the state's personal injury statute of limitations." *Walker v. Barrett,* 650 F.3d 1198, 1205 (8th Cir. 2011). The applicable time limit thus is the three-year statute of limitations in Arkansas Code § 16-56-105.

Because Plaintiffs allege that the purported abuse occurred while they were all minors, the

Arkansas tolling statute for minors, Ark. Code § 16-56-116, must also be considered. This

provision states, in relevant part, "[i]f any person entitled to bring any action under any law of this

---

[4] Count Eight, The Trafficking Victims Protection Reauthorization Act U.S.C. § 1595, is also time barred by the express statute of limitations in that Act, as discussed *infra* at Section II.B.

state is under twenty-one (21) years of age…at the time of the accrual of the cause of action, that

person might bring the action within three (3) years next after attaining full age[.]…" In Arkansas,

full age is eighteen. Ark. Code § 9-25-101; *see also Linder By and Through Linder v. Howard*,

296 Ark. 414, 757 S.W.2d 549 (1988).

Although Plaintiffs do not allege when each of the John Doe Plaintiffs attained full age, it

is clear from the face of the Complaint that these claims are barred by the applicable statutes of

limitations, even when the tolling statute for minors is considered. Plaintiffs alleged that "children

ranging from 10 to 17 years of age" were abused. ([Doc. 1], ¶ 1.) The allegations in the Complaint

that are latest in time involve John Doe No. 6, who Plaintiffs allege was sent to The Lord's Ranch

in 2000 and remained until 2004. ([Doc. 1]., ¶ 152.) Even if John Doe 6 was only ten when he

arrived in 2000, he would have attained full age in 2008, and all of these claims would have to

have been asserted by 2011 at the latest to be timely. Because Plaintiffs did not file their Complaint

until November 6, 2023, all of these claims are untimely and should be dismissed.

## II.   Plaintiffs' TVPRA Claim (Count Eight) Should be Dismissed For Failure to State a Claim and as Time Barred.

### A.   The TVPRA Provisions That Plaintiffs Rely on Were Not Enacted Until 2008 and Do Not Apply Retroactively to Actions that Plaintiffs Allege Ended in 2004.

Plaintiffs assert in Count Eight that the Lord's Ranch Entities violated U.S.C. § 1591(a) of

the Trafficking Victims Protection Reauthorization Act ("TVPRA"). Plaintiffs' TVPRA claim

should be dismissed because: (i) it is premised on allegations of conduct that occurred prior to the

December 23, 2008 TVPRA amendment that first permitted civil claims against financial

"beneficiaries" of the alleged trafficking; and (ii) the 2008 amendment does not apply

retroactively.

As originally enacted in 2000, the Trafficking Victims Protection Act did not contain a private right of action. *See* Pub. L. No. 106–386, 114 Stat. 1464 (2000); *see also Griffin v. Alamo*, No. 4:14-CV-4065, 2016 WL 7391046, at *2 (W.D. Ark. Dec. 21, 2016) (discussing the enactment of, and amendments to, the TVPRA statute). Congress did not create a civil remedy until it amended the statute by the enactment of the Trafficking Victims Protection Reauthorization Act, effective December 19, 2003. [5] *See* Pub. L. No. 108-193, 117 Stat. 2875 (2003); *Griffin*, 2016 WL 7391046, at *2. However, the 2003 amendment only permitted a civil action against the "perpetrator" of the alleged trafficking. *Id*. On December 23, 2008, Congress amended the TVPRA statute and added a "financial beneficiary prong" which allows victims to recover from those who knowingly benefit, financially or otherwise, from a violation of the TVPRA. *See* Pub. L. No. 110-457, § 221, 122 Stat. 5044 (2008); *Griffin*, 2016 WL 7391046, at *2. Importantly, Congress did not give this 2008 Amendment retroactive effect. *Griffin*, 2016 WL 7391046, at *4 ("the Court finds that the financial beneficiary prong of § 1595(a), as amended, should not be applied retroactively"); *see also H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 710–11 (E.D. Mich. 2020) (the "financial benefit prong of the TVPRA does not apply retroactively to acts and omissions before its adoption"); *St. Louis v. Perlitz*, No. 3:13-cv-1132 (RNC), 2016 WL 1408076, at *3 (D. Conn. Apr. 8, 2016) (same).

