**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **John Does 1-8, 9-16, 19-30, John Does 101-113, and Jane Does 101-109** | ) | |
| | ) | **Civil Action No.: 3:23-cv-230-DPM** |
| **Plaintiffs,** | ) | **(Lead Consolidated Complaint)** |
| | ) | |
| **v.** | ) | **Consolidated Complaints per Court** |
| | ) | **Order: Case No. 3:23-cv-230-DPM;** |
| **Emmet A. Presley, et. al.** | ) | **Case No. 3:24-cv-3-DPM; Case No.** |
| | ) | **3:24-cv-12-DPM; Case No. 3:24-cv-** |
| **Defendants.** | ) | **13-DPM; Case No. 3:24-cv-14-DPM** |
| | ) | |

**PLAINTIFFS' BRIEF REGARDING THE JURISDICTIONAL EFFECTS OF THE DISMISSAL OF THE FEDERAL CLAIMS**

1. This cause is the consolidation of five separate lawsuits: *John Does 1-8 v. Emmett A. Presley, et al.* (Case No. 3:23-cv-230-DPM), *John Does 9-16 v. Emmett A. Presley, et al*. (Case No. 3:24-cv-00003-DPM), *John Does 17-30 v. Emmett A. Presley, et al.* (Case No. 3:24-cv-12-DPM), *John and Jane Does 101-107 v. Emmett A. Presley, et al.* (Case No. 3:24-cv-14-DPM), and *John and Jane Does 108-113 v. Emmett A. Presley, et al.* (Case No. 3:24-cv-13-DPM), consolidated March 5, 2024. (**ECF 44**).

2. On August 14, 2024, this Honorable Court ordered Plaintiffs to submit a brief addressing three related issues: (1) their right to voluntarily dismiss their Federal claims, (2) the jurisdictional effects of doing so, and (3) any proposed amendments to the Complaint. (**ECF 94**).

**Voluntary Dismissal of Federal Claims**

3. Plaintiffs seek to abandon these their federal claims. It is within this Honorable Court's discretion to grant voluntary dismissal of Plaintiffs' federal claims without prejudice. The

federal causes of action at issue are as follows: Count 8, claims pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"); and Count 9, claims pursuant to Title IX.

4. "An action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" after an answer has been filed. Fed. R. Civ. P. 41(a)(2). Whether to grant a motion to dismiss without prejudice is within the Court's informed discretion. *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1999). "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

5. Courts look to the following factors in determining whether voluntary dismissal unfairly prejudices a defendant: (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) an insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant. *Beaver v. Bretherick*, 227 F. App'x 518, 520 (8th Cir. 2007) (citing *Paulucci*, 826 F.2d at 782).

6. Here, the Court should grant dismissal of the federal claims without prejudice because Defendants will not be unfairly prejudiced. The parties have not yet begun discovery, much less expended significant time and resources preparing for trial. The Plaintiffs have not engaged in any delay in prosecuting this action – there has not yet been a Rule 26 Conference or entry of a scheduling order. And Defendants have not filed a Motion for Summary Judgment.

7. That leaves the third factor – explanation of need to take a dismissal. With regards to the TVPRA claims, Plaintiffs are forced to agree with the well-reasoned argument made by Defendants in their Motion to Dismiss concerning the "commercial sex act" requirement of

TVPRA claims. Plaintiffs believe they currently have inadequate facts to fully support a TVPRA claim that meets the "commercial sex act" requirement. While it is not out of the realm of possibility that such facts may arise during discovery, Plaintiffs similarly agree to concede this claim. Plaintiffs similarly agree to concede their Title IX claims rather than expend the parties' efforts and resources (as well as this Honorable Court's time) to litigate whether the Justice for Vulnerable Victims of Sexual Abuse Act ("the Revival Act") applied to said claims in the same way it does to the Arkansas State causes of action. Neither the TVPRA claims, nor the Title IX claims are necessary to Plaintiffs' success in this case.

