**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL ROBINSON; and MAURICE COLLINS** | **PLAINTIFFS** |
| **v.**     No. 3:23-cv-230-DPM | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 9-12 &14-16; and NATHAN HARMON** | **PLAINTIFFS** |
| **v.**     No. 3:24-cv-3-DPM | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 19-24 & 29-30** | **PLAINTIFFS** |
| **v.**     No. 3:24-cv-12-DPM | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 103, 105, 107 – 113, 120-123; and JANE DOES 103, 109, 120, & 121** | **PLAINTIFFS** |
| **v.**     No. 3:25-cv-197-DPM | |
| **EMMETT PRESLEY, *et al.*** | **DEFENDANTS** |

## SEPARATE DEFENDANTS' MOTION TO DISMISS ALL CLAIMS

Separate Defendants Theodore E. Suhl, Individually and d/b/a Maxus, Inc. d/b/a Arkansas Counseling Associates Incorporated d/b/a Trinity Behavioral Healthcare Systems, Inc. d/b/a The Lord's Ranch; Maxus, Inc. Individually and d/b/a The Lord's Ranch; Trinity Behavioral Health Care System, Incorporated, Individually and d/b/a The Lord's Ranch; The Lord's Ranch Christian Boy's Home, Inc.; The Lord's Ranch Christian Center And Children's Rehabilitation Unit; The Lord's Ranch Psychiatric Unit, Inc.; Christian International Medical Sciences Foundation, Inc.;

Cornerstone Treatment Center, Inc.; Burklyn Corporation; Good Samaritan Rehabilitation Center, Inc.; Warm Springs Christian Center, Inc.; Trinity Dynamics, Incorporated; The Lord's Ranch Behavioral Healthcare System, Incorporated; Triennia Health Care, Inc.; Horizon Sunrise Management; Millenia Health Care, Inc.; LG Property Management, Incorporated; Green Valley Asset Management, LLC; Rolling Hills Investments, LLC; Regal Property Developments, LLC; and Shirley Suhl (collectively, "Separate Defendants"), by and through their undersigned counsel, respectfully request that the Court dismiss all claims against them in Plaintiffs' New Complaint (No. 3:25-cv-197-DPM) and state as follows:[1]

1.    On September 18, 2025 Plaintiffs filed their New Complaint (No. 3:25-cv-197-DPM) alleging nine of action against Defendants: Negligent Supervision (Count One); Negligent Retention (Count Two); Negligence (Count Three); Negligent Patient Care (Count Four); Vicarious Liability for Negligence or Otherwise Tortious Acts (Count Five); Tort of Outrage (Count Six); Sexual Battery (Count Seven); Civil Action by Crime Victim (Count Eight); Joint Venture Liability (Count Nine). [Doc. 1].

2.    On December 12, 2025, the Court granted the Parties joint motion to consolidate with the pending lawsuit.  ([Doc. 151], ¶ 1)

3.    Plaintiffs new Complaint adds seventeen (17) additional Plaintiffs to Consolidated Complaint.  *See* [Doc. 1].  The New Complaint brought back seven (7) out of eight (8) Plaintiffs dismissed from a prior case in the Consolidated Complaint.[2]  It also brought back four (4) out of

---

[1] This Motion is brought on behalf of all Defendants except for: (1) individual Defendants Emmet A. Presley, Alonza Jiles, and Tyree Davis; and (2) corporate Defendant LG Property Management, Incorporated. These Defendants are not represented by the undersigned counsel.

[2] Case No. 3:24-cv-13-DPM (JD 108 – 113) and Jane Doe 109.

fourteen (14) Plaintiffs dismissed from another case in the Consolidated Complaint.[3] It further includes six (6) new Plaintiffs.[4]

4.    The new Complaint tracks the pending Consolidated Complaint with the same causes of action and almost identical allegations.

5.    As such, Defendants agree with the Court's wisdom permitting them to incorporate pending briefs and arguments in order to promote efficiency. *See* [Doc. 151].

6.    Separate Defendants assert and incorporate their pending Motion to Dismiss and Brief in Support, including all legal authority and argument. *See* [Docs. 133 & 134].

7.    One unique issue is that a new Plaintiff, John Doe 120, is barred under any limitation period due to his age. He turned 21 prior to the enactment of the Delayed Discovery Act. As such, the Delayed Discovery Act is inapplicable to John Doe 120's claims. *Barre v. Hoffman*, 2009 Ark. 373, 326 S.W.3d 415, 418 (2009); *see also Miller v. Subiaco Acad.*, 386 F. Supp. 2d 1025, 1028 (W.D. Ark. 2005).

8.    Attached to this Motion are the following Exhibits:

  **Exhibit 1:**  **Letter Disclosing Ages of Six New Plaintiffs**

9.    A Brief in Support is being filed contemporaneously herewith and is incorporated herein by reference.

WHEREFORE, for the foregoing reasons, the Separate Defendants respectfully request that the Court grant their Motion, dismiss all claims against them and grant such further relief as is just and equitable.

---

[3] Case No. 3:24-cv-14-DPM (JD 103, 105, & 107) and Jane Doe 103

[4] John Does 120-123 & Jane Does 120-121.

Respectfully submitted,

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: /s/ Michael J. Scotti
Michael J. Scotti, III
*Pro Hac Vice*

-   AND   -

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____
Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*