UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL
ROBINSON; and MAURICE COLLINS
    PLAINTIFFS

v.    No. 3:23-cv-230-DPM

EMMETT PRESLEY, et al.    DEFENDANTS

JOHN DOES 9-12 &14-16; and
NATHAN HARMON    PLAINTIFFS

v.    No. 3:24-cv-3-DPM

EMMETT PRESLEY, et al.    DEFENDANTS

JOHN DOES 19-24 & 29-30    PLAINTIFFS

v.    No. 3:24-cv-12-DPM

EMMETT PRESLEY, et al.    DEFENDANTS

JOHN DOES 103, 105, 107 – 113, 120-123; and
JANE DOES 103, 109, 120, & 121    PLAINTIFFS

v.    No. 3:25-cv-197-DPM

EMMETT PRESLEY, et al.    DEFENDANTS

### PLAINTIFF JOHN DOE 120'S MOTION TO VOLUNTARILY DISMISS ALL CLAIMS

Pursuant to FRCP 41(a)(2), Plaintiff John Doe 120 seeks to dismiss all claims he has brought, individually, **without prejudice**.

1

## I.     INTRODUCTION

1. Plaintiff John Doe 120, along with sixteen other Plaintiffs, filed a complaint in this matter on September 18, 2025.

2. On December 23, 2025, Separate Defendants filed a Motion to Dismiss All Claims arguing, among other things, a specific statute of limitations defense regarding John Doe 120. [Doc. 158]

3. John Doe 120 has determined that requesting voluntary dismissal without prejudice is appropriate at this time.

## II.    LEGAL STANDARD

4. Federal Rule of Civil Procedure 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

5. "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

6. When considering whether to allow a voluntary dismissal, a district court should consider:

> whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum.

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir.2011) (quoting *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.,* 187 F.3d 941, 950 (8th Cir.1999)).

### III.   ARGUMENT

7. Voluntary dismissal without prejudice is appropriate here, as no Defendant will suffer substantial prejudice.

8. To date, Defendants have incurred only minimal expenses relating to John Doe 120, as his claims are comparable to the many other Plaintiffs in these consolidated cases.

### IV.   EFFECT ON REMAINING PLAINTIFFS AND CLAIMS

9. This Motion pertains solely to John Doe 120. All claims asserted by the remaining Plaintiffs in Case No. 3:25-cv-197-DPM and the consolidated cases shall remain pending and are unaffected by this Motion.

10. Dismissal of John Doe 120's claims will simplify the issues before the Court and promote judicial efficiency by removing a plaintiff whose claims present a specific argument over a statute of limitations issue not shared by other Plaintiffs.

### V.   CONCLUSION

**WHEREFORE,** Plaintiff John Doe 120 respectfully requests that this Court enter an order Dismissing all claims asserted by John Doe 120 against all Defendants **without prejudice.**

Dated: January 26, 2026                                           Respectfully submitted,

                                                                              */s/ Nicholas P. Wainwright*

**GOULD GRIECO & HENSLEY, PLLC**
Martin D. Gould
Nicholas P. Wainwright
101 N. Wacker Drive | Floor M | Suite 100
Chicago, Illinois 60606
Phone: (312) 728-7444
Fax: (312) 221-9550
Email: nicholas@GGHLaw.com

**PAUL BYRD LAW FIRM, PLLC**
Paul Byrd
Maryann Byrd
415 N. McKinley St., Suite 210
Little Rock, AR 72205
Phone: (501) 420-3050
Fax: (501) 420-3128
Paul@paulbyrdlawfirm.com
maryann@paulbyrdlawfirm.com

By: */s/ Paul Byrd*
*Counsel for Plaintiffs*
    *John and Jane Does 101-107*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the Court's ECF system which sent notification of such filing to the following:

Jay Bequette, Ark. Bar No. 87012
Phillip M. Brick, Jr., Ark. Bar No. 2009116
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Telephone: (501) 374-1107
Fax: (501) 374-5092
Email: jbequette@bbpalaw.com
Email: pbrick@bbpalaw.com

*Attorneys for Separate Defendants Emmett A. Presley and Alonza Jiles*

Stuart Miller
John Alexander
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com


Michael J. Scotti
ROETZEL & ANDRESS, LPA
30 N. LaSalle Street, Suite 2800 Chicago, IL 60602
Phone: 312.580.1200
mscotti@ralaw.com

*Attorneys for Separate Defendants "Suhl Defendants"*

                                                 Respectfully submitted,

                                                 */s/ Nicholas P. Wainwright*
                                                 Attorney for Plaintiffs