**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOHN DOES 110, 111, 121, 123; and**
**JANE DOE 109**                                                    **PLAINTIFFS**

**v.**                                    **No. 3:25-cv-197-DPM**

**EMMETT PRESLEY, *et al.***                                        **DEFENDANTS**

**SEPARATE DEFENDANTS'**
**ANSWER TO PLAINTIFFS' COMPLAINT**

COME NOW, Defendants Theodore E. Suhl, Maxus, Inc., Arkansas Counseling Associates Incorporated, Trinity Behavioral Health Care System, Incorporated, The Lord's Ranch Christian Boy's Home, Inc., The Lord's Ranch Christian Center and Children's Rehabilitation Unit, The Lord's Ranch Psychiatric Unit, Inc., Christian International Medical Sciences Foundation, Inc., Cornerstone Treatment Center, Inc., Burklyn Corporation, Good Samaritan Rehabilitation Center, Inc., Warm Springs Christian Center, Inc., Trinity Dynamics, Incorporated, The Lord's Ranch Behavioral Healthcare System, Incorporated, Triennia Health Care, Inc., Horizon Sunrise Management, Millenia Health Care, Inc., Green Valley Asset Management, LLC, Rolling Hills Investments, LLC, Regal Property Development LLC, and Shirley Suhl (collectively, "Separate Defendants") by and through their undersigned counsel, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for their Answer to Plaintiffs' Complaint states:

1.      Separate Defendants deny the allegations contained in Paragraph No. 1 of Plaintiffs' Complaint.

2.      Separate Defendants deny the allegations contained in Paragraph No. 2 of Plaintiffs' Complaint.

1

3.      Paragraph No. 3 of Plaintiffs' Complaint contains a statement of law and request for relief, which requires no response from Separate Defendants. To the extent a response is required, Separate Defendants deny the allegations in paragraph in Paragraph No. 3 of Plaintiffs' Complaint.

4.      Paragraph 4 is not directed at these Defendants and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants acknowledge that Plaintiffs are purporting to proceed under John and Jane Doe Pseudonyms. Any remaining allegations in paragraph 4 of Plaintiff's Complaint are denied.

5.      Separate Defendants admit the allegations in paragraph 5.  Pursuant to Court Order [Doc. 172] Plaintiffs John Does 103, 105, 107, and Jane Doe 103 have been dismissed with prejudice.

6.      Separate Defendants admit the allegations in paragraph 5.  Pursuant to Court Order [Doc. 172] Plaintiffs John Does 109, 109, 112, and 113 have been dismissed with prejudice.

7.      Separate Defendants admits the allegations in Paragraph No. 7 of Plaintiffs' Complaint.

8.      Separate Defendants admits the allegations in Paragraph No. 8 of Plaintiffs' Complaint.

9.      Pursuant to Court Order [Doc. 172], John Doe 103 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 9 of Plaintiffs' Complaint.

10.      Pursuant to Court Order [Doc. 172], John Doe 105 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 10 of Plaintiffs' Complaint.

11.     Pursuant to Court Order [Doc. 172], John Doe 107 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 11 of Plaintiffs' Complaint.

12.     Pursuant to Court Order [Doc. 172], John Doe 108 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 12 of Plaintiffs' Complaint.

13.     Pursuant to Court Order [Doc. 172], John Doe 109 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 13 of Plaintiffs' Complaint.

14.     Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 14 of Plaintiffs' Complaint, and therefore deny them.

15.     Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 15 of Plaintiffs' Complaint, and therefore deny them.

16.     Pursuant to Court Order [Doc. 172], John Doe 112 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 16 of Plaintiffs' Complaint.

17.     Pursuant to Court Order [Doc. 172], John Doe 113 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 17 of Plaintiffs' Complaint.

18.     Pursuant to Court Order [Doc. 172], Jane Doe 103 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 18 of Plaintiffs' Complaint.

19.     Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 19 of Plaintiffs' Complaint and therefore deny them.

20.     Separate Defendants admits the allegations in Paragraph No. 20 of Plaintiffs' Complaint.  Pursuant to Court Order [Dox. 172] Plaintiffs John Doe 120, 122 and Jane Does 120-121 are dismissed with prejudice.

21.     Pursuant to Court Order [Doc. 172], John Doe 120 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 21 of Plaintiffs' Complaint.

22.     Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 22 of Plaintiffs' Complaint and therefore deny them.

23.     Pursuant to Court Order [Doc. 172], John Doe 122 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 23 of Plaintiffs' Complaint.

24.     Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 24 of Plaintiffs' Complaint and therefore deny them.

25.     Pursuant to Court Order [Doc. 172], Jane Doe 120 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 25 of Plaintiffs' Complaint.

26.     Pursuant to Court Order [Doc. 172], Jane Doe 121 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 26 of Plaintiffs' Complaint.

27.     Separate Defendant Shirley Suhl admits that Bud Suhl founded The Lord's Ranch. The remaining Separate Defendants, not specifically identified in this responsive paragraph, state

they are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 27 of Plaintiffs' Complaint and, therefore, deny the allegations.

28.    Separate Defendants lack sufficient knowledge to admit or deny the allegation specifying the precise year it obtained licensing, so out of an abundance of caution deny the allegations Paragraph No. 28 of Plaintiffs' Complaint.

29.    Separate Defendants deny the allegations in paragraph 29 only to the extent it is inconsistent with its actual licensing or business practices during the undefined "relevant time" as alleged in Paragraph No. 29.

30.    Separate Defendants admit only that The Lord's Ranch operated out of the State of Arkansas.  Separate Defendants deny any remaining allegations to the extent inconsistent with the actual location and acreage.

31.    Separate Defendants deny the allegations in Paragraph No. 31 of Plaintiffs' Complaint.

32.    Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 32 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

33.    Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 33 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

34.    Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 34 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

35.     Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 35 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

36.     Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 36 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

37.     Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 32 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

38.     Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 38 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

39.     Separate Defendants generally admit Paragraph No. 39 to the extent it is intended to reflect that Separate Defendant, Maxus, Inc., is licensed within the State of Arkansas to do business. Separate Defendants affirmatively state that the filings with the Arkansas Secretary of State speak for themselves and deny any remaining allegations inconsistent with those records or its actual business practices.

40.     Separate Defendants admit that Maxus provided services in Arkansas.  Separate Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph No. 40 of Plaintiffs' Complaint and therefore deny them.

41.     Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 41 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

42.    Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 41 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

43.    Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 43 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

44.    Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 44 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

45.    Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 45 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

46.    Separate Defendants state that the licensure records contained at the Arkansas Department of Health or Arkansas Department of Human Services speak for themselves and deny any allegations contained in Paragraph No. 46 of Plaintiffs' Third Amended Consolidated Complaint that are inconsistent with the above referenced records or its actual business practices.

47.    Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 47 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

48.    Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 48 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

49. Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 49 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

50. Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 50 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

51. Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 51 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

52. Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 52 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

53. Separate Defendants state that the records contained at the Arkansas Secretary of State's office speak for themselves and deny any allegations contained in Paragraph No. 53 of Plaintiffs' Complaint that are inconsistent with the above referenced records.

