THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN DOES 1, 4, 6; MICHAEL ROBINSON; and MAURICE COLLINS | | PLAINTIFFS |
| v. | No. 3:23-cv-230-DPM | |
| EMMETT PRESLEY, et al. | | DEFENDANTS |
| JOHN DOES 10, 15, and 16 | | PLAINTIFFS |
| v. | No. 3:24-cv-3-DPM | |
| EMMETT PRESLEY, et al. | | DEFENDANTS |
| JOHN DOES 19, 23, and 29 | | PLAINTIFFS |
| v. | No. 3:24-cv-12-DPM | |
| EMMETT PRESLEY, et al. | | DEFENDANTS |
| JOHN DOES 110, 111, 121, 123; and JANE DOE 109 | | PLAINTIFFS |
| v. | No. 3:25-cv-197-DPM | |
| EMMETT PRESLEY, *et al.* | | DEFENDANTS |

**JOINT REPORT OF DISCOVERY DISPUTE**

Plaintiffs and Defendants (collectively "Parties"), by and through their respective counsel, and in compliance with the Court's Order dated July 14, 2025 [Document 142] at pg. 3-4, submit this *Joint Report of Discovery Dispute*:

1. The Parties have scheduled a site inspection of the Lord's Ranch property on March 17, 2026. Counsel for all Parties have discussed the parameters of the upcoming site inspection and agreed on almost everything.

1

2.      The only disagreement is whether the Plaintiffs should be permitted to enter what was referred to as the Main House during the period The Lord's Ranch was in operation, currently used for Shirley Suhl's personal residence, for the purpose of inspecting, photographing, and videoing.

3.      Counsel for both Parties have discussed this specific issue in written correspondence, emails, zoom conferences, and phone calls. *See* Exs. 1, 2, & 3.

4.      Pursuant to Rule 7.2(g), the Parties have conferred in good faith on this specific issue in dispute and have not been able to resolve their disagreement without the need for Court intervention. Pursuant to Court Order, Parties file this Joint Report of Discovery Dispute. [Doc. 142] at pg. 3-4.

5.      Unfortunately, the Parties have reached an impasse, and Defendants continue to object to the inspection of Shirley Suhl's person home as irrelevant, unduly burdensome, and overly intrusive

6.      Separate Defendants are requesting a limited Protective Order pursuant to Rule 26 that Plaintiffs not be permitted to enter Shirley Suhl's home for the purpose of inspecting, photographing, and videoing it.

7.      Although Rule 26 is to be construed broadly, it does not permit fishing expeditions and therefore a party must make a "threshold showing of relevance" before an opposing party is "required to open wide the doors of discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). The 2015 amendments to Rule 26(b)(1) made it clear that "the scope of discovery is intended to focus on the actual claims or defenses that are at issue in the litigation." *Mallak v. Aitkin Cty.*, No. 13-CV-2119 (DWF/LIB), 2016 WL 8607391, at *6 (D. Minn. June 30, 2016). In addition, Rule 26(c) "expressly provides that 'for good cause shown,' the court may 'protect a

party or person from annoyance, embarrassment, oppression, or undue burden or expense' by either denying inspection or by appropriate restrictions on the inspection.' " *Luer v. St. Louis*, No. 4:17-CV-767 NAB, 2018 WL 2734986, at *2 (E.D. Mo. June 7, 2018) (quoting *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)).

8. Defendants contend there is no objective reason to seek inspection of Mrs. Suhl's personal home. There are no allegations in the Complaint of any alleged abuse occurring in Mrs. Suhl's personal residence. Defendants contend there is no threshold showing of relevance to justify inspection of her personal residence. *See generally*, *Wiele v. Zenith Arizona, Inc.*, 278 F.R.D. 477 (D. Ariz. 2012) (Wheelchair-using hotel guest would not be allowed to do a full-site inspection. Plaintiff could do an inspection limited to barriers which actually affected her disability); *Hoewischer v. Deerwood Village Mall*, LLC, M.D.Fla.2011, 281 F.R.D. 665; *see also Mallak v. Aitkin Cty.*, No. 13-CV-2119 (DWF/LIB), 2016 WL 8607391, at *6 (D. Minn. June 30, 2016) ("scope of discovery is intended to focus on the actual claims or defenses that are at issue in the litigation").

9. The only alleged relevance is that female residents used to reside upstairs in the 1990's, some residents allegedly made phone calls from a phone bank in the kitchen, and one Plaintiff may claim they told Bud Suhl about the alleged abuse in that home. This relevance is minimal at best. *Walker v. Credit Protection Ass'n, LP*, 309 F.R.D. 668, 92 Fed. R. Serv. 3d 1279 (M.D. Fla. 2015) (the relevance of the inspection was marginal at best); *Schwab v. Wyndham Intern., Inc.*, 225 F.R.D. 538 (N.D. Tex. 2005).; *In re Plains Pipeline, L.P.*, 618 S.W.3d 780 (Tex. App. El Paso 2020) (Although a request for entry upon land must satisfy the general requirement of relevance, mere relevance is not sufficient to justify a request for entry upon the property of another).

