# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL
ROBINSON; and MAURICE COLLINS                           **PLAINTIFFS**


**v.**                              **No. 3:23-cv-230-DPM**


**EMMETT PRESLEY, et al.**                                **DEFENDANTS**

JOHN DOES 9-12 &14-16; and
NATHAN HARMON                                            **PLAINTIFFS**


**v.**                              **No. 3:24-cv-3-DPM**


**EMMETT PRESLEY, et al.**                                **DEFENDANTS**

**JOHN DOES 19-24 & 29-30**                              **PLAINTIFFS**


**v.**                              **No. 3:24-cv-12-DPM**


**EMMETT PRESLEY, et al.**                                **DEFENDANTS**


**DEFENDANT, SHIRLEY SUHL'S OBJECTION AND RESPONSES TO PLAINTIFFS
FIRST SET OF INTERROGATORIES**

COMES NOW, Defendant, Shirley Suhl, by and through her attorneys, Mithcell, Williams, Selig, Gates and Woodyard, P.L.L.C., and for her *Objections and Responses to Plaintiff First Set of Interrogatories* states as follows:

**GENERAL OBJECTION:** Separate Defendant objects to the Instructions to Plaintiffs' Interrogatories to the extent the instructions conflict with or otherwise seek to impose obligations on Separate Defendant that exceed those required under the Federal Rules of Civil Procedure and the Court's orders. Separate Defendant further objects to the Definitions to Plaintiffs' Interrogatories to the extent words or phrases are not defined by their regular or intended meaning.

1

**INTERROGATORY NO. 1:** Identify all entities you owned, controlled, or operated that were involved in providing services to minors from 1990 to 2016, including each entity's name, dates of operation, services provided, primary funding sources, and your role.

**RESPONSE TO INTERROGATORY NO. 1**: Objection. This request is overly broad, seeks information that is irrelevant as it seeks information on separate unrelated entities that have no bearing on the allegations in this lawsuit.

Subject to and without waiving these objections, Separate Defendant was married to Bud Suhl who owned, operated and managed The Lord's Ranch Christian Boys Home, Inc. from 1987 to 2006 or 2007. She worked there and also worked at Trinity Behavioral Health Care Systems, Inc. However, Separate Defendant did not own or control any responsive entities. Separate Defendant does not possess any additional responsive information at this time. Separate Defendant will supplement this answer as necessary in accordance with any scheduling order entered in this case and what is required by Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 2:** Describe in detail your role and responsibilities at The Lord's Ranch from 1990 to 2016.

**RESPONSE TO INTERROGATORY NO. 2:** Separate Defendant was married to the founder Bud Suhl. Bud Suhl owned, operated and controlled The Lord's Ranch Christian Boys Home, Inc. from 1987 to 2006 or 2007. It was a licensed Psychiatric Residential Treatment Facility. Separate Defendant initially worked as direct care staff and then later as a manager of The Lord's Ranch. Separate Defendant also worked at Trinity Behavioral Healthcare Systems, Inc. Separate Defendant will supplement this answer as necessary in accordance with any scheduling order entered in this case and what is required by Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 3:** Identify all occasions when you became aware of allegations of sexual, physical, or psychological abuse by staff members against residents at The Lord's Ranch and, for each, describe your response.

**RESPONSE TO INTERROGATORY NO. 3:** Objection. Defendant objects to this Interrogatory only to the extent it seeks information related to alleged physical or psychological abuse since that is beyond the scope of this lawsuit.

Subject to and without these objections, Separate Defendant does not recall ever being made aware of any allegations of sexual abuse by staff members against patients at The Lord's Ranch. Separate Defendant first became aware of such allegations upon the filing of Plaintiffs' Complaint.

**INTERROGATORY NO. 4:** Describe your relationship with and supervision of Emmett Presley throughout his employment at The Lord's Ranch, including when you hired him, your oversight of his duties, and any disciplinary or performance issues.

**RESPONSE TO INTERROGATORY NO. 4:** Separate Defendant did not hire nor supervise Mr. Presley. Separate Defendant does not recall any disciplinary issues involving Mr. Presley.

**INTERROGATORY NO. 5:** Identify all staff members you knew or suspected of abusing residents and describe what actions you took in response to each such situation.

**RESPONSE TO INTERROGATORY NO. 5:** Separate Defendant does not recall any allegations of staff members sexually abusing patients at the Lord's Ranch. Separate Defendant would have immediately reported and investigated any staff member accused of sexually abusing patients. If Separate Defendant ever knew or suspected a staff member of abusing a patient, then

3

she would have recommended that person be immediately terminated and reported to state and local authorities.

**INTERROGATORY NO. 6:** Identify all revenue sources for The Lord's Ranch and any affiliated entities between 1990 and 2016, including Medicaid, private insurance, grants, charitable contributions, or other funding. For each, state the approximate annual amount received.

**RESPONSE TO INTERROGATORY NO. 6:** Objection. This request is overly broad and unduly burdensome as it seeks multiple years of financial information for a Company that no longer exists and which she did not control.

