# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL ROBINSON; and MAURICE COLLINS** | **PLAINTIFFS** |
| **v.**       **No. 3:23-cv-230-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 9-12 &14-16; and NATHAN HARMON** | **PLAINTIFFS** |
| **v.**       **No. 3:24-cv-3-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 19-24 & 29-30** | **PLAINTIFFS** |
| **v.**       **No. 3:24-cv-12-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |

**DEFENDANT, SHIRLEY SUHL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION**

COMES NOW, Defendant, Shirley Suhl, by and through her attorneys, Mithcell, Williams, Selig, Gates and Woodyard, P.L.L.C., and for her *Objections and Responses to Plaintiff First Set of Requests for Production* states as follows:

**REQUEST FOR PRODUCTION NO. 1:** All Documents relating to Your ownership, control, management, or operation of The Lord's Ranch, including any of its affiliated or related entities, from 1976 to 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Separate Defendant did not own the Lord's Ranch Christian Boys Home, Inc. That entity was owned by Bud Suhl but Separate Defendant was listed as a Director on the Articles of Incorporation. Please see documents being

1

produced as Bates No. SUHL 000081 – 000085.  Separate Defendant will supplement as necessary as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 2:** All corporate records, including but not limited to articles of incorporation, certificates of formation, bylaws, operating agreements, partnership agreements, meeting minutes, resolutions, and other governance Documents for all Lord's Ranch Entities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Please see documents being produced as Bates No. SUHL 000001 – 000091.  Separate Defendant does not possess any other responsive documents or records at this time. Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 3:** All Documents relating to the closure of The Lord's Ranch in 2016, including but not limited to communications with regulators, residents, staff, parents, and guardians regarding the decision to close.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Separate Defendant has no responsive documents in his possession.  Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 4:** All policies, procedures, guidelines, protocols, or manuals relating to the operation, management, supervision, care, safety, or oversight of residents or staff at The Lord's Ranch, whether created, implemented, or enforced by You, someone else, or by any Lord's Ranch Entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Separate Defendant followed all applicable State and Federal regulations including all required of its licensing as a Psychiatric Residential Treatment Facility.   It was accredited by The Joint Commission.  However, Separate

Defendant does not possess any responsive documents or records at this time. The Lord's Ranch no longer exists and has not existed for many years. Separate Defendant will supplement this answer as necessary in accordance with any scheduling order entered in this case and what is required by Federal Rule of Civil Procedure 26(e)..

**REQUEST FOR PRODUCTION NO. 5:** All Documents reflecting any revisions, amendments, updates, or changes to policies, procedures, guidelines, protocols, or manuals relating to the operation, management, supervision, care, safety, or oversight of residents or staff at The Lord's Ranch, including drafts, redlines, memoranda, and Communications discussing such changes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Separate Defendant has no responsive documents in his possession. The Lord's Ranch no longer exists and has not existed for many years. Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 6:** All Documents relating to any Plaintiff in this action, including but not limited to incident reports, disciplinary records, or other records of interactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Separate Defendant does not possess any responsive documents or records. Separate Defendant will supplement, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 7:** All Communications between You and any Plaintiff in this action, or any parent, guardian, or representative of a Plaintiff, relating in any way to The Lord's Ranch, its staff, operations, or residents.

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Separate Defendant has no responsive documents in his possession.  Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 8:** All internal Communications among staff, administrators, owners, board members, agents, or representatives of The Lord's Ranch relating in any way to any Plaintiff in this action, or any parent, guardian, or representative of a Plaintiff. This includes, but is not limited to, Communications concerning admissions, placement, supervision, care, discipline, complaints, safety concerns, incidents, investigations, health or medical issues, education, family contact, or discharge.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:** Separate Defendant has no responsive documents in his possession.  The Lord's Ranch no longer exists and has not existed for many years. Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 9:** All external Communications between The Lord's Ranch (including its staff, administrators, owners, board members, agents, or representatives) and any third party relating in any way to any Plaintiff in this action, or any parent, guardian, or representative of a Plaintiff. This includes, but is not limited to, Communications with parents, guardians, family members, state agencies, law enforcement, courts, schools, medical providers, or other outside entities concerning admissions, placement, supervision, care, discipline, complaints, safety concerns, incidents, investigations, health or medical issues, education, family contact, or discharge.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:** Separate Defendant has no responsive documents in his possession.  The Lord's Ranch no longer exists and has not existed

4

for many years. Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 10:** All Documents, including incident reports, investigation files, witness statements, disciplinary records, and related materials, concerning any Plaintiff in this action, or any parent, guardian, or representative of a Plaintiff, including but not limited to reports of abuse, neglect, misconduct, safety concerns, or other incidents at The Lord's Ranch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Separate Defendant has no responsive documents in his possession.  The Lord's Ranch no longer exists and has not existed for many years. Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 11:** All Communications between You and parents, guardians, or state agencies regarding resident safety concerns or complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:** Objection.  Defendant objects to this Request only to the extent it seeks information about unrelated third-parties who are not a party to this lawsuit.  Defendant objects to producing any confidential, private, or personal health information for minors unrelated to this lawsuit.

