# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL ROBINSON; and MAURICE COLLINS** | **PLAINTIFFS** |
| **v.**        No. 3:23-cv-230-DPM | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 9-12 &14-16; and NATHAN HARMON** | **PLAINTIFFS** |
| **v.**        No. 3:24-cv-3-DPM | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 19-24 & 29-30** | **PLAINTIFFS** |
| **v.**        No. 3:24-cv-12-DPM | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |

**DEFENDANT, LORD'S RANCH CHRISTIAN BOY'S HOME INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

COMES NOW, Defendant, Lord's Ranch Christian Boy's Home Inc., by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of this entity is Lord's Ranch Christian Boy's Home, Inc. No other former names, fictitious names, or DBAs have been used by this entity.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** This entity was incorporated in the State of Arkansas on January 25, 1984. This entity was dissolved on June 22, 2023.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** The physical and mailing addresses associated with this entity are as follows: Box 700, Highway 251, Warm Springs, AR 72478 and 1033 Old Burr Road, Warm Springs, AR 72478.

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** The purpose of this entity at the time of its formation was to engage in charitable, educational, humane and religious activities, including the making of distributions to other non-profit organizations that qualify as exempt organizations under Section 501(c)(3) of the Internal Revenue Code of 1954. Upon reasonable inquiry, the entity is not aware of any formal changes to the stated purpose of the entity during its existence. At the time of its formation the purpose of this entity was to provide comprehensive behavioral health treatment and care as a residential and care facility. It later began providing care as a psychiatric residential treatment facility.

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** Based upon reasonable inquiry and the limited records available for this dissolved entity, the following individuals and entities have been identified as having served in officer, director, or agent capacities.  The original Board of Directors consisted of  Bud Suh (CEO and Director); Shirley Suhl; and Gary Wierman.  Shirley Suhl also served as the registered agent.  Much later, upon information and belief, the Board of Directors became Bud Suhl; Shirley Suhl; and Ted Suhl.  Later the Board of Directors became Shirley Suhl; Western Sky Managers, LLC; and Allied West Consulting, LLC.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** Defendant objects to this Interrogatory as overbroad, unduly burdensome, unnecessarily vague, and confusing as it seeks every individual with responsibility for "decision making" and "day to day management" over a twenty year period with no defined scope over what decision making ( e.g. hiring, finances, programs for patients, meals, etc)or day to day management (e.g. nursing, therapist, clinical staff, academic, administrative).

To the extent non-objectionable, Bud Suhl was the founder, CEO, and Director of this entity and responsible for the day-to-day management and ultimate decision-making authority for this entity during the time period alleged in Plaintiffs Third Amended Consolidated Complaint.

Throughout the life of this entity, various individuals served in roles with different levels of autonomy and decision making authority.  Alonzo Jiles served as a deputy director of this entity during, at least some, of the relevant time period.  Scott Foster served as a clinical director, Linda Griggs served as a director of nursing, etc. during at least some of the relevant time period. Ted

Suhl also served as a Deputy Director at one point and stepped in to become CEO upon his father's health deteriorating, but he subsequently founded Trinity Behavioral Health almost immediately after taking over as CEO of The Lord's Ranch.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Lord's Ranch Christian Boys Home, Inc shared its physical location at the same spot as Trinity Behavioral Health Care System, Incorporated. Bud Suhl served as the President/CEO of this Defendant and also served as an officer and/or director, at least at some point, of separate named entity defendants – Burklyn Corporation, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Christian International Medical Sciences Foundation, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

Ted Suhl served as an officer and/or director, at least at some point, of separate named entity defendants – The Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), Maxus, Inc., Burklyn Corporation, Warm Springs Christian center, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Trinity Dynamics Incorporated, Horizon Sunrise Management, Triennia Health Care, Inc., Millinea Health Care, Inc., Green Valley Asset Management, Cornerstone Treatment Center, Inc., Rolling Hills Investments, Trinity Dynamics, Inc., LLC, Christian International Medical Sciences Foundation, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

Shirley Suhl, at least at some point,  served as secretary/treasurer of this this Defendant and also served as an officer or director of the Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), the Lord's Ranch Christian Boys Home,

Trinity Dynamics, Inc., Burklyn Corporation, Cornerstone Treatment Center, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** During the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, Lord's Ranch Christian Boys Home Inc.'s business activities consisted of providing comprehensive behavioral health treatment and care as a residential care facility consistent with the charitable and education purposes described in Response to Interrogatory No. 4, above.  It also began providing care as a psychiatric residential treatment facility.

