# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL
ROBINSON; and MAURICE COLLINS                                    PLAINTIFFS

v.                              No. 3:23-cv-230-DPM

EMMETT PRESLEY, et al.                                           DEFENDANTS

JOHN DOES 9-12 &14-16; and
NATHAN HARMON                                                    PLAINTIFFS

v.                              No. 3:24-cv-3-DPM

EMMETT PRESLEY, et al.                                           DEFENDANTS

JOHN DOES 19-24 & 29-30                                          PLAINTIFFS


v.                              No. 3:24-cv-12-DPM

EMMETT PRESLEY, et al.                                           DEFENDANTS

## DEFENDANT, LORD'S RANCH CHRISTIAN BOYS HOME'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION

COMES NOW, Defendant, Lord's Ranch Christian Boys Home, by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Requests for Production* states as follows:

**REQUEST FOR PRODUCTION NO. 1**: All documents sufficient to show all bank accounts, financial accounts, or repositories – domestic or *foreign* – of funds held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, including but not limited to documents identifying the financial institution, account numbers, account holders, and authorized signatories for the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because. The Interrogatory seeks detailed financial account information for an entity that has been dissolved and/or forfeited. The Lord's Ranch Christian Boys Home ceased active operations over a decade ago and is a dissolved and/or forfeited entity. The owner founder/owner, Bud Suhl, is also deceased.

**REQUEST FOR PRODUCTION NO. 2**: All bank statements, account statements, and transaction records for all accounts identified in response to Request for Production No. 1, for the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because. The Interrogatory seeks detailed financial account information for an entity that has been dissolved and/or forfeited. The Lord's Ranch Christian Boys Home ceased active operations over a decade ago and is a dissolved and/or forfeited entity. The owner founder/owner, Bud Suhl, is also deceased.

**REQUEST FOR PRODUCTION NO. 3**: All documents reflecting any transfers, payments, or distributions of funds to any member, owner, officer, director, manager, or any Related Entity, including but not limited to distributions, dividends, draws, or other payments, for the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at \*4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because. The Interrogatory seeks detailed financial account information for an entity that has been dissolved and/or forfeited. The Lord's Ranch Christian Boys Home ceased active operations over a decade ago and is a dissolved and/or forfeited entity. The owner founder/owner, Bud Suhl, is also deceased.

**REQUEST FOR PRODUCTION NO. 4**: All federal and state tax returns filed by or on behalf of you, including all schedules, attachments, and supporting documents, for the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because. The Interrogatory seeks detailed financial account information for an entity that has been dissolved and/or forfeited. The Lord's Ranch Christian Boys Home ceased active operations over a decade ago and is a dissolved and/or forfeited entity. The owner founder/owner, Bud Suhl, is also deceased.

**REQUEST FOR PRODUCTION NO. 5**: All documents reflecting the flow of funds between you and any Related Entity, including but not limited to intercompany transfers, loans, payments, or shared expenses, for the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because. The Interrogatory seeks detailed financial account information for an entity that has been dissolved and/or forfeited. The Lord's Ranch Christian Boys Home ceased active operations over a decade ago and is a dissolved and/or forfeited entity. The owner founder/owner, Bud Suhl, is also deceased.

**REQUEST FOR PRODUCTION NO. 6**: All documents reflecting the identity of any accountant, accounting firm, bookkeeper, or financial consultant who provided services to you, including contact information and dates of service.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** Separate Defendant objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because. The Interrogatory seeks detailed financial account information for an entity that has been dissolved and/or forfeited. The Lord's Ranch Christian Boys Home ceased active operations over a decade ago and is a dissolved and/or forfeited entity. The owner founder/owner, Bud Suhl, is also deceased.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,**
**GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____

Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*

Michael J. Scotti, III
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 29th day of May 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com


Stuart P. Miller