# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL ROBINSON; and MAURICE COLLINS** | **PLAINTIFFS** |
| **v.**         No. 3:23-cv-230-DPM | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 9-12 &14-16; and NATHAN HARMON** | **PLAINTIFFS** |
| **v.**         No. 3:24-cv-3-DPM | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 19-24 & 29-30** | **PLAINTIFFS** |
| **v.**         No. 3:24-cv-12-DPM | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |

**DEFENDANT, LORD'S RANCH BEHAVIORAL HEALTH CARE SYSTEM'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

COMES NOW, Defendant, Lord's Ranch Behavioral Health Care System, by and through its attorneys, Mitchell, Williams, Selig, Gates and Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of this entity is The Lord's Ranch Behavioral Health Care System, Incorporated. This entity amended its name to Trinity Behavioral Health Care Systems Incorporated on or around December 29, 2008.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** This entity was incorporated in the State of Arkansas on July 8, 2005. The entity's name was subsequently amended to Trinity Behavioral Health Care Systems Incorporated on December 29, 2008. The entity was dissolved on or about June 22, 2023.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** The principal place of business and mailing address for this entity was 1033 Old Burr Road, Warm Springs, Arkansas 72478.

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** The purpose of this entity at the time of its formation was to provide comprehensive behavioral health treatment and care as a residential and psychiatric care facility. Lord's Ranch Behavioral Health Care System name was subsequently amended to Trinity Behavioral Health Care Systems Incorporated on December 29, 2008. The Lord's Ranch Behavioral Health Care System is not aware of any formal changes to that stated purpose during the entity's existence.

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** The following individuals are known to have served as officers, directors or in other capacities for The Lord's Ranch Behavioral Health Care System: Ted Suhl served Incorporator, Board member, and as President; Shirley Suhl served as Secretary and Treasurer.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** Ted Suhl and Shirley Suhl were responsible for the day-to-day management and decision-making for this entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** The Lord's Ranch Behavioral Health Care System, Inc. amended its name and became Trinity Behavioral Health Care Systems Incorporated on December 29, 2008.

The Lord's Ranch Behavioral Health Care System shared its physical location at the same spot as the Lord's Ranch Christian Boys Home, Inc.  Ted Suhl served as the President of this Defendant and also served, at least at one point, as an officer and/or director of separate named entity defendants –Trinity Behavioral Health, Maxus, Inc., Burklyn Corporation, Warm Springs Christian center, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Trinity Dynamics Incorporated, Horizon Sunrise Management, Triennia Health Care, Inc., Millinea Health Care, Inc., Green Valley Asset Management, Cornerstone Treatment Center, Inc., Rolling Hills Investments, Trinity Dynamics, Inc., LLC, Christian International Medical Sciences

Foundation, Inc., The Lord's Ranch Christian Boys Home, and The Lord's Ranch Psychiatric Unit, Inc.

Shirley Suhl served as secretary/treasurer of this this Defendant and also served, at least at one point, as an officer or director of the Trinity Behavioral Health, the Lord's Ranch Christian Boys Home, Trinity Dynamics, Inc., Burklyn Corporation, Cornerstone Treatment Center, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** As stated in Response to Interrogatory No. 4, the business activities conducted by this entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint consisted of providing comprehensive behavioral health treatment and care as a residential and psychiatric care facility.

**INTERROGATORY NO. 9:** Describe in detail your role in the ownership, operation, management, staffing, funding, or oversight of The Lord's Ranch during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 9:** Defendant did not exist at any point until it was incorporated on or around July 8, 2005. On or around that date The Lord's Ranch Behavioral Healthcare System, Incorporated, was formed and was subsequently amended on or around December 29, 2008, to be called Trinity. After its formation, Defendant operated as a licensed residential and psychiatric care facility. On or around the time the entity began to operate as Trinity, it ran a Residential and Psychiatric Care facility in the same location the Lord's Ranch previously operated. Trinity did not have any ownership or operation of the Lord's Ranch, which

was a separate entity owned and operated by Bud Suhl and operated prior to the creation of this Defendant.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the matters described in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** The persons with knowledge of the facts stated in Defendant's Response to Interrogatory No. 9 are Ted Suhl and Shirley Suhl.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or reflect the matters described in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The documents that support, relate to, or reflect the matters described in Response to Interrogatory No. 9 include the Articles of Incorporation, Amendment to the Articles, the Articles of Dissolution, and records available through the Arkansas Secretary of State database.  These documents were previously produced as Bates No. SUHL 000068-000072.  Please also see the documents previously provided in discovery that Defendant obtained from DHS at Bates No. SUHL 000192-000980.  Defendant is unable to obtain additional records due to the fact Trinity ceased active operations in or around 2014 and subsequently dissolved.  Defendant agrees to supplement this response if additional responsive information is located as discovery in this matter continues.

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production.