Here, Plaintiffs seek to hold Separate Defendants liable under the "financial beneficiary prong" of TVPRA. (*See* Compl., ¶ 236: "Defendants had a statutory obligation not to benefit financially from a venture they knew, or should have known, to engage in violations of 18 U.S.C. §1591(a)"; *see also* Compl., ¶ 237: "Defendants have financially benefitted from the trafficking of Plaintiffs".) However, as set forth above, the allegations in the Complaint that are latest in time

---

[5] Notably, John Does 1, 2, 3, 5, & 8 all left The Lord's Ranch prior to the 2003 Amendment.

involve John Doe No. 6, who Plaintiffs allege was sent to The Lord's Ranch in 2000 and remained until 2004. (Compl., ¶ 152.)[6] Because all of the alleged wrongful conduct took place in 2004 or earlier, the later-enacted amendments to the TVPRA statute do not apply. Plaintiffs TVPRA claim fails and should be dismissed.

### B.     The Federal TVPRA Statute of Limitations Applies to This Federal Claim, Not the Arkansas Revival Statute.

Even if the 2008 TVPRA amendment did apply retroactively (which it does not), Plaintiffs' claim fails as time barred. In enacting the 2008 TVPRA amendment, Congress explicitly created a statute of limitations for civil TVPRA claims. Specifically, 18 U.S.C. § 1595(c) provides: "No action may be maintained under subsection (a) unless it is commenced not later than the later of – (1) 10 years after the cause of action arose; or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense." *See Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc*., No. 10-CV-3124, 2013 WL 6816174, *12-13 (W.D. Ark. Dec. 24, 2013) (holding that the statute's ten-year statute of limitation applies to a TVPRA claim under Section 1595). Because this is a Federal Claim with a federal statute of limitations, the time limits set forth 18 U.S.C. § 1595(c) apply. The Arkansas revival statute does not, and cannot, alter the federal limitations period.

As the United States Supreme Court has stated, "[i]f Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter." *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946). The Congressional statute of limitation is "definitive." *Id.* *See also Victor Foods, Inc. v. Crossroads Economic Dev., Inc*., 977 F.2d 1224, 1227 (8th Cir. 1992) ("State tolling and savings provisions do not apply when Congress has provided a federal

---

[6] Plaintiffs also allege that John Doe 4 arrived at The Lord's Ranch around 1995/1996 and remained until around 2003/2004. (Compl., ¶ 135.) This does not change the analysis.

statute of limitations for a federal claim."); *Johnson v. City of Chico*, 725 F.Supp. 1097, 1098 (E.D. Cal. 1989) ("Where Congress has provided a statute of limitations, it governs a federal claim.").

The Arkansas Revival Statute is thus inapplicable and ineffective to alter the federal TVPRA statute of limitations. Under the TVPRA statute, Plaintiffs' TVPRA claim is time-barred. As noted above, the most recent allegations in the Complaint involve John Doe No. 6, who Plaintiffs allege was sent to The Lord's Ranch in 2000 and remained until 2004. (Compl., ¶ 152.) Ten years after John Doe's cause of action arose would be at some point in 2014. However, Plaintiffs' Complaint was not filed until 2023, more than ten years later. Plaintiffs' claim is thus untimely under the first prong of the TVPRA limitations period. Plaintiffs' claim is also untimely under the second prong, which only permits claims filed less than ten years after the purported victim reaches 18 years of age. Here Plaintiffs alleged that children ranging from 10 to 17 years of age were regularly abused. (Compl., ¶ 1.) If John Doe 6 was 10 years old when he arrived at the facility in 2000, he would have turned eighteen in 2008 and would have had to assert his TVPRA claim no later than 2018. However, this lawsuit was not filed until 2023, more than ten years later.

In sum, even if the 2008 TVPRA amendment did apply retroactively, Plaintiffs' TVPRA fails as time barred. Count Eight should be dismissed with prejudice.

## III. Plaintiffs' Improper "Collective Pleading" Requires Dismissal of All Counts Against Eighteen of the Corporate Defendants.