8. The Court is well within its discretionary powers to effectively grant dismissal without prejudice of these federal question claims via Federal Rules of Civil Procedure Rule 15 amendment of the current pleadings or Rule 41(a).

9. In any event, Plaintiffs do not wish to pursue these claims regardless of how this Honorable Court chooses to exercise its discretion.

**Jurisdictional Effects of the Dismissal of Federal Question Claims**

10. Removal of the federal question claims ostensibly removes this Honorable Court's subject matter jurisdiction in three of the five lawsuits now consolidated before it, for want of diversity, requiring that this Court decide between (1) exercising supplemental jurisdiction over those three lawsuits so that all five consolidated cases remain in federal court and (2) dismissing those three lawsuits without prejudice for lack of subject-matter jurisdiction so that they can be refiled in state court, thereby presenting a question for Plaintiffs in the two lawsuits where original diversity jurisdiction remains to either seek voluntary dismissal so they can join their fellows in state court or continue separately in federal court. Neither choice is wrong, and the Court is within the bounds of its discretion to do either.

11. Numerous Plaintiffs are residents of Arkansas. There is full diversity in *John Does 1-8 v. Emmett A. Presley, et al.* (Case No. 3:23-cv-230-DPM) and *John Does 9-16 v. Emmett A. Presley, et al*. (Case No. 3:24-cv-00003-DPM), as none of the Plaintiffs in these cases reside in Arkansas. This is not so for the others. There are currently two Arkansas resident Plaintiffs in *John Does 17-30 v. Emmett A. Presley, et al.* (Case No. 3:24-cv-12-DPM); twelve Arkansas resident Plaintiffs in *John and Jane Does 101-107 v. Emmett A. Presley, et al.* (Case No. 3:24-cv-14-DPM); and one Arkansas resident Plaintiff in *John and Jane Does 108-113 v. Emmett A. Presley, et al.* (Case No. 3:24-cv-13-DPM).

12. For purposes of determining whether diversity exists, the individual cases must be addressed separately as consolidation "does not merge the suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another." *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994) (quoting *Johnson v. Manhattan Ry*., 289 U.S. 479, 496-97, 53 S. Ct. 721 (1933)); *see also United States v. Altman,* 750 F.2d 684, 695 (8th Cir.1984) (consolidated suits maintain their separate identities).

13. Where, as here, all federal claims are disposed of before trial, the district court has the discretion to exercise or refuse to exercise its pendent jurisdiction, and in making this determination the district court should consider the stage at which the federal claims were disposed of, "the difficulty of the state claim, the amount of judicial time and energy already invested in it, the amount of additional time and energy necessary for its resolution, and the availability of a state forum." *Marshall v. Green Giant Co.,* 942 F.2d 539, 549 (8th Cir. 1991) (quoting *Koke v. Stifel, Nicolaus & Co.*, 620 F.2d 1340, 1346 (8th Cir.1980)). Put another away, the district court should consider "judicial economy, convenience, fairness, and comity." *Zubrod v. Hoch,* 907 F.3d 568, 580 (8th Cir. 2018) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614,

98 L.Ed.2d 720 (1988)). The district court's decision will not be reversed absent abuse of discretion. *Williams v. Hobbs,* 658 F.3d 842, 852–53 (8th Cir. 2011).

14. In most cases where the federal claims are dismissed early on, "the balance of factors to be considered under the pendent jurisdiction doctrine ...will point toward declining to exercise jurisdiction over the remaining state-law claims," particularly where there is no factor present distinguishing it from what might be referred to as "the usual case." *Zubrod v. Hoch,* 907 F.3d 568, 580 (8th Cir. 2018).

15. Here, we have the consolidation factor. Whether that factor warrants this Court's exercise of supplemental jurisdiction over the three individual cases lacking complete diversity is not clear. At least one district court within the 8th Circuit has chosen to exercise pendant jurisdiction in such a situation.