54. Separate Defendants deny the allegations in Paragraph No. 54 of Plaintiffs' Complaint as written.

55. Separate Defendants deny the allegations in paragraph 55 of Plaintiffs' Complaint.

56. Separate Defendants deny the allegations in paragraph 56 of Plaintiffs' Complaint.

57. Separate Defendants deny the allegations in paragraph 57 of Plaintiffs' Complaint.

58. Separate Defendants deny the allegations in paragraph 58 of Plaintiffs' Complaint.

59.     Separate Defendants admit that Bud Suhl was the executive director of the Lord's Ranch as alleged in Paragraph No. 59.  Separate Defendants deny the remaining allegations in Paragraph No. 59 of Plaintiffs' Complaint as written.

60.     Separate Defendants deny the allegations in Paragraph No. 60 of Plaintiffs' Complaint.

61.     Separate Defendants deny the allegations in Paragraph No. 61 of Plaintiffs' Complaint.

62.     Separate Defendants deny the allegations contained in Paragraph No. 62 of Plaintiffs' Complaint.

63.     Paragraph No. 63 of Plaintiffs' Complaint is not directed at these Defendants, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants deny the allegations as written.

64.     Paragraph No. 64 of Plaintiffs' Complaint is not directed at these Defendants, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants deny the allegations as written.

65.     Paragraph No. 65 of Plaintiffs' Complaint is not directed at these Defendants, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants deny the allegations as written.

66.     Paragraph No. 66 of Plaintiffs' Complaint is not directed at these Defendants, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants lack sufficient knowledge to admit or deny the allegations and therefore deny them.

67.    Paragraph No. 67 of Plaintiffs' Complaint is not directed at these Defendants, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants deny the allegations as written.

68.    Paragraph No. 68 of Plaintiffs' Complaint is not directed at these Defendants, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants deny lack sufficient knowledge or information to admit or deny the allegations and therefore deny them.

69.    Paragraph No. 69 of Plaintiffs' Complaint is not directed at these Defendants, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants deny the allegations as written.

70.    Paragraph No. 70 of Plaintiffs' Complaint is not directed at these Defendants, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants deny the allegations.

71.    Paragraph No. 71 of Plaintiffs' Complaint is not directed at these Defendants, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants deny the allegations.

72.    Separate Defendants deny the allegations contained in Paragraph No. 72 of Plaintiffs' Complaint.  Separate Defendants affirmatively assert that this is an improper attempt to group Defendants as if one single entity/individual and object to it as improper collective pleading.

73.    Paragraph No. 73 of Plaintiffs' Complaint contains a conclusion of law, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants admit the Court has jurisdiction over the present case.

74.     Separate Defendants state Plaintiffs have dismissed their Title IX claims, and this paragraph is no longer applicable.  Separate Defendants deny any remaining allegations in paragraph 74 of Plaintiffs' Complaint.

75.     Separate Defendants state Plaintiffs have dismissed their Federal claims, and this paragraph is no longer applicable.  Separate Defendants deny any remaining allegations in paragraph 75 of Plaintiffs' Complaint.

76.     Separate Defendants state Plaintiffs have dismissed their TVPRA claim and this paragraph is not longer applicable.  Separate Defendants deny any remaining allegations in paragraph 76 of Plaintiffs' Complaint.

77.     Separate Defendants affirmatively assert that Plaintiffs have dismissed their Federal claims and the Court is exercising supplemental jurisdiction as discussed in previous Court Orders. Separate Defendants deny any remaining allegations in Paragraph No. 77 of Plaintiffs' Complaint.

78.     Separate Defendants admit only that Venue is presently proper before the Court based on prior briefing and Court Orders.  Defendants deny any remaining allegations in Paragraph 78 of Plaintiffs' Complaint.

79.     Separate Defendants deny the allegations in Paragraph No. 79 of Plaintiffs' Complaint. Separate Defendants affirmatively assert that the lookback provision of this Statute was declared unconstitutional and Plaintiffs claims are not timely.

80.     Separate Defendants deny Plaintiffs' allegations that their claims are applicable or timely as alleged in paragraph 80 of Plaintiffs' Complaint.   Paragraph No. 80 of Plaintiffs' Complaint states a conclusion of law, and a response is neither necessary nor required.  To the extent a response is required, Separate Defendants deny the allegations related to the delayed

discovery act to the extent it is inconsistent with the actual statute or applicable Arkansas or Federal law.  Separate Defendants deny any remaining allegations in paragraph 80 of Plaintiffs' Complaint.

81.    Pursuant to Court Order [Doc. 172], Jane Doe 103 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 81 and its subparts, a through h, of Plaintiffs' Complaint.

82.    Pursuant to Court Order [Doc. 172], John Doe 103 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 82, and its subparts a through h, of Plaintiffs' Complaint.

83.    Pursuant to Court Order [Doc. 172], John Doe 105 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 83, and its subparts a through h, of Plaintiffs' Complaint.

84.    Pursuant to Court Order [Doc. 172], John Doe 107 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 84, and its subparts a through h, of Plaintiffs' Complaint.

85.    Separate Defendants deny the allegations contained in Paragraph No. 85, and its subparts a through h, of Plaintiffs' Complaint.

86.    Pursuant to Court Order [Doc. 172], John Doe 108 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate

Defendants deny the allegations contained in Paragraph No. 86, and its subparts a through h, of Plaintiffs' Complaint.

87.    Pursuant to Court Order [Doc. 172], John Doe 109 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 87, and its subparts a through h, of Plaintiffs' Complaint.

88.    Separate Defendants deny the allegations in Paragraph No. 88, and its subparts a through h, of Plaintiffs' Complaint.

89.    Separate Defendants deny the allegations in Paragraph No. 89, and its subparts a through h, of Plaintiffs' Complaint.

90.    Pursuant to Court Order [Doc. 172], John Doe 112 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 90, and its subparts a through h, of Plaintiffs' Complaint.

91.    Pursuant to Court Order [Doc. 172], John Doe 113 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 91, and its subparts a through h, of Plaintiffs' Complaint.

92.    Pursuant to Court Order [Doc. 172], John Doe 120 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 92, and its subparts a through h, of Plaintiffs' Complaint.

93.     Separate Defendants deny the allegations in paragraph No. 93, and its subparts a through h, of Plaintiffs' Complaint.

94.     Pursuant to Court Order [Doc. 172], John Doe 122 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 94, and its subparts a through h, of Plaintiffs' Complaint.

95.     Separate Defendants deny the allegations in paragraph No. 95, and its subparts a through h, of Plaintiffs' Complaint.

96.     Pursuant to Court Order [Doc. 172], Jane Doe 120 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 96, and its subparts a through h, of Plaintiffs' Complaint.

97.     Pursuant to Court Order [Doc. 172], Jane Doe 121 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 97, and its subparts a through h, of Plaintiffs' Complaint.