10. Whatever relevance to the claims, there will be no benefit to the proposed inspection because the home has materially changed in the past thirty (30) years. There have been no female residents residing in Mrs. Suhl's home for over twenty (20) years and likely closer to thirty (30) years. The upstairs area, where the girls use to reside at some point in the 1990's, has been repurposed over the last few decades and looks nothing like it did at the time they would have stayed there. The upstairs been repurposed into guest rooms for her grandchildren, storage areas, etc. Further, the phone bank in the kitchen no longer exists and has not existed for years.

11. Defendants contend there is no benefit to entering and photographing the interior of a home that is materially changed from how it appeared decades ago during the relevant time.

12. Whatever minimal benefit may exist is substantially outweighed by the burden and intrusiveness of entering Mrs. Suhl's personal residence to inspect it, take photographs, and video it. *See* 8B Charles Alan Wright, *et al., Federal Practice and Procedure* § 2214 (3d ed. 2010) ("It has also been held that where entry on land is sought, the court must balance the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection.").

13. Mrs. Suhl is an elderly woman who has already set for a seven-hour deposition and is willingly opening up the Lord's Ranch property to an agreed inspection. However, she is very distressed at people entering her personal home, finds it overly intrusive, and it is an extreme burden to her personally. "[D]istrict courts should not neglect their power to restrict discovery where 'justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 926 (8th Cir. 1999) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

4

14.     As such, Defendants are objecting to the inspection of her personal residence and are asking the Court to grant a limited protective order that denies Plaintiffs' entry into Mrs. Suhl's personal residence for the purpose of inspecting, photographing, and videoing it.

**PLAINTIFFS' POSITION - JOINT REPORT OF DISCOVERY DISPUTE**

15.     Plaintiffs respectfully request that the Court permit inspection of the structure historically referred to as the "Main House," which is currently used as Shirley Suhl's residence. The requested inspection is narrowly tailored and directly relevant to Plaintiffs' claims regarding the operation of The Lord's Ranch during the relevant time period.

16.     Rule 26(b)(1) permits discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Courts consistently recognize that the standard for relevance at the discovery stage is broad. *See Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). Inspections under Rule 34 are routinely permitted where they may assist in understanding the physical layout or operation of locations central to the allegations in the case.

17.     Importantly, there is no genuine dispute regarding the historical use of the Main House during the time period when The Lord's Ranch was in operation. Defendants themselves do not dispute that female residents lived in the upstairs portion of the home in the 1990s, that residents made phone calls from a phone bank located in the kitchen, and that at least one Plaintiff is alleged to have reported abuse inside the home. These undisputed facts establish that the structure was used as part of the Ranch's operations and was a location where residents lived, communicated with the outside world, and interacted with Ranch leadership.

18.     Because the Main House was used to house residents and served as a location where residents communicated and interacted with Ranch leadership, inspection of the structure is plainly

5

relevant to Plaintiffs' claims regarding the conditions at The Lord's Ranch, the control exercised over residents, and Defendants' knowledge of abuse. *See Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978) (stating that, to be entitled to site inspection, "some degree of need must be shown" and can be satisfied "by simply showing the relevancy of the desired discovery to the cause of action").

19.  An inspection will assist Plaintiffs, their counsel, and potential experts in understanding the physical layout, spatial relationships, and visibility within the structure, including the location of the upstairs living quarters where female residents stayed and the kitchen area where the phone bank was located.

20.  Defendants' argument that the property has changed over time does not negate the value of inspection. Changes to a property go to the weight of the evidence, not whether discovery should be permitted. The structure itself remains the same building and inspection will help the trier of fact understand that testimony. Photographs and video documenting the current condition are useful for comparison with historical descriptions and demonstrative purposes at trial.

21.  Plaintiffs' request is also proportional to the needs of the case. This litigation involves serious allegations of abuse occurring at The Lord's Ranch and the knowledge and actions of Ranch leadership. The Main House is a key physical location. Plaintiffs are not requesting unfettered access but rather a limited inspection during the already scheduled site visit.

22.  Plaintiffs are willing to accommodate reasonable safeguards to minimize any burden or intrusion. For example, Plaintiffs are willing to limit the number of individuals entering the residence, restrict the duration of the inspection, and limit photography and video to areas relevant to the historic use of the property.

23. Defendants' concerns about burden and privacy can therefore be addressed through reasonable conditions rather than by prohibiting the inspection altogether.

24. Because the Main House was an operational part of The Lord's Ranch during the relevant time period, Plaintiffs have met the threshold showing of relevance required under Rule 26 and Rule 34. Defendants have not demonstrated "good cause" to completely prevent the requested discovery.

25. Accordingly, Plaintiffs respectfully request that the Court deny Defendants' request for a protective order and permit a limited inspection of the Main House as part of the March 17, 2026 site inspection, subject to any reasonable conditions the Court deems appropriate.

## CONCLUSION

26. Because the site inspection is scheduled for March 17, 2026, the Parties respectfully request expedited consideration of this discovery dispute so the inspection may proceed as scheduled.