Subject to and without these objections, Separate Defendant does not possess any responsive information at this time. Separate Defendant will supplement this answer as necessary in accordance with any scheduling order entered in this case and what is required by Federal Rule of Civil Procedure 26(e)Subject to and without waiving these objections.

**INTERROGATORY NO. 7:** Describe in detail the chain of command at The Lord's Ranch and any affiliated entities during your tenure, including all levels of authority from executive leadership to line staff. In your answer, identify the individuals who held each position, the dates they served, and to whom they reported.

**RESPONSE TO INTERROGATORY NO. 7:** Objection. This request is overly broad, as it is not limited by time or scope to an organization with changing employees over decades of operation.

Subject to and without waiving these objections, to the best of Separate Defendant's knowledge, Bud Suhl, Dr. Jack Hanberry, and Elwood Crafton managed the day-to-day operations of The Lord's Ranch. Separate Defendant will supplement this answer as necessary in accordance

with any scheduling order entered in this case and what is required by Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 8:** Describe all policies and procedures in place to prevent and report abuse of residents at The Lord's Ranch.

**RESPONSE TO INTERROGATORY NO. 8:** Defendant lacks access to past records outlining the written policies and procedures currently. However, The Lord's Ranch followed all federal and state regulations required by licensing as a Psychiatric Residential Treatment Facility. It met the Joint Commission on Accreditation for such facilities including patient safety and environment of care. Upon information and belief, Bud Suhl, Dr. Jack Hanberry, and Elwood Crafton were responsible for all policies and procedures of The Lord's Ranch. Separate Defendant will supplement this answer as necessary as discovery in this matter continues.

**INTERROGATORY NO. 9:** Identify all assets, property, and financial accounts you currently own or control.

**RESPONSE TO INTERROGATORY NO. 9:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of

5

them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

**INTERROGATORY NO. 10:** Identify all audits, investigations, or reviews conducted by Medicaid, state agencies, or federal agencies regarding billing, reimbursement, or funding of The Lord's Ranch or affiliated entities, and describe your role in each.

**RESPONSE TO INTERROGATORY NO. 10:** The Lord's Ranch was subject to audits, investigations, and reviews by many government agencies throughout its existence, but Separate Defendant does not possess any responsive documents or records from those audits, investigations, and reviews. Separate Defendant will supplement this answer as necessary as discovery in this matter continues.

**INTERROGATORY NO. 11:** Identify all insurance policies that may provide coverage for the claims in this lawsuit.

**RESPONSE TO INTERROGATORY NO. 11:** Separate Defendant refers Plaintiffs to the insurance policies, which are Bates Label SUHL 000001 – 000042.

**INTERROGATORY NO. 12:** Identify all occasions when residents of The Lord's Ranch or affiliated entities reported abuse directly to you, including the resident's name, the approximate date, the nature of the complaint, and the actions you took in response.

**RESPONSE TO INTERROGATORY NO. 12:** Separate Defendant does not recall any allegations of sexual abuse by staff being reported to her. Separate Defendant will supplement this answer as necessary in accordance with any scheduling order entered in this case and what is required by Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 13:** Identify all communications you had with state agencies regarding compliance with licensing requirements.

**RESPONSE TO INTERROGATORY NO. 13:**  Objection.  Defendnat objects to this Interrogatory as overbroad, unduly burdensome, and requesting years of communications involving the Lord's Ranch that are not in her possession.

Subject to and without waiving said objections, The Lord's Ranch communicated with state agencies regarding compliance with licensing requirements, but Separate Defendant does not possess any responsive documents or records.   Separate Defendant knows that there were numerous communications with state agencies regarding same, but does not have any responsive documents at this time.   Separate Defendant will supplement this answer as necessary in accordance with any scheduling order entered in this case and what is required by Federal Rule of Civil Procedure 26(e).

**INTERROGATORY NO. 14:** Identify all lawsuits, administrative proceedings, or investigations in which you were named or involved that relate to your employment at The Lord's Ranch.

**RESPONSE TO INTERROGATORY NO. 14:** To the best of Separate Defendant's recollection, she was never involved in a lawsuit, administrative proceeding, or investigated regarding her employment at The Lord's Ranch.

**INTERROGATORY NO. 15:** Identify all persons who assisted you in operating The Lord's Ranch or affiliated entities, including their names, roles, and involvement in financial management, billing, or reimbursement processes.

**RESPONSE TO INTERROGATORY NO. 15:** Bud Suhl was the owner and manager of the company. To the best of Separate Defendant's knowledge, Bud Suhl, Dr. Jack Hanberry, and

Elwood Crafton managed the day-to-day operations of The Lord's Ranch. Separate Defendant will supplement this answer as necessary in accordance with any scheduling order entered in this case and what is required by Federal Rule of Civil Procedure 26(e).

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____
Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*
Michael J. Scotti, III
*Pro Hac Vice*

8

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 6th day of October 2025:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com


Stuart P. Miller

9