Subject to and without waiving said objections, Separate Defendant has no responsive documents in his possession.  The Lord's Ranch no longer exists and has not existed for many years. Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 12:** All Documents relating to the performance, evaluation, assessment, or discipline of staff members under Your supervision at The Lord's

5

Ranch, including but not limited to written performance evaluations, performance assessments, disciplinary records, notices, or write-ups issued to such staff members.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:** Objection.   Separate Defendant objects to this Request as overbroad and unduly burdensome because it is not limited in time or scope.  It request employee files on every employee at the Lord's Ranch over twenty years – including time periods when no Plaintiffs were present and potentially with employees who never interacted with any Plaintiffs.  Defendant further objects to the request for blanket production of private, confidential, personnel files on former employees without their consent.

Subject to and without waiving said objection, Separate Defendant did not own, operate, supervise, or manage the Lord's Ranch Christian Boys Home, Inc.  The Lord's Ranch no longer exists and has not existed for many years. Separate Defendant has no responsive documents in his possession.  Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 13:** All Communications—including, without limitation, emails, letters, text messages, or internal memoranda—between You and any other person concerning the performance, evaluation, assessment, or discipline of staff members under Your supervision at The Lord's Ranch. This request includes both formal and informal communications and covers the period of Your employment at The Lord's Ranch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Please see Response to Request No. 12.

**REQUEST FOR PRODUCTION NO. 14:** All Documents relating to the employment of Emmett A. Presley, including but not limited to his hiring, supervision, performance evaluations, complaints against him, and any disciplinary actions taken.

6

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Separate Defendant did not hire or supervise Emmett Presley. Separate Defendant has no responsive documents in his possession. Separate Defendant has no recollection of any complaints or disciplinary actions against Emmett Presley. The Lord's Ranch no longer exists and has not existed for many years. Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 15:** All personnel files, employment records, background checks, references, performance evaluations, disciplinary records, and termination records for all employees and staff members of The Lord's Ranch from 1990 to 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Objection. Separate Defendant objects to this Request as overbroad and unduly burdensome because it is not limited in time or scope. It requests employee files on every employee at the Lord's Ranch almost twenty years – including time periods when no Plaintiffs were present and would include employees who never interacted with any Plaintiffs. Defendant further objects to the request for blanket production of private, confidential, personnel files on former employees without their consent.

Subject to and without waiving said objection, Separate Defendant has no responsive documents in his possession. Separate Defendant did not own the Lord's Ranch Christian Boys Home, Inc. The Lord's Ranch no longer exists and has not existed for many years. Separate Defendant will supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 16:** All financial records showing any compensation, distributions, or benefits You received relating to Lord's Ranch or from any Lord's Ranch entity.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1)

Subject to and without waiving these objections, Separate Defendant does not have any documents in his possession responsive to this request. Separate Defendant agrees to supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 17:** All financial records of The Lord's Ranch and any affiliated or related entities, including but not limited to tax returns, profit and loss statements, balance sheets, cash flow statements, general ledgers, audit reports, and Medicaid reimbursement records, from 1990 to 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before

8

Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1)

Subject to and without waiving these objections, Separate Defendant does not have any documents in his possession responsive to this request. The Lord's Ranch no longer exists and and has not existed for many years. Separate Defendant agrees to supplement this response, as necessary, as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 18:** All Documents sufficient to show all financial accounts, investments, and other assets held by You or any entity You own or control, including bank statements, brokerage accounts, trust accounts, and other financial records.

**RESPONSE TO REQUEST NO. 18:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001)

(finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

**REQUEST FOR PRODUCTION NO. 19:** All federal and state tax returns filed by You, individually or jointly, or by any corporation, partnership, limited liability company, trust, or other business entity owned or controlled by You, from 2015 to the present, including all schedules, attachments, and amendments.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 20:** All Communications between You and any law enforcement agency, state licensing agency, investigator, or regulator relating to alleged abuse or neglect at The Lord's Ranch.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Separate Defendant does not possess any responsive documents or records. The Lord's Ranch does not exist and has not

10

existed for several years.  Separate Defendant will supplement this response as necessary as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 21:** All Documents evidencing any business interests, partnerships, joint ventures, or investment holdings in which You have held an ownership or controlling interest, from 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 22:** All communications regarding the criminal investigation and prosecution of Ted Suhl.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Separate Defendant does not possess any responsive documents or records.

**REQUEST FOR PRODUCTION NO. 23:** All insurance policies, coverage documents, certificates of insurance, or correspondence with insurers that may provide coverage for the claims asserted in this lawsuit, including professional liability, homeowners, renters, or umbrella policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Separate Defendant refers Plaintiffs to the insurance policies, which are Bates Label SUHL 000001 – 000042.

**REQUEST FOR PRODUCTION NO. 24:** All Documents relating to child protection policies, mandatory reporting procedures, and abuse prevention protocols at The Lord's Ranch.