**INTERROGATORY NO. 9:** Describe in detail your role in the ownership, operation, management, staffing, funding, or oversight of The Lord's Ranch during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 9:** Separate Defendant the Lord's Ranch objects to this Interrogatory as confusing because it was the corporate entity referenced in Interrogatory No. 9.   In an effort to respond to this Interrogatory - Bud Suhl was the founder, CEO, and Director of this entity and responsible for the day-to-day management and ultimate decision-making authority for this entity during the time period alleged in Plaintiffs Third Amended Consolidated Complaint.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the matters described in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** Based upon reasonable inquiry, the individuals with the most knowledge of the matters described in Interrogatory No. 9 are Bud Suhl,

who is deceased.  Other individuals with some knowledge are Shirley Suhl, Ted Suhl, Kristi Kirk, and Alonzo Jiles.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or reflect the matters described in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The documents that support, relate to, or reflect the matters described in Interrogatory No. 9 include the Articles of Incorporation, Articles of Dissolution of a Non-Profit Corp, and records available through the Arkansas Secretary of State database.  These were previously provided in discovery as SUHL (000080 – 000085).  Please also see documents previously provided from the Arkansas DHS that were obtained via subpoena at SUHL (000192-000980). Defendant is unable to obtain additional records due to the fact the Lord's Ranch ceased active operations over a decade ago and subsequently dissolved and/or forfeited.  Defendant agrees to supplement this response if additional responsive information is located as discovery in this matter continues

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production.

**RESPONSE TO INTERROGATORY NO. 12:** After reasonable inquiry and diligent search, The Lord's Ranch Christian Boys Home, Inc. states that it has consulted with individuals with knowledge including Ted Suhl, Shirley Suhl, Kristi Kirk, Emmett Presley, and Alonzo Jiles. We physically searched the offices at 1033 Old Burr Road for documentation, subpoenaed Arkansas DHS, subpoenaed the Chicago Department of Education, and requested records from the Arkansas Secretary of State's Office. We further submitted information request to all possible and potential Insurers.  Responsive documents related to Insurance were previously produced as Bates No. SUHL (000001 – 000042); responsive documents related to entity formation and corporate

structure were previously produced as Bates No. SUHL (000080 – 000085); and responsive documents obtained from subpoena to Arkansas DHS were previously produced as Bates No. SUHL (000192-000980).  Unfortunately, this entity ceased active operations over a decade ago, is dissolved, and no other files or repositories of documents belonging to or maintained by this entity could be located. The Lord's Ranch Christian Boys Home reserves the right and agrees to supplement this response if additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** After reasonable inquiry and diligent search, Lord's Ranch Christian Boy's Home Inc. states that we physically searched the offices of the Lord's Ranch at 1033 Old Burr Road for documentation, subpoenaed AR DHS, subpoenaed the Chicago Department of Education, consulted with individuals with knowledge including Shirley Suhl, Ted Suhl, Emmett Presely, Kristi Kirk and Alonzo Jiles.  We also sought records from the Arkansas Secretary of State's Office.  We further submitted information request to all possible and potential Insurers.  Responsive documents related to Insurance were previously produced as Bates No. SUHL (000001 – 000042); responsive documents related to entity formation and corporate structure were previously produced as Bates No. SUHL (000080 – 000085); and responsive documents obtained from subpoena to Arkansas DHS were previously produced as Bates No. SUHL (000192-000980).  No additional documentation was located because this entity ceased active operations over a decade ago and is currently dissolved.  No email accounts, servers, shared drives, cloud storage, physical files, personal devices, or third-party