**RESPONSE TO INTERROGATORY NO. 12:** After reasonable inquiry and diligent search, we have inquired with Ted Suhl, Shirley Suhl, registered agent Joel P. Landreneau, and Arkansas DHS.  The only documents that have been located in connection with this entity are the Articles of Incorporation, Amendment to the Articles, information available through the Arkansas

Secretary of State's website, and documents in the possession and custody of DHS that were previously produced as Bates No. SUHL 000068-000072 and Bates No. SUHL 000192-000980. Defendant is unable to obtain additional records due to the fact Trinity ceased active operations in or around 2014 and subsequently dissolved.  Accordingly, no files or repositories of documents belonging to or maintained by this entity could be located, other than the foregoing publicly available records.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** Defendant inquired with Ted Suhl, Shirley Suhl, and registered agent Joel P. Landreneau.  Offices at 1033 Old Burr Road were physically searched for documentation.  Defendant also requested records from Arkansas DHS who had oversight authority and controlled licensing.  Further, Defendant also inquired with insurers and sought records from Chicago Department of Education.

After reasonable inquiry and a diligent search, Trinity Behavioral Health states that this entity has been dissolved and/or forfeited, and no physical or electronic repositories of documents maintained by or on behalf of this entity have been located. The only sources of responsive information that have been identified are the Articles of Incorporation for this entity, and records available through the Arkansas Secretary of State's website. No email accounts, servers, shared drives, cloud storage, physical files, personal devices, or third-party storage locations containing documents of this entity have been identified or located.

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types

of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** After reasonable inquiry and a diligent search, Lord's Ranch Behavioral Health Care System states that this entity has been dissolved and/or forfeited. Counsel for Trinity Behavioral Health made reasonable efforts to identify and locate documents related to this entity, including inquiring of individuals with knowledge of the entity's operations and searching for any physical or electronic records that may have been maintained by or on behalf of the entity. We also sought records directly from DHS and other licensing entities. Those efforts did not yield any documents within Trinity Behavioral Health's possession, custody, or control, with the exception of the Articles of Incorporation, information available on the Arkansas Secretary of State's website, and documents received from DHS we previously produced. No custodians or repositories were intentionally excluded from the search; rather, no custodians or repositories of documents belonging to this entity could be identified or located beyond the foregoing sources.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch ever existed but are no longer in your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** The Lord's Ranch Behavioral Health Care System states that documents relating to its corporate structure existed and were previously produced as Bates No. SUHL (000068-000072). We further produced documents obtained from DHS that relate to this entity (along with the Lord's Ranch Christian Boys Home, Inc. and Trinity Behavioral Health Care) at at Bates No. SUHL (000192-000980). The DHS documents contain

evidence of licensing application, permit process, organizational charts, policies and procedures, licensing reviews and inspections, among other information Additional documents certainly existed at one point, but this entity became Trinity Behavioral Health in 2008, ceased active operations in 2014, and subsequently dissolved.

The Lord's Ranch Behavioral Health Care System has a relationship with Trinity Behavioral Health Care Systems and documents to evidence that fact. On or around or around December 29, 2008, The Lord's Ranch Behavioral Healthcare System, Incorporated, was amended and changed its name to be called Trinity Behavioral Health Care Systems. *See* Bates No. SUHL (000068-000072). The Lord's Ranch Behavioral Health Care System has no other documents concerning a "related entity" but we were able to produce documents we received from the Arkansas Department of Human Services via subpoena that we previously produced in discovery at Bates No. SUHL 000192-000980. Those contain evidence of licensing application, permit process, organizational charts, policies and procedures, licensing reviews and inspections, among other information. These contain documents for the Lord's Ranch Christian Boys Home and Trinity Behavioral Health Care Systems.

The Lord's Ranch Behavioral Health Care System has no documents in its possession, custody, or control related to the Lord's Ranch Christian Boys Home. These were separate entities that were formed at different times.

However, to the extent any additional documents once existed, The Lord's Ranch Behavioral Healthcare System  believes they were destroyed in the routine course of business following the expiration of the applicable statute of limitations and/or any applicable document retention period. The Lord's Ranch Behavioral Healthcare System further states that this entity (or Trinity Behavioral Health Care Systems Incorporated) ceased active operations in 2014 and was

subsequently dissolved.   As a result, no additional custodians, repositories, or document storage systems for this entity have been identified or located. The Lords Ranch Behavioral Healthcare System has not identified any evidence that documents were intentionally destroyed in anticipation of litigation and affirmatively states it did not destroy any documents in anticipation of litigation.

The Lords Ranch Behavioral Healthcare System's investigation into these matters is ongoing, and The Lords Ranch Behavioral Healthcare System reserves the right to supplement this response as additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of account, dates the account was opened, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Lord's Ranch Behavioral Health Care System objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks detailed financial account information, including account numbers, dates, and signatory authority, for an entity that has been dissolved and/or forfeited. It further seeks information for an entity that did not exists during relevant time periods for the majority, if not all, of the remaining Plaintiffs. Lord's Ranch Behavioral Health Care System further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to

punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because The Lord's Ranch Behavioral Health Care System ceased active operations around 2014 and is a dissolved entity.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,**
**GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____

Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*
Michael J. Scotti, III
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com

Stuart P. Miller