All claims against eighteen of the entity Defendants – all of the corporate Defendants except The Lord's Ranch – should be dismissed because Plaintiffs engage in "collective pleading" that "lumps" them all together but includes no specific allegation of wrongdoing against them. These corporate entities are separate companies, and collective pleading against them violates the federal pleading rules by failing to put them on notice as to what they are accused of doing.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a)'s pleading standard is not exacting, it requires at a minimum that each defendant "know what he or she did that is asserted to be wrongful." *Loop Lofts Apartments, LLC v. Wright Nat'l Flood Ins. Co.*, No. 4:23-CV-00699-MTS, 2023 WL 6381423, at *3 (E.D. Mo. Sept. 29, 2023*), quoting Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). This is because "liability is personal." *Loop Lofts*, 2023 WL 6381423, at *3 (quotation omitted). As a result, a complaint based on a theory of collective responsibility without supporting facts must be dismissed. *Id. See also Vance v. Am. Soc. of Composers, Authors & Publishers (ASCAP)*, 271 F.2d 204, 207 (8th Cir. 1959) (affirming dismissal of complaint that merely "lumps all the nineteen defendants together"); *Smith v. Cavalry*, No. 3:17-CV-3028, 2017 WL 3981144, at *2 (W.D. Ark. Sept. 11, 2017) ("Lumping all four Defendants together and insinuating that each committed some undefined, willful act is not enough to state a plausible cause of action for abuse of process.").

Here, Plaintiffs fail to include any particularized allegations against these entity Defendants. Most egregiously, five of these eighteen entities are only mentioned by name twice in the Complaint – *i.e.*, only in the case caption and the "NOW COME Plaintiffs" introductory list of Defendants.  (Compl., pp. 1-2.)[7] Plaintiffs' Complaint contains over 250 numbered paragraphs, *none of which* reference these five entity Defendants by name or put them on notice of what was their alleged wrongful conduct. Although the federal pleading standard is to be liberally construed, it requires more than simply naming companies in the case caption.

---

[7] These five entities are: Burklyn Corporation, Triennia Health Care, Inc., Horizon Sunrise Management, Millenia Health Care, Inc., and Regal Property Development LLC.

Plaintiffs are apparently seeking to allege liability against the eighteen companies based on their assertion that "At all relevant times, the Lord's Ranch Entities operated as if they were one single entity." (Compl., ¶ 47.) This is a bare conclusion, untethered to any actual relevant allegations of fact in the Complaint. Furthermore, Plaintiffs' own allegations contradict this conclusory assertion. According to the Complaint, six of these entities *were not formed and did not exist* until after 2004, the last year in which any of the alleged actions took place. These six entities are:

- Trinity Behavioral Health Care System (incorporated "[i]n or around 2005", Compl., ¶ 35);

- Cornerstone Treatment Center, Inc. (incorporated "[i]n or around 2006", Compl., ¶ 38);

- Trinity Dynamics, Inc. (incorporated "[i]n or around 2007", Compl., ¶ 40);

- LG Property Management, Inc. (incorporated "[i]n or around 2007", Compl., ¶ 42);

- Green Valley Asset Management, LLC (incorporated "[i]n or around 2007", Compl., ¶ 43); and

- Rolling Hills Investments, LLC (incorporated "[i]n or around 2007", Compl., ¶ 44).

Plaintiffs fail to allege any facts (because they cannot) to show how an entity that was not formed until four years after the purported last wrongful act was nevertheless operating at "all relevant times" as if they were "one single entity" with other companies, some of which also had not yet been formed.[8]

---

[8] Notably, there are three additional entities that were not formed until *after* the allegations of abuse took place: Triennia Health Care, Inc. (2006); Horizon Sunrise Management (2011), and Millenia Health Care, Inc. (2006). Plaintiff failed to plead any facts about these companies or their date of creation. *See* footnote 7 *supra*. Separate Defendants respectfully request the Court take judicial notice of these formation dates as evidenced on the publicly available Secretary of State Websites for the States of Florida and Nevada.

Because Plaintiffs' "collective pleading" fails to state plausible claims against these eighteen Defendant entities, all claims against them should be dismissed.

## CONCLUSION

For the foregoing reasons, Separate Defendants respectfully request that the Court dismiss all claims against them and grant such further relief as is just and equitable.

Respectfully submitted,

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By:  /s/ Michael J. Scotti
Michael J. Scotti, III
*Pro Hac Vice*

-   AND   -

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas  72758
Direct:  (479) 464-5670
Facsimile:  (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By:
Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

16