16. In *Abdel-Ghani v. Target Corp.,* Not Reported in F.Supp.3d, 2015 WL 1292568 (2015), the United States District Court for the District of Minnesota found that the matters of consolidation and supplemental jurisdiction went "hand in hand." *Id*., at 6. In *Target*, where the pro se plaintiff filed two separate lawsuits in state court, one against Target and one against a company called Marketsource, Inc., based on common facts and containing identical claims, the two cases were removed to federal court. Removal was proper for Marketsource, Inc. based on original diversity jurisdiction and original subject matter jurisdiction, as the plaintiff's original complaint alleged violations of federal employment laws. Removal was proper as to Target based only on this same original subject matter jurisdiction, as both Target and plaintiff were residents of Minnesota. The plaintiff, seeking to have the cases remanded *back* to state court, voluntarily dismissed his federal claims in both cases, and argued the case against Target must be remanded back to state court because of lack of diversity. The District Court refused to do this, however,

and, instead, chose to consolidate the two lawsuits and exercise supplemental jurisdiction over the case against Target:

> The matters of consolidation and supplemental jurisdiction in this case go hand in hand. The determination as to whether supplemental jurisdiction should be exercised entails a balancing of interests of judicial economy, convenience, fairness, and comity. *Armstrong v. Am. Pallet Leasing Inc.*, 678 F.Supp.2d 827, 848 (N.D.Iowa 2009). Also, 28 U.S.C. § 1367(c)(3) grants district courts the discretionary power to exercise or decline jurisdiction where the federal claim has been dismissed and only state law claims remain. *Gifford v. Target Corp.*, Civ. No. 10–2049 ADM/ LIB (Order, Doc. No. 36.) In this instance it is apparent to this Court that the MarketSource and Target cases involve the same employment situation. It is the same plaintiff in both actions and it can be gleaned from the pleadings that there are witnesses common to both cases. There would undoubtedly be duplicate depositions of Plaintiff and others, as well as redundant written discovery, that would be averted by consolidation. Moreover, Plaintiff has put forth allegations of conspiracy between Defendants, which could entail a common defense, and consolidation would promote certain efficiencies, which would likely benefit Plaintiff as well as Defendants. Finally, interests of judicial economy would be greatly promoted by consolidating these cases into a single proceeding, thereby avoiding duplication of judicial efforts in state and federal courts. The worst outcome would be having the MarketSource case proceed in this Court, which of course it must because diversity of citizenship is present, while the Target case, based on the same facts and circumstances, proceeds in state court. Consolidation of these cases and exercise of supplemental jurisdiction in the Target action are warranted under these circumstances.

*Id*.

17. Frankly, the questions come down to what the Court prefers to do.

**Proposed Amendments to the Complaint**

18. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides the Court with discretion to allow the Plaintiffs leave to amend their Complaint and states that leave should be freely given when justice so requires.

19. Plaintiffs seek leave to amend the Consolidated Complaint to remove the federal claims. And, should this Honorable Court choose to exercise supplemental jurisdiction, Plaintiffs further seek leave to amend the Consolidated Complaint to allege facts supporting the timeliness of *certain* Plaintiffs' remaining claims under Arkansas's delayed discovery statute, codified at Ark. Code Ann. § 16-56-130.

20. This special statute of limitations for victims of childhood sexual abuse, commonly referred to as a "delayed discovery statute," was enacted and became effective August 13, 1993. A.C.A. § 16-56-130 provides a victim of childhood sexual abuse three years to bring suit from when the victim "discovers the ***effect*** of the injury or condition attributable to the childhood sexual abuse" [emphasis added]. See *Doe v. Cabot, Arkansas School District, et al.*, 2022 WL 242849 (E.D. Ark).