98.     Defendants admit that Bud Suhl founded the Lord's Ranch as alleged in Paragraph No. 98 of Plaintiffs' Complaint. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations concerning the precise date it was founded and therefore deny the remaining allegations in Paragraph No. 98 of Plaintiffs' Complaint.

99.     Separate Defendants admit that the Lord's Ranch changed its name to Trinity Behavioral Health sometime around 2006 or later. However, to the extent that Paragraph No. 99 of Plaintiffs' Third Amended Consolidated Complaint refers to what "most people" continued to

describe Trinity Behavioral Health, Separate Defendants do not have sufficient information to admit or deny and, therefore, deny the same.

100.    Separate Defendants admit that Bud founded the Lord's Ranch and it was OWNED by him and his family until its closure.  Separate Defendants admit that Ted Suhl was convicted of bribery in 2016; however, to the extent Paragraph No. 100 of Plaintiffs' Complaint attempts to relate this conviction to the alleged claims and liability thereof in this present litigation, it is denied.

101.    Separate Defendants Shirely and Ted Suhl admit that they moved from California to Arkansas. Separate Defendants deny any remaining allegations contained in Paragraph No. 101 of Plaintiffs' Complaint.

102.    Separate Defendants deny the allegations in Paragraph No. 102 of Plaintiffs' Complaint.

103.    Separate Defendants deny the allegations in Paragraph No. 103 of Plaintiffs' Complaint.

104.    Separate Defendants deny the allegations in Paragraph No. 104 of Plaintiffs' Complaint.

105.    Separate Defendants deny the allegations in Paragraph No. 105 of Plaintiffs' Complaint.

106.    Separate Defendants deny the allegations in Paragraph No. 106 of Plaintiffs' Complaint.

107.    Separate Defendants deny the allegations in Paragraph No. 107 of Plaintiffs' Complaint.

108.    Separate Defendants deny the allegations in Paragraph No. 108 of Plaintiffs' Complaint.

109.     Separate Defendants deny the allegations in Paragraph No. 109 of Plaintiffs' Complaint.

110.     Separate Defendants deny the allegations in Paragraph No. 110 of Plaintiffs' Complaint.

111.     Separate Defendants deny the allegations in Paragraph No. 111 of Plaintiffs' Complaint.

112.     Separate Defendants deny the allegations in Paragraph No. 112 of Plaintiffs' Complaint.

113.     Separate Defendants deny the allegations in Paragraph No. 113 of Plaintiffs' Complaint.

114.     Separate Defendants deny the allegations in Paragraph No. 114 of Plaintiffs' Complaint.

115.     Separate Defendants deny the allegations in Paragraph No. 115 of Plaintiffs' Complaint.

116.     Separate Defendants deny the allegations in Paragraph No. 116 of Plaintiffs' Complaint.

117.     Separate Defendants deny the allegations in Paragraph No. 117 of Plaintiffs' Complaint.

118.     Separate Defendants deny the allegations in Paragraph No. 118 of Plaintiffs' Complaint.

119.     Separate Defendants deny the allegations in Paragraph No. 119 of Plaintiffs' Complaint.

120.    Separate Defendants deny the allegations in Paragraph No. 120 of Plaintiffs' Complaint.

121.    Separate Defendants deny the allegations in Paragraph No. 121 of Plaintiffs' Complaint.

122.    Separate Defendants admit that Ted Suhl was appointed to the Arkansas Child Welfare Agency Review Board in 2000 and 2004; however, to the extent Paragraph No. 122 of Plaintiffs' Complaint attempts to relate this appointment to the alleged claims and liability thereof in this present litigation, it is denied.  Any remaining allegations in paragraph 122 are denied.

123.    Separate Defendants lack sufficient knowledge or information to admit or deny certain allegations regarding the Arkansas Child Welfare Agency Review Board contained in Paragraph No. 123 of Plaintiffs' Complaint and, therefore, deny the same. Separate Defendants deny any remaining allegations in Paragraph No. 123 of Plaintiffs' Complaint.

124.    Separate Defendants lack sufficient knowledge or information to admit or deny certain allegations contained within Paragraph No. 124 of Plaintiffs' Complaint and therefore deny them.

125.    Separate Defendant denies the allegations in Paragraph No. 125 of Plaintiffs' Complaint.

126.    Separate Defendants lack sufficient knowledge or information to admit or deny certain allegations contained within Paragraph No. 126 of Plaintiffs' Complaint and therefore deny them.

127.    Separate Defendants lack sufficient knowledge or information to admit or deny certain allegations contained within Paragraph No. 127 of Plaintiffs' Complaint and therefore deny them.

128.     Separate Defendants lack sufficient knowledge or information to admit or deny certain allegations contained within Paragraph No. 128 of Plaintiffs' Complaint and therefore deny them.

129.     Separate Defendants lack sufficient knowledge or information to admit or deny certain allegations contained within Paragraph No. 129 of Plaintiffs' Complaint and therefore deny them.

130.     Separate Defendants lack sufficient knowledge or information to admit or deny certain allegations contained within Paragraph No. 130 of Plaintiffs' Complaint and therefore deny them.

131.     Separate Defendants lack sufficient knowledge or information to admit or deny certain allegations contained within Paragraph No. 131 of Plaintiffs' Complaint and therefore deny them.

132.     Separate Defendants admit only that it worked with multiple states.    Separate Defendants lack sufficient knowledge or information to admit or deny the broad and vague allegations contained within Paragraph No. 132 of Plaintiffs' Complaint and therefore deny them.

133.     Separate Defendants affirmatively state that the Lord's Ranch website speaks for itself.  Separate defendants deny any allegations in Paragraph No. 133 of Plaintiffs' Complaint that are inconsistent with its express statements.

134.     Separate Defendants affirmatively state that the Lord's Ranch website speaks for itself.  Separate defendants deny any allegations in Paragraph No. 134, and its subparts a through b, of Plaintiffs' Complaint that are inconsistent with its express statements.

135.    Separate Defendants deny the allegations in Paragraph 135 of Plaintiffs' Complaint. Separate Defendant states its website and/or marketing materials speak for themselves and deny any allegations that are inconsistent with their express terms.

136.    Separate Defendants affirmatively state that the Lord's Ranch website speaks for itself.  Separate defendants deny any allegations in Paragraph No. 136 of Plaintiffs' Complaint that are inconsistent with its express statements.

137.    Separate Defendants deny the allegations in Paragraph No. 137 of Plaintiffs' Complaint.

138.    Separate Defendants deny the allegations in Paragraph No. 138 of Plaintiffs' Complaint.

139.    Separate Defendants deny the allegations in Paragraph No. 139 of Plaintiffs' Complaint.

140.    Separate Defendants deny the allegations in Paragraph No. 140 of Plaintiffs' Complaint.

141.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 141 of Plaintiffs' Complaint directed at a non-party; therefore, Paragraph No. 141 of Plaintiffs' Third Amended Consolidated Complaint and any allegations directed at Separate Defendants therein are denied.  Separate Defendants deny the allegations of abuse alleged in paragraph 141 of Plaintiff's Complaint.