Respectfully submitted,

| | |
|---|---|
| **BEQUETTE, BILLINGSLEY & KEES, P.A.**<br>425 W. Capitol Avenue, Suite 3200<br>Little Rock, AR 72201-3469<br>Phone: (501) 374-1107<br>Fax: (501) 374-5092<br>jbequette@bbpalaw.com<br>pbrick@bbpalaw.com<br><br>By: /s/ *Phillip M. Brick*<br>   Jay Bequette<br>   Phillip M. Brick | **ROETZEL & ANDRESS, LPA**<br>30 N. LaSalle Street, Suite 2800<br>Chicago, IL 60602<br>Phone: 312.580.1200<br>mscotti@ralaw.com<br><br>By: /s/ *Michael J. Scotti*<br>   Michael J. Scotti, III<br>   *Pro Hac Vice*<br><br>- AND –<br><br>**MITCHELL, WILLIAMS, SELIG,<br>GATES & WOODYARD, P.L.L.C.** |

| | |
|---|---|
| *Counsel for Defendants Emmett A. Presley, Alonza Jiles and Tyree Davis* | 4206 South J.B. Hunt Drive, Suite 200<br>Rogers, Arkansas 72758<br>Direct: (479) 464-5670<br>Facsimile: (479) 464-5680<br>smiller@mwlaw.com<br>jalexander@mwlaw.com<br><br>By: /s/ John Alexander<br>    Stuart P. Miller<br>    John E. Alexander<br><br>*Counsel for Lord's Ranch Defendants* |
| **GILLISPIE LAW FIRM**<br>1 Riverfront Place, Suite 605<br>North Little Rock, AR 72114<br>Phone: (501) 244-0700<br>Fax: (501) 244-2020<br>josh@gillispielawfirm.com<br><br>By: /s/ *Joshua D. Gillispie*<br>    Joshua D. Gillispie<br><br>*Counsel for Plaintiffs*<br>*John Does 1, 2, Michael Robinson, 4, 5, 6, Maurice Collins, 8; 9-12, Nathan Harmon, 14-16; & 19-30* | **ROMANUCCI & BLANDIN, LLC.**<br>321 N. Clark Street, Suite 900<br>Chicago, IL 60654<br>Phone: (312) 253-8790<br>Fax: (312) 458-1004<br>phuber@rblaw.net<br><br>By: /s/ *Patrick Huber*<br>    Patrick Huber *Pro Hac Vice*<br>    Stephan Blandin *Pro Hac Vice*<br>    Daisy Ayllon *Pro Hac Vice*<br><br>*Counsel for Plaintiffs*<br>*John Does 1, 2, Michael Robinson, 4, 5, 6, Maurice Collins, 8; 9-12, Nathan Harmon, 14-16; & 19-30* |
| **STINAR GOULD GRIECO & HENSLEY, PLLC**<br>Martin D. Gould (P*ro Hac Vice*)<br>Parker Stinar (*Pro Hac Vice* application forthcoming)<br>Valerie A. Letko (P*ro Hac Vice*)<br>101 N. Wacker Dr., Ste. 100<br>T: (313) 895-7227<br>F: (313) 221-9550<br>Martin@sgghlaw.com<br>Valerie@sgghlaw.com<br>Parker@sgghlaw.com<br><br>By: /s/ *Martin D. Gould*<br>    Martin D. Gould | **PAUL BYRD LAW FIRM, PLLC**<br>415 N. McKinley St., Suite 210<br>Little Rock, AR 72205<br>Phone: (501) 420-3050<br>Fax: (501) 420-3128<br>Paul@paulbyrdlawfirm.com<br><br>By: /s/ *Paul Byrd*<br>    Paul Byrd<br><br>*Counsel for Plaintiffs*<br>*John Does 107-113, 120-123; and Jane Does 109, 120, 121* |

| | |
|---|---|
| *Counsel for Plaintiffs Maurice Collins, John Does 8; 12; 103, 105, 107, 108-113; and Jane Does 103 and 109* | |
| **ETOCH LAW FIRM**<br>Robert Lewis<br>221 West 2nd Street, Ste. 312<br>Little Rock, AR 72201<br>Phone: (501) 333-9400<br>Fax: (501) 232-3777<br>robert@etochlaw.com<br><br>*Counsel for Plaintiffs John Does 108-113, and Jane Does 109* | **ONDER LAW, LLC**<br>Kayla R. Onder *Pro Hac Vice*<br>James G. Onder (*Pro Hac Vice* application forthcoming)<br>Cynthia L. Garber (*Pro Hac Vice* application forthcoming)<br>ONDER LAW, LLC<br>110 East Lockwood<br>St. Louis, MO 63119<br>Tel: (314) 963-9000<br>Fax: (314) 227-7665<br>onder@onderlaw.com<br>garber@onderlaw.com<br>konder@onderlaw.com<br><br>*Counsel for Plaintiffs John Does 103 and 105 and Jane Doe 103* |