**RESPONSE TO REQUEST NO. 24:** Separate Defendant does not possess any responsive documents or records. The Lord's Ranch does not exist and has not existed for several years.  Separate Defendant will supplement this response as necessary as discovery in this matter continues.

11

**REQUEST FOR PRODUCTION NO. 25:** All Documents relating to complaints, reports, or allegations of abuse, neglect, or misconduct by any staff member against any resident from 1990 to 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:** Objection. Separate Defendant objects to this Interrogatory only to the extent it seeks information regarding abuse unrelated to allegations of sexual abuse since that is beyond the scope of the lawsuit and its permissible claims. Defendant also objects to the extent it seeks the personal or private information of unrelated third-party minors who are not a party to this lawsuit.

Subject to and without waiving these objections, Separate Defendant does not possess any responsive documents or records. The Lord's Ranch does not exist and has not existed for several years. Separate Defendant will supplement this response as necessary as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 26:** All incident reports, accident reports, unusual occurrence reports, or similar Documents involving residents of The Lord's Ranch from 1990 to 2016.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** Defendant objects to this Request as overbroad as it seeks any type of "accident report" which could encompass a slip and fall and be completely unrelated to the allegations in the Complaint. Defendant also objects to the extent this seeks private information on unrelated third-party minors who are not a party to this lawsuit.

Subject to and without waiving these objections, Separate Defendant does not possess any responsive documents or records. The Lord's Ranch does not exist and has not existed for several

12

years.  Separate Defendant will supplement this response as necessary as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 27:** All medical records, treatment plans, therapy notes, and psychological evaluations for any Plaintiff in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:** Separate Defendant does not possess any responsive documents or records. The Lord's Ranch does not exist and has not existed for several years.  Separate Defendant will supplement this response as necessary as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 28:** All Documents sufficient to identify any attorneys, law firms, or legal representatives retained by You in connection with any actual or potential criminal, civil, or administrative proceedings relating to The Lord's Ranch, including engagement letters, retention agreements, and billing or payment records, with any privileged communications redacted.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:** Separate Defendant objects to this request to the extent it seeks the disclosure of information protected by attorney-client privilege and the attorney work product doctrine, information and materials generated in anticipation of litigation, and information otherwise privileged and not discoverable.

Subject to and without waiving these objections, Separate Defendant does not possess any responsive documents or records outside of communications with his current counsel.

**REQUEST FOR PRODUCTION NO. 29:** All Communications with the Arkansas Department of Human Services or any other state agency regarding licensing, inspections, violations, or investigations of The Lord's Ranch.

13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:** Separate Defendant does not possess any responsive documents or records. The Lord's Ranch does not exist and has not existed for several years.  Separate Defendant will supplement this response as necessary as discovery in this matter continues.

**REQUEST FOR PRODUCTION NO. 30:** All real property records, deeds, titles, mortgages, and tax records for any property owned, co-owned, or controlled by You from 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 31:** All Documents evidencing the transfer, conveyance, or assignment of any real property owned, co-owned, or controlled by You to any other Defendant in this action, including deeds, title records, closing statements, and related agreements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 32:** All Documents evidencing any real property currently owned, co-owned, or controlled by You, including but not limited to deeds, title records, mortgage documents, property tax records, and ownership reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 33:** All Documents evidencing any personal property owned, co-owned, or controlled by You with a value of $10,000 or more, including but not limited to vehicles, boats, aircraft, equipment, securities, or other assets, together with any titles, registration documents, or ownership records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 34:** All Documents evidencing any ownership, co-ownership, or control by You of jewelry, artwork, antiques, collectibles, or other luxury items acquired, sold, or held from 2015 to the present, including but not limited to appraisals, purchase records, sales records, insurance schedules, or ownership certificates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 35:** All Documents reflecting any personal financial statements, net worth statements, asset inventories, or other financial disclosures prepared by or for You, individually or jointly, or for any business entity owned or controlled by You, from 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 36:** All Documents relating to the transfer, conveyance, sale, gift, or other disposition of any real property, personal property, or other assets

15

by You, individually or jointly, or by any corporation, partnership, limited liability company, or other business entity owned or controlled, in whole or in part, by You, from 2015 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 37:** All financial statements, balance sheets, profit-and-loss statements, general ledgers, or other financial records from 2015 to the present for any corporation, partnership, limited liability company, or other business entity owned or controlled, in whole or in part, by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

**REQUEST FOR PRODUCTION NO. 38:** All bank account records, including monthly statements, deposit slips, cancelled checks, wire transfers, and records of electronic transfers, from 2015 to the present, for any personal or business accounts held by You, individually or jointly, or by any corporation, partnership, limited liability company, or other business entity owned or controlled, in whole or in part, by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:** See response to Request No. 18, which Separate Defendant adopts and incorporates by reference as if stated here word for word.

16

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____
Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*
Michael J. Scotti, III
*Pro Hac Vice*

17

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 6th day of October 2025:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com

_____
Stuart Miller

18