storage locations containing documents of this entity have been identified or located.  The Lord's Ranch Christian Boys Home reserves the right and agrees to supplement this response if additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** Please see Responses to Interrogatories No. 12 & 13. The Lord's Ranch Christian Boy's Home Inc. made reasonable efforts to identify and locate documents related to this entity, including inquiring of individuals with knowledge of the entity's operations and searching for any physical or electronic records that may have been maintained by or on behalf of the entity.  We submitted to subpoenas to regulatory bodies like Arkansas DHS, sought records from the Arkansas Secretary of State's office, and submitted claims to insurers.  We previously produced all responsive documentation we received or were able to locate.  Unfortunately, The Lord's Ranch Christian Boy's Home Inc. ceased active operations over a decade ago and is currently dissolved.  As such, it did not have any documents in its possession, custody, or control. No custodians or repositories were intentionally excluded from the search; rather, no custodians or repositories of documents belonging to this entity could be identified or located beyond the foregoing sources.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch

ever existed but are no longer in your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** The Lord's Ranch Christian Boys Home, Inc. states that documents relating to its corporate structure existed and were previously produced as Bates No. SUHL (000080-000085). Additional documents related to the corporation were also produced after they were received via subpoena from the Arkansas Department of Human Services as Bates No. SUHL (000192-000980). Those records contain evidence of licensing application, permit process, organizational charts, policies and procedures, licensing reviews and inspections, among other information. Unfortunately, Lord's Ranch Christian Boy's Home ceased active operations well over a decade ago and is a dissolved entity. Any other documentation related to its corporate structure are no longer in its possession, custody, or control despite diligent efforts to obtain. Please also see Responses to Interrogatories No. 12, 13, & 14

The Lord's Ranch Christian Boys Home, Inc. states that is unclear what Plaintiff means by documents regarding its "relationship with any other related entity." The documents related to its corporate structure that were previously produced as Bates No. SUHL (000080-000085) show that it was founded as its own entity by Bud Suhl. The Lord's Ranch Christian Boys Home, Inc. states that it operated a behavioral healthcare facility for residential and psychiatric treatment at the same physical location were Trinity Behavioral Health subsequently operated. However, they are separate entities. Any other documentation concerning its operations was produced as Bates No. SUHL (000192-000980). However, The Lord's Ranch Christian Boys Home, Inc. ceased active operations well over a decade ago and is a dissolved entity. No other responsive documentation related to its corporate operations are in its possession, custody, or control despite diligent efforts to obtain. Please also see Responses to Interrogatories No. 12, 13, & 14.

Lord's Ranch Christian Boys states that it has produced all documentation related to its operation in its possession, custody, or control. Documentation concerning The Lord's Ranch Christian Boys Home and Trinity Behavioral Health was previously produced as Bates No. SUHL (000192-000980). It's corporate formation documents were previously produced as Bates No. SUHL (000080-000085). Other documents concerning its operation absolutely existed at one time. However, Lord's Ranch Christian Boys ceased active operations more than a decade ago and is a dissolved entity. To the extent any additional documents once existed, Lord's Ranch Christian Boys believes they were destroyed in the routine course of business following the expiration of the applicable statute of limitations and/or any applicable document retention period. As a result, no additional custodians, repositories, or document storage systems for this entity have been identified or located. The Lord's Ranch Christian Boy's Home Inc. has not identified any evidence that documents were intentionally destroyed outside of the routine course of business due to expiration of limitations periods and the significant passage of time. No other responsive documentation are in its possession, custody, or control despite diligent efforts to obtain. Please also see Responses to Interrogatories No. 12, 13, & 14.

Lord's Ranch Christian Boys Home, Inc. investigation into these matters is ongoing, and Lord's Ranch Christian Boys Home, Inc. reserves the right to supplement this response as additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such

account, state the name of the financial institution, account number (last four digits only), type of account, dates the account was opened, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** The Lord's Ranch Christian Boy's Home Inc. objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks detailed financial account information for an entity that has been dissolved and/or forfeited. The Lord's Ranch Christian Boys Home further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because the Lord's Ranch Christian Boys

Home ceased active operations over a decade ago and is a dissolved entity. The Interrogatory seeks detailed financial account information for an entity that no longer exists and the owner founder/owner, Bud Suhl, is also deceased.  Defendant further objects to the extent it is charitably immune.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____
Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*_____
Michael J. Scotti, III
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com


Stuart P. Miller