21. A threshold requirement for use is that a plaintiff must not have reached the age of twenty-one prior to the law's effective date of August 13, 1993. This is discussed in *Miller v. Subiaco Academy,* 386 F.Supp.2d 1025 (2005), a case referenced by defense counsel at the recent hearing in this matter. In *Miller*, with regards to the delayed discovery statute, the United States District Court for the Western District of Arkansas held *only* that it was not available to a plaintiff who reached age 21 in 1983 because that would require retroactive application to a claim previously time barred. *Miller*, at 1029. Whereas the child sexual abuse claim of any person under

the age of twenty-one on August 13, 1993 was not yet time barred, and that person would be entitled to full enjoyment of the delayed discovery statute.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant Plaintiffs leave to amend the Consolidated Complaint to remove the federal claims. And, should this Honorable Court choose to exercise supplemental jurisdiction, Plaintiffs further respectfully request this Honorable Court grant Plaintiffs leave to amend the Consolidated Complaint to allege facts supporting the timeliness of certain Plaintiffs' remaining claims under Arkansas's delayed discovery statute, codified at Ark. Code Ann. § 16-56-130.

Dated: August 30, 2024

Respectfully Submitted,

**GILLISPIE LAW FIRM**
Joshua D. Gillispie
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Phone: (501) 244-0700
Fax: (501) 244-2020
josh@gillispielawfirm.com

By: _/s/ *Joshua D. Gillispie*
Joshua D. Gillispie
*Counsel for Plaintiffs*
*John Does 1-8; 9-17; & 19-30*

**ROMANUCCI & BLANDIN, LLC**
Stephan Blandin (*Pro Hac Vice*)
Jason Friedl (*Pro Hac Vice*)
Daisy Ayllon (*Pro Hac Vice*)
321 N. Clark Street, Suite 900
Chicago, IL 60654
Phone: (312) 458-1000
Fax: (312) 458-1004
jfriedl@rblaw.net

By: */s/ Jason J. Friedl*
*Counsel for Plaintiffs*
*John Does 1-8; 9-17; & 19-30*

**PAUL BYRD LAW FIRM, PLLC**
Paul Byrd
Maryann Byrd
415 N. McKinley St., Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
Paul@paulbyrdlawfirm.com
maryann@paulbyrdlawfirm.com

By: */s/ Paul Byrd*
*Counsel for Plaintiffs*
*John and Jane Does 101-107*

**STINAR GOULD GRIECO & HENSLEY, PLLC**
Martin D. Gould
Parker Stinar (*Pro Hac Vice* application forthcoming)
Nicholas P. Wainwright
101 N. Wacker Dr., Ste. 100
T: (312) 748-7330
F: (313) 221-9550
Martin@sgghlaw.com
Parker@sgghlaw.com
Nicholas@sgghlaw.com

By: _/s/ *Martin D. Gould*
Martin D. Gould
*Counsel for Plaintiffs*
*John Does 7-8, 12, 101-107, 108-113; and Jane Does 101-109*

**ONDER LAW, LLC**
James G. Onder
Cynthia L. Garber
Kayla Onder (*Pro Hac Vice* application forthcoming)
110 East Lockwood
St. Louis, MO 63119
Tel: (314) 963-9000
Fax: (314) 227-7665
onder@onderlaw.com
garber@onderlaw.com
konder@onderlaw.com

By: */s/ James G. Onder*
*Counsel for Plaintiffs*
*John and Jane Does 101-107*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system which sent notification of such filing to the following:

Jay Bequette, Ark. Bar No. 87012
Phillip M. Brick, Jr., Ark. Bar No. 2009116
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Telephone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: pbrick@bbpalaw.com

*Attorneys for Separate Defendants Emmett A. Presley and Alonza Jiles*

Stuart Miller
John Alexander
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com
Michael J. Scotti
ROETZEL & ANDRESS, LPA
30 N. LaSalle Street, Suite 2800 Chicago, IL 60602
Phone: 312.580.1200
mscotti@ralaw.com
*Attorneys for Separate Defendants "Suhl Defendants"*

*/s/ Joshua Gillispie*
Attorney for Plaintiffs