142.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 142 of Plaintiffs' Complaint directed at a non-party. Separate Defendants state that the records from the Illinois Department of Children and Family Services speak for themselves and deny any allegations contained in Paragraph No. 142 of

Plaintiffs' Complaint that are inconsistent with their express statements. Separate Defendants deny any remaining allegations contained in Paragraph No. 142 of Plaintiffs' Complaint.

143.    Separate Defendants admit that the Lord's Ranch accepted children from Illinois. Separate Defendant lacks sufficient knowledge or information to admit or deny the specific allegations in Paragraph No. 143 of Plaintiffs' Complaint and therefore denies them.

144.    Separate Defendants admit that the Lord's Ranch accepted children from Illinois. Separate Defendant lacks sufficient knowledge or information to admit or deny the specific allegations in Paragraph No. 144 of Plaintiffs' Complaint and therefore denies them.

145.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 145 of Plaintiffs' Complaint directed at a non-party. Separate Defendants state that the records from the Arkansas Department of Human Services speak for themselves and deny any allegations contained in Paragraph No. 145 of Plaintiffs' Complaint that are inconsistent with their express statements. Separate Defendants deny any remaining allegations contained in Paragraph No. 145 of Plaintiffs' Complaint.  Separate Defendants affirmatively assert that the allegations of abuse alleged in Paragraph No. 145 are not viable claims under any theory Plaintiffs purport to be proceeding under.

146.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 146 of Plaintiffs' Complaint directed at a non-party. Separate Defendants state that the records from the Arkansas Department of Human Services speak for themselves and deny any allegations contained in Paragraph No. 145 of Plaintiffs' Complaint that are inconsistent with their express statements. Separate Defendants deny any remaining allegations contained in Paragraph No. 146 of Plaintiffs' Complaint.  Separate Defendants

20

affirmatively assert that the allegations of abuse alleged in Paragraph No. 146 are not viable claims under any theory Plaintiffs purport to be proceeding under.

147.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 147 of Plaintiffs' Complaint directed at a non-party. As such, Separate Defendants deny the allegations contained in Paragraph No. 147 of Plaintiffs' Complaint.

148.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 148 of Plaintiffs' Complaint directed at a non-party. Separate Defendants state that the records from the legislature hearing should speak for themselves and deny any allegations contained in Paragraph No. 148 of Plaintiffs' Complaint that are inconsistent with their express statements. Separate Defendants deny any remaining allegations contained in Paragraph No. 148 of Plaintiffs' Complaint but admit that Separate Defendants agree they would have disciplined staff.

149.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 149 of Plaintiffs' Complaint directed at a non-party. Separate Defendants state that the records from Alaska's Department of Health and Social Services speak for themselves and deny any allegations contained in Paragraph No. 149 of Plaintiffs' Complaint that are inconsistent with their express statements. Separate Defendants deny any remaining allegations contained in Paragraph No. 149 of Plaintiffs' Complaint.

150.    Separate Defendants deny the allegations in Paragraph No. 150 of Plaintiffs' Complaint.

151.    Separate Defendants deny the allegations in paragraph 151of Plaintiff's Complaint.

152.    Separate Defendants deny the allegations in Paragraph No. 152 of Plaintiffs' Complaint.

153.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 153 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations.

154.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 154 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations.

155.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 155 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations.  Further, to the extent Paragraph No. 155 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

156.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 156 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations.  Further, to the extent Paragraph No. 156 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

157.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 157 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations.  Further, to the extent Paragraph No. 157 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

158.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 158 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations.  Further, to the extent Paragraph No. 158 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

159.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 159 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations.  Further, to the extent Paragraph No. 159 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

160.    Separate Defendants admit that Trinity did transfer patients to other providers. Defendants lack sufficient knowledge or information to admit or deny the remaining allegations in paragraph No. 160 of Plaintiffs' Complaint and therefore deny them.

161.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph No. 161 of Plaintiffs' Complaint and therefore deny them.

162.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 162 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations.  Further, to the extent Paragraph No. 159 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

163.    Upon information and belief, Separate Defendants admit an injunction was denied in or around that time for at least one Defendant.  Separate Defendants lack sufficient knowledge

or information to admit or deny the remaining allegations in Paragraph No. 163 of Plaintiffs' Complaint and therefore deny them.

164.    Separate Defendants admit that Ted Suhl was indicted and subsequently convicted of bribery; however, to the extent Paragraph No. 164 of Plaintiffs' Complaint attempts to relate this conviction to the alleged claims and liability thereof in this present litigation, it is denied. Separate Defendants lack knowledge or information to admit or deny the remaining allegations in Paragraph No. 164 and therefore deny them.

165.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 165 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations.  Further, to the extent Paragraph No. 165 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

166.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 166 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations. Further, to the extent Paragraph No. 166 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

167.    Separate Defendants deny the allegations in Paragraph No. 167 of Plaintiffs' Complaint.

168.    Separate Defendants admit that Ted Suhl was convicted of bribery; however, to the extent Paragraph No. 168 of Plaintiffs' Complaint attempts to relate this conviction to the alleged claims and liability thereof in this present litigation, it is denied.  Separate Defendants lack

knowledge or information to admit or deny the remaining allegations in Paragraph No. 168 and therefore deny them.

169.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 169 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations. Further, to the extent Paragraph No. 169 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

170.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 170 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations. Further, to the extent Paragraph No. 170 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

171.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 171 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations. Further, to the extent Paragraph No. 171 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

172.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 172 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations. Further, to the extent Paragraph No. 172 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

173.    Separate Defendants lack sufficient knowledge or information to admit or deny the allegations contained within Paragraph No. 173 of Plaintiffs' Complaint directed at a non-party and therefore deny the allegations. Further, to the extent Paragraph No. 173 of Plaintiffs' Complaint attempts to relate Ted Suhl's conviction to the alleged claims and liability in this present litigation, it is denied.

174.    Separate Defendants admit that Ted Suhl was convicted of bribery; however, to the extent Paragraph No. 174 of Plaintiffs' Complaint attempts to relate this conviction to the alleged claims and liability thereof in this present litigation, it is denied.

175.    Separate Defendants admit the allegations in Paragraph No. 175 of Plaintiffs' Complaint; however, to the extent Paragraph No. 175 of Plaintiffs' Complaint attempts to relate this conviction to the alleged claims and liability thereof in this present litigation, it is denied.

176.    Separate Defendants admit that Ted Suhl was convicted of bribery; however, to the extent Paragraph No. 176 of Plaintiffs' Complaint attempts to relate this conviction to the alleged claims and liability thereof in this present litigation, it is denied. Separate Defendants deny the remaining allegations in Paragraph No. 176 of Plaintiffs' Complaint.

177.    Separate Defendants admit the allegations in Paragraph No. 177 of Plaintiffs' Complaint.

178.    Pursuant to Court Order [Doc. 172], John Doe 103 has been dismissed with prejudice and therefore no response is required. To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 178 of Plaintiffs' Complaint.

179.    Pursuant to Court Order [Doc. 172], John Doe 105 has been dismissed with prejudice and therefore no response is required. To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 179 of Plaintiffs' Complaint.

180.    Pursuant to Court Order [Doc. 172], John Doe 107 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 180 of Plaintiffs' Complaint.

181.    Pursuant to Court Order [Doc. 172], John Doe 108 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 181 of Plaintiffs' Complaint.

182.    Pursuant to Court Order [Doc. 172], John Doe 109 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 182 of Plaintiffs' Complaint.

183.    Separate Defendants deny the allegations contained in Paragraph No. 183 of Plaintiffs' Complaint.

184.    Separate Defendants deny the allegations contained in Paragraph No. 184 of Plaintiffs' Complaint.

185.    Pursuant to Court Order [Doc. 172], John Doe 112 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 185 of Plaintiffs' Complaint.

186.    Pursuant to Court Order [Doc. 172], John Doe 113 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 186 of Plaintiffs' Complaint.

187.     Pursuant to Court Order [Doc. 172], John Doe 120 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 187 of Plaintiffs' Complaint.

188.    Separate Defendants deny the allegations contained within Paragraph No. 188 of Plaintiffs' Complaint.

189.    Pursuant to Court Order [Doc. 172], John Doe 120 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 189 of Plaintiffs' Complaint.

190.    Separate Defendants deny the allegations contained within Paragraph No. 190 of Plaintiffs' Complaint.

191.    Pursuant to Court Order [Doc. 172], John Doe 122 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 191 of Plaintiffs' Complaint.

192.    Separate Defendants deny the allegations in Paragraph No. 192 of Plaintiffs' Complaint.

193.    Pursuant to Court Order [Doc. 172], Jane Doe 120 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 193 of Plaintiffs' Complaint

194.    Pursuant to Court Order [Doc. 172], Jane Doe 121 has been dismissed with prejudice and therefore no response is required.  To the extent a response is required, Separate Defendants deny the allegations contained in Paragraph No. 194 of Plaintiffs' Complaint

195.    Separate Defendants deny the allegations in Paragraph No. 195 of Plaintiffs' Complaint.

196.    Separate Defendants deny the allegations in Paragraph No. 196 of Plaintiffs' Complaint.

197.    Separate Defendants deny the allegations in Paragraph No. 197 of Plaintiffs' Complaint.

198.    Separate Defendants deny the allegations in Paragraph No. 198 of Plaintiffs' Complaint.

199.    Separate Defendants deny the allegations in Paragraph No. 199 of Plaintiffs' Complaint as written.

200.    Separate Defendants deny the allegations in Paragraph No. 200 of Plaintiffs' Complaint as written.

201.    Separate Defendants deny the allegations contained within Paragraph No. 201 of Plaintiffs' Complaint as written.

202.    Separate Defendants deny the allegations in Paragraph No. 202 of Plaintiffs' Complaint as written.

203.    Separate Defendants deny the allegations in Paragraph No. 203 of Plaintiffs' Complaint as written.

204.    Paragraph 204 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 204 of Plaintiffs' Complaint.

205.    Separate Defendants deny the allegations in Paragraph No. 205 of Plaintiffs' Complaint as written.

206.    Separate Defendants deny the allegations in Paragraph No. 206 of Plaintiffs' Complaint.

207.    Separate Defendants deny the allegations in Paragraph No. 207 of Plaintiffs' Complaint.

208.    Paragraph No. 208 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

209.    Paragraph 209 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 209 of Plaintiffs' Complaint.

210.    Separate Defendants deny the allegations in Paragraph No. 210 of Plaintiffs' Complaint.

211.    Separate Defendants deny the allegations in Paragraph No. 211 of Plaintiffs' Complaint.

212.    Paragraph 212 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 212 of Plaintiffs' Complaint.

213.    Separate Defendants deny the allegations in Paragraph No. 213 of Plaintiffs' Complaint.

214.    Separate Defendants deny the allegations in Paragraph No. 214 of Plaintiffs' Complaint.

215.    Separate Defendants deny the allegations in Paragraph No. 215 of Plaintiffs' Complaint.

216.    Paragraph No. 216 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

217.    Separate Defendants deny the allegations in Paragraph No. 217 of Plaintiffs' Complaint.

218.    Separate Defendants deny the allegations in Paragraph No. 218 of Plaintiffs' Complaint.

219.    Paragraph No. 219 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

220.    Paragraph 220 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 220 of Plaintiffs' Complaint.

221.    Paragraph 221 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 221 of Plaintiffs' Complaint.

222.     Paragraph 222 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 222 of Plaintiffs' Complaint.

223.     Paragraph 223 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 223 of Plaintiffs' Complaint.

224.     Paragraph 224 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 224 of Plaintiffs' Complaint.

225.     Paragraph 225 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 225 of Plaintiffs' Complaint.

226.     Paragraph 226 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law.

Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 226 of Plaintiffs' Complaint.

227.     Paragraph 227 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 227 of Plaintiffs' Complaint.

228.     Paragraph 228 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 228 of Plaintiffs' Complaint.

229.     Separate Defendants deny the allegations in Paragraph No. 229 of Plaintiffs' Complaint.

230.     Separate Defendants deny the allegations in Paragraph No. 230 of Plaintiffs' Complaint.

231.     Separate Defendants deny the allegations in Paragraph No. 231 of Plaintiffs' Complaint.

232.     Paragraph 232 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 232 of Plaintiffs' Complaint.

233.    Paragraph 233 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 233 of Plaintiffs' Complaint.

234.    Separate Defendants deny the allegations in Paragraph No. 234 of Plaintiffs' Complaint.

235.    Separate Defendants deny the allegations in Paragraph No. 235 of Plaintiffs' Complaint.

236.    Separate Defendants deny the allegations in Paragraph No. 236 of Plaintiffs' Complaint.

237.    Separate Defendants deny the allegations in Paragraph No. 237 of Plaintiffs' Complaint.

238.    Separate Defendants deny the allegations in Paragraph No. 238 of Plaintiffs' Complaint.

239.    Separate Defendants deny the allegations in Paragraph No. 239 of Plaintiffs' Complaint.

240.    Separate Defendants deny the allegations in Paragraph No. 240 of Plaintiffs' Complaint.

241.    Paragraph No. 241 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

242.    Paragraph 242 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 242 of Plaintiffs' Complaint.

243.    Paragraph 243 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 243 of Plaintiffs' Complaint.

244.    Paragraph 244 of Plaintiffs' Complaint states a conclusion of law and a response is neither necessary nor required. To the extent a response is required, Separate Defendants deny the allegations to the extent inconsistent with any actual duty owed under Arkansas or applicable law. Separate Defendants deny they breached any duty and deny the remaining allegations in Paragraph No. 244 of Plaintiffs' Complaint.

245.    Separate Defendants deny Paragraph No. 245 of Plaintiffs' Complaint as written.

246.    Separate Defendants deny Paragraph No. 246 of Plaintiffs' Complaint.

247.    Separate Defendants deny Paragraph No. 247 of Plaintiffs' Complaint.

248.    Separate Defendants deny Paragraph No. 248 of Plaintiffs' Complaint.

249.    Separate Defendants deny Paragraph No. 249 of Plaintiffs' Complaint.

250.    Paragraph No. 250 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

251.    Separate Defendants deny Paragraph No. 251 of Plaintiffs' Complaint.

252.    Separate Defendants deny Paragraph No. 252 of Plaintiffs' Complaint.

253.    Paragraph No. 253 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

254.    Separate Defendants deny Paragraph No. 254 of Plaintiffs' Complaint.

255.    Separate Defendants deny Paragraph No. 255 of Plaintiffs' Complaint.

256.    Separate Defendants deny Paragraph No. 256 of Plaintiffs' Complaint.

257.    Separate Defendants deny Paragraph No. 257 of Plaintiffs' Complaint.

258.    Paragraph No. 208 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

259.    Separate Defendants deny Paragraph No. 259 of Plaintiffs' Complaint.

260.    Separate Defendants deny Paragraph No. 260 of Plaintiffs' Complaint.

261.    Separate Defendants deny Paragraph No. 261 of Plaintiffs' Complaint.

262.    Separate Defendants deny Paragraph No. 262 of Plaintiffs' Complaint.

263.    Separate Defendants deny Paragraph No. 263 of Plaintiffs' Complaint.

264.    Separate Defendants deny Paragraph No. 264 of Plaintiffs' Complaint.

265.    Separate Defendants deny Paragraph No. 265 of Plaintiffs' Complaint.

266.    Paragraph No. 266 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

267.    Separate Defendants deny Paragraph No. 267 of Plaintiffs' Complaint as it relates to them.

268.    Separate Defendants deny Paragraph No. 268 of Plaintiffs' Complaint.

269.    Separate Defendants deny Paragraph No. 269 of Plaintiffs' Complaint.

270.    Separate Defendants deny Paragraph No. 270 of Plaintiffs' Complaint.

271.    Paragraph No. 271 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

272.    Separate Defendants deny Paragraph No. 272 of Plaintiffs' Complaint.

273.    Separate Defendants deny Paragraph No. 273 of Plaintiffs' Complaint.

274.    Separate Defendants state the records on file with the Arkansas Secretary of State speak for themselves and deny all allegations in deny Paragraph No. 274 of Plaintiffs' Complaint that are inconsistent with the aforementioned records.

275.    Separate Defendants deny Paragraph No. 275 of Plaintiffs' Complaint.

276.    Separate Defendants deny Paragraph No. 276 of Plaintiffs' Complaint.

277.    Separate Defendants deny Paragraph No. 277 of Plaintiffs' Complaint.

278.    Separate Defendants deny Paragraph No. 278 of Plaintiffs' Complaint.

279.    Separate Defendants deny Paragraph No. 279 of Plaintiffs' Complaint.

280.    Separate Defendants admit that Shirley Suhl served as an officer or registered agent for some corporate entities.  Separate Defendants state that the filings on record with the Arkansas Secretary of State speak for themselves and deny any allegations in Paragraph No. 280 of Plaintiffs' Complaint that are inconsistent with those records.

281.     Separate Defendants admit that Ted Suhl served as an officer or registered agent for some corporate entities.  Separate Defendants state that the filings on record with the Arkansas Secretary of State speak for themselves and deny any allegations in Paragraph No. 281 of Plaintiffs' Complaint that are inconsistent with those records.

282.     Separate Defendants admit that Shirley Suhl served as an officer or registered agent for some corporate entities.  Separate Defendants state that the filings on record with the Arkansas Secretary of State speak for themselves and deny any allegations in Paragraph No. 282 of Plaintiffs' Complaint that are inconsistent with those records.

283.     Separate Defendants admit the allegations in Paragraph No. 283 of Plaintiffs' Complaint.

284.     Separate Defendants state that the filings on record with the Arkansas Secretary of State speak for themselves and deny any allegations in Paragraph No. 284 of Plaintiffs' Complaint that are inconsistent with those records.

285.     Separate Defendants state that the filings on record with the Arkansas Secretary of State speak for themselves and deny any allegations in Paragraph No. 285 of Plaintiffs' Complaint that are inconsistent with those records.

286.     Separate Defendants state that the filings on record with the Arkansas Secretary of State speak for themselves and deny any allegations in Paragraph No. 286 of Plaintiffs' Complaint that are inconsistent with those records.

287.     Separate Defendants deny Paragraph No. 287 of Plaintiffs' Complaint.

288.     Separate Defendants deny Paragraph No. 288 of Plaintiffs' Complaint.

289.     Separate Defendants deny Paragraph No. 289 of Plaintiffs' Complaint.

290.     Separate Defendants deny Paragraph No. 290 of Plaintiffs' Complaint.

291.    Separate Defendants deny Paragraph No. 291 of Plaintiffs' Complaint.

292.    Separate Defendants deny Paragraph No. 292 of Plaintiffs' Complaint.

293.    Separate Defendants deny Paragraph No. 293 of Plaintiffs' Complaint.

294.    Separate Defendants deny Paragraph No. 294 of Plaintiffs' Complaint.

295.    Separate Defendants deny Paragraph No. 295 of Plaintiffs' Complaint.

296.    Separate Defendants deny Paragraph No. 296 of Plaintiffs' Complaint.

297.    Separate Defendants deny Paragraph No. 297 of Plaintiffs' Complaint.

298.    Separate Defendants deny Paragraph No. 298 of Plaintiffs' Complaint.

299.    Separate Defendants deny Paragraph No. 299 of Plaintiffs' Complaint.

300.    Separate Defendants deny Paragraph No. 300 of Plaintiffs' Complaint.

301.    Paragraph No. 301 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

302.    Separate Defendants deny the allegations in Paragraph No. 302, and its subparts a through d, of Plaintiffs' Complaint.

303.    Separate Defendants deny the allegations in Paragraph No. 303 of Plaintiffs' Complaint.

304.    Paragraph No. 304 of Plaintiffs' Complaint states no new allegations and no response is required.  To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

305.    Separate Defendants deny the allegations in Paragraph No. 305 of Plaintiffs' Complaint.

306.     Paragraph No. 306 of Plaintiffs' Complaint states no new allegations and no response is required.   To the extent a response is required, Separate Defendants reassert and reincorporate their prior responses to Plaintiffs' Complaint.

307.     Separate Defendants deny the allegations in Paragraph No. 307 of Plaintiffs' Complaint.

308.     Separate Defendants deny the allegations in Paragraph No. 308 of Plaintiffs' Complaint.

309.     Separate Defendants deny the allegations in Paragraph No. 309 of Plaintiffs' Complaint.

310.     Separate Defendants join Plaintiffs' request for a jury trial on all issues of fact not disposed of by dispositive motion.

311.     Separate Defendants deny the allegations contained in Paragraph No. 311 of Plaintiffs' Complaint to the extent inconsistent with Federal law, prejudice to Defendants, or a scheduling order from the Court.

312.     Separate Defendants deny the allegations contained in Plaintiffs' WHEREFORE paragraph of Plaintiffs' Complaint and deny that they are entitled to any of the relief sought there, including its subparagraphs (a) through (l).

## **AFFIRMATIVE DEFENSES**

313.     Separate Defendants deny each and every allegation not specifically admitted herein.

314.     Separate Defendants expressly reserve all affirmative defenses expressed or contemplated by the Federal Rules of Civil Procedure 12(b) and 8(c) including laches, estoppel,

failure to mitigate damages and reserve the right for more specific pleading until discovery in this matter has progressed.

315. Separate Defendants affirmatively asserts that Plaintiffs' Complaint should be dismissed as a matter of law pursuant to FRCP 12(b)(6) for failure to state sufficient facts to state a claim against Separate Defendants.

316. Separate Defendants affirmatively assert that Plaintiffs' claims are barred by the applicable statute of limitations and the Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

317. Separate Defendants affirmatively assert that The Delayed Discovery Act does not apply to Plaintiffs' claims because they were aware of the alleged sexual abuse while still minors. As such, Plaintiffs' claims are barred by the applicable statute of limitations and should be dismissed pursuant to Rule 12(b)(6).

318. Separate Defendants affirmatively assert that even if the Delayed Discovery Act applies to Plaintiffs claims, they are untimely because the discovery rule would have expired and the limitations expired based on the facts alleged in the Complaint.   As such, Plaintiffs claims are barred by the applicable statute of limitations and should be dismissed pursuant to Rule 12(b)(6)

319. Separate Defendants affirmatively assert that the Delayed Discovery Act, and specifically the phrase "Time of Discovery" is void for vagueness as applied to these defendants.

320. Separate Defendants affirmatively assert the Arkansas Delayed Discovery Act does not apply to claims against non-perpetrator Defendants and therefore claims against non-perpetrators are untimely and should dismissed pursuant to Rule 12(b)(6).

321. Separate Defendants affirmatively assert that Plaintiffs' Claims for vicarious liability based on sexual abuse should be dismissed because acts of sexual abuse are not within the

scope of employment as a matter of law. *See Porter v. Harshfield*, 948 S.W.2d 83 (Ark. 1997); *Regions Bank*, 38 S.W.3d at 919; *see also Gibson v. Brewer*, 952 S.W.2d 239, 245-46 (Mo. 1997); *Gilley v. Missouri Pub. Entity Risk Mgmt. Fund*, 437 S.W.3d 315, 319-20 (Mo. App. 2014); *P.S. v. Psychiatric Coverage, Ltd.*, 887 S.W.2d 622, 625 (Mo. App. 1994); *Tockstein v. P. J. Hamill Transfer Co.*, 291 S.W.2d 624, 628 (Mo. App. 1956).

322.    Separate Defendants Shirley Suhl and Ted Suhl (collectively "Suhl Defendants") should be dismissed because Plaintiffs' Complaint fails to state facts that support a cognizable claim against them personally.  Plaintiffs cannot hold Shirley and Ted Suhl personally liable for the alleged negligence of a corporation based solely on their position as an officer or administrator. *See, e.g.*, *Hunt v. Rabon*, 272 S.E.2d 643, 644 (S.C. 1980) ("A director or officer of a corporation does not incur personal liability for its torts merely by reason of his official character.").  The actual allegations do not support a claim for corporate-officer liability sufficient to establish personal liability and should be dismissed pursuant to Rule 12(b)(6).

323.    Separate Defendants affirmatively assert that The Delayed Discovery Act is inapplicable because it was repealed by implication with the passage of the Justice for Vulnerable Victims Act.  As such, Plaintiffs claims are barred by the applicable statute of limitations and should be dismissed pursuant to Rule 12(b)(6). Further, even if the tolling provision of the Delayed Discovery Act was applied, Separate Defendants affirmatively assert that the Plaintiffs' claims would still be barred based on the facts pled in the Plaintiffs' Complaint

324.    Separate Defendants affirmatively assert that all claims alleged against the corporate entity defendants, excluding Separate Defendant The Lord's Ranch, should be dismissed for improper "collective pleading." *See Vance v. Am. Soc. of Composers, Authors & Publishers* (ASCAP), 271 F.2d 204, 207 (8th Cir. 1959) (affirming dismissal of complaint that merely "lumps

all the nineteen defendants together"); *Smith v. Cavalry*, No. 3:17-CV-3028, 2017 WL 3981144, at *2 (W.D. Ark. Sept. 11, 2017) ("Lumping all four Defendants together and insinuating that each committed some undefined, willful act is not enough to state a plausible cause of action for abuse of process."). As such, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

325. Separate Defendants affirmatively assert Plaintiffs failed to plead facts against these Defendants sufficient to sustain a claim for sexual battery, civil action by a crime victim, or outrage.

326. Separate Defendant the Lord's Ranch affirmatively asserts charitable immunity as a bar or limitation to the claims in Plaintiffs' Complaint and further asserts that the charitable entity named should be dismissed pursuant to Rule 12(b)(6) of the Arkansas and Federal Rules of Civil Procedure.

327. Out of an abundance of caution, Separate Defendants affirmatively assert the terms of any and all agreements, waivers, and contracts entered into by Plaintiffs or their guardians prior to and related to their residency at the Lord's Ranch which bar, in whole or in part, the claims asserted herein.

328. Defendants affirmatively plead comparative fault and/or contributory negligence as defenses and a bar or limitation to the allegations in Plaintiff's Complaint.

329. Defendants affirmatively assert

330. Separate Defendants affirmatively assert that to the extent Plaintiffs suffered any damages, such damages were the result of actions or inactions outside the control of these Defendants or individuals acting outside the scope of their duties.

331.    Separate Defendants affirmatively assert lack of foreseeability as a bar or limitation to Plaintiffs' allegations.

332.    Separate Defendants affirmatively assert the theory of independent superseding and/or intervening proximate cause as a bar or limitation to Plaintiffs' Complaint.

333.    Separate Defendants reserve the right to assert all defenses including alleging non-party fault as to any person or entity that may be an appropriate party under the Arkansas Non-Party Fault statute as stated in Rule 9(h) of the Arkansas Rules of Civil Procedure as discovery in this matter proceeds.

334.    Separate Defendants affirmatively assert that Plaintiffs must prove damages with specificity as required under Arkansas and Federal Law.

335.    Separate Defendants affirmatively assert that Plaintiffs' claims are barred to the extent that such claims arose from acts or conditions for which Separate Defendants owed no duty or had no responsibility to Plaintiffs.

336.    While specifically denying any fault, Defendants affirmatively assert that any damages to the Plaintiff were proximately caused by independent, intervening, and superseding causes for which these Defendants are not responsible or have no control

337.    Defendants affirmatively assert that to the extent Plaintiff has suffered any damages, which are denied, such damages were the result of actions or inactions outside the control of these Defendants.

338.    Defendants affirmatively state that, pursuant to Arkansas Rule of Civil Procedure 49(c), effective January 1, 2015, they are entitled to a determination of the fault of all persons or entities who have settled or will settle with the Plaintiff in this matter as they have liability for the injuries alleged in Plaintiff's Complaint. Defendants affirmatively state they are entitled to have

the jury allocate the fault, on a percentage basis, among those persons or entities who have settled or will settle with Plaintiff, regardless of whether they are parties or nonparties at the time of the trial of this matter. In addition, Defendants affirmatively state that, pursuant to Arkansas Code Annotated sections § 16-61-202 and § 16-61-204, they are entitled to contribution from those persons or entities who have settled or will settle with the Plaintiff in this matter.

339.    Defendants affirmatively assert the provisions set forth in Ark. Code Ann. § 16-55-201, *et seq.* as separate defenses to the Complaint.

340.    Defendants affirmatively assert all provisions of the Civil Justice Reform Act of 2003 as a bar or limitation to the Plaintiff's Complaint.

341.    Defendants affirmatively assert that, to the extent any issues of fact remain not disposed of by motion or other means, this matter should proceed to trial under the provisions of the Arkansas Uniform Contribution Amongst Tortfeasors Act.  Defendants affirmatively assert the provisions set forth in Ark. Code Ann. § 16-61-201, *et seq.* as a bar or limitation to the Plaintiffs' Complaint.

342.    Separate Defendants affirmatively assert the common defense doctrine as a bar or limitation to Plaintiffs' Complaint and adopt all other defenses asserted by any other party in this matter that inure to the benefit of Separate Defendants.

343.    Separate Defendants reserve the right to plead further, including the right to file an amended answer, counterclaim, crossclaim, third-party complaints, and any other pleading that may be appropriate once discovery in this matter progresses.

344.    Separate Defendants affirmatively assert that Plaintiffs have failed to properly allege the elements of negligent patient care and, therefore, that claim (Count Four) should be dismissed with prejudice.

345.    Separate Defendants affirmatively state that, in the event a judgment is entered against them, they are entitled to apportionment on the verdict form and contribution against all other parties and non-parties pursuant to the Uniform Contribution Among Tortfeasors Act Ark. Code Ann. § 16-61-201 *et seq.*; 2013 Ark. Acts 116; Rules 9, 49, and 52 of the Arkansas Rules of Civil Procedure.

346.    Separate Defendants affirmatively state Plaintiffs' claims fail to state facts sufficient to justify an award of punitive damages.

347.    Separate Defendants affirmatively asserts that Plaintiffs' claim for punitive damages fails to state sufficient facts as to these Defendants and therefore should be dismissed pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure.

348.    Separate Defendants affirmatively state that no alleged act or omission of these Defendants was willful, wanton, gross, flagrant, reckless, malicious, intentional or conducted with reckless disregard and conscious indifference to the rights of Plaintiffs and, therefore, any award of punitive damages is inappropriate.

349.    Separate Defendants affirmatively assert that the necessary factual predicate has neither been pleaded nor proven to support a prima facie case for punitive damages against the Separate Defendants in this matter.

350.    As an affirmative defense, Separate Defendants specifically incorporate by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of No. America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); S*tate Farm Mut. Auto Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); and *Exxon Shipping Co. v. Baker*, No. 07-

219, 2008 U.S. LEXIS 5263 (U.S. June 25, 2008) and their progeny as well as other similar cases under both federal and state law.

351.    Separate Defendants affirmatively assert that Plaintiffs' claim for punitive damages is in contravention of the rights of Separate Defendants under the following provisions of the United States Constitution and analogous provisions of the Arkansas Constitution and are subject to all provisions of Arkansas law:

(a)    Plaintiffs' claims for punitive or exemplary damages violate, and are therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and the Arkansas Constitution;

(b)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against civil Separate Defendants upon Plaintiffs' satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(c)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Separate Defendants for different alleged acts of wrongdoing, which infringes upon the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(d)    The procedures to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Separate Defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(e)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(f)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(h)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and Article 2 of the Arkansas Constitution;

(i)    The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law;

(j)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty; and

(k)    Separate Defendants state affirmatively that Plaintiffs' claims for punitive damages against them cannot be sustained, because an award of punitive damages

under Arkansas law which allows Plaintiffs to prejudicially emphasize the corporate status of certain Separate Defendants violates Separate Defendants' due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

352.    Separate Defendants affirmatively plead that Plaintiffs' claim for punitive damages cannot be sustained because Arkansas law regarding the standards for determining liability for and the amount of punitive damages fail to give these Defendants prior notice of the conduct for which punitive damages may be imposed, and the severity of the penalty that may be imposed, and are void for vagueness in violation of these Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution.

353.    Separate Defendants affirmatively plead that Plaintiffs' claim for punitive damages cannot be sustained because Arkansas law fails to establish necessary constitutional procedures to protect against the risk of awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part directly on the basis of injury upon non-parties in violation of these Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution. *See Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

354.    Separate Defendants affirmatively assert that Plaintiffs' claims for punitive damages cannot be sustained, because an award of punitive damages under Arkansas law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum

amount on the amount of punitive damages that may be imposed, would violate Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution.

355.    Separate Defendants affirmatively assert that Plaintiffs' claim for punitive damages cannot be sustained because any award of punitive damages made under a process which fails to bifurcate the issue of punitive damages from the remaining issues would violate these Defendants' due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 2, §§ 2, 3, and 8 of the Arkansas Constitution, and would be improper under the common law and public policy of Arkansas.

356.    Pursuant to Ark. Code Ann. §16-55-211, and any applicable Federal law, Separate Defendants reserve the right to request bifurcation at trial of the punitive and compensatory damages issue if a claim for punitive damages is allowed.

357.    Separate Defendants affirmatively assert that Plaintiffs' claim for punitive damages cannot be sustained because an award of punitive damages under both Federal and Arkansas law by a jury does not provide constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award.

358.    Separate Defendants affirmatively state that Plaintiffs are not entitled to a trial by jury on the issue of punitive damages under the United States Supreme Court decision in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

359.    Separate Defendants adopt and incorporate this Answer and its affirmative defenses into their prior Answer to the Third Amended Consolidated Complaint – as they have been consolidated, but the Complaints have not been merged.

WHEREFORE, Separate Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, for their costs and attorneys' fees incurred, and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,**
**GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Telephone: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____
Stuart P. Miller, Ark. Bar No.  88137
John E. Alexander, Ark. Bar No. 2015248

-    AND   -

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: /s/ Michael J. Scotti _____
Michael J. Scotti, III
*Pro Hac Vice*