# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL ROBINSON; and MAURICE COLLINS** | **PLAINTIFFS** |
| **v.**       **No. 3:23-cv-230-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 9-12 &14-16; and NATHAN HARMON** | **PLAINTIFFS** |
| **v.**       **No. 3:24-cv-3-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 19-24 & 29-30** | **PLAINTIFFS** |
| **v.**       **No. 3:24-cv-12-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |

## DEFENDANT, TRINITY BEHAVIORAL HEALTH'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

COMES NOW, Defendant, Trinity Behavioral Health, by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of this entity is Trinity Behavioral Health Care System, Incorporated ("Trinity"), formerly known as The Lord's Ranch Behavioral Heath Care System, Incorporated. No other former names, fictitious names, or DBAs have been used by this entity.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** This entity was incorporated in the State of Arkansas as the Lord's Ranch Behavioral Healthcare Systems, Incorporated on or around July 8, 2005. Its name was amended to Trinity Behavioral Health Care Systems, Incorporated on December 29, 2008. It remained active until around 2014 and this entity was dissolved on June 22, 2023.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** The principal place of business and mailing address for this entity was 1033 Old Burr Road, Warm Springs, Arkansas 72478.

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** At the time of its formation the purpose of this entity was to provide comprehensive behavioral health treatment and care as a residential and psychiatric care facility.

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** The following individuals have served as officers or agents of this entity: Ted Suhl, President and Organizer; and Shirley Suhl, Secretary

Treasurer.   Joel Landreneau never served as an officer, director, member manager, owner or otherwise and only served as Registered Agent.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** Ted Suhl and Shirley Suhl were responsible for the day-to-day management and decision-making of this entity during the time period alleged in Plaintiffs Third Amended Consolidated Complaint.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Trinity Behavioral Health Care System, Incorporated shared its physical location at the same spot as the Lord's Ranch Christian Boys Home, Inc.  Ted Suhl served as the President of this Defendant and also served as an officer and/or director, at least at some point, of separate named entity defendants – The Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), Maxus, Inc., Burklyn Corporation, Warm Springs Christian center, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Trinity Dynamics Incorporated, Horizon Sunrise Management, Triennia Health Care, Inc., Millinea Health Care, Inc., Green Valley Asset Management, Cornerstone Treatment Center, Inc., Rolling Hills Investments, Trinity Dynamics, Inc., LLC, The Lord's Ranch Christian Boys Home, Christian International Medical Sciences Foundation, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

Shirley Suhl served as secretary/treasurer of this this Defendant and also served as an officer or director, at least at some point,  of the Lord's Ranch Behavioral Healthcare System

Incorporated (which became Trinity Behavioral Health), the Lord's Ranch Christian Boys Home, Trinity Dynamics, Inc., Burklyn Corporation, Cornerstone Treatment Center, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** During the time period of incorporation, Defendant's business practices consisted of providing comprehensive behavioral health treatment and care as a psychiatric treatment and residential care facility.  Trinity Behavioral Health would note that of the remaining fifteen (15) Plaintiffs in the Third Amended Consolidated Complaint, the majority, if not all, attended the Lord's Ranch and left prior to the incorporation of Trinity.

**INTERROGATORY NO. 9:** Describe in detail your role in the ownership, operation, management, staffing, funding, or oversight of The Lord's Ranch during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 9:** Trinity did not have any ownership, management, operational control, staffing, or oversight the Lord's Ranch Christian Boys Home, which was a separate entity owned by Bud Suhl and operated prior to the creation of this Defendant.

Defendant did not exist at any point until it was incorporated on or around July 8, 2005. On or around that date The Lord's Ranch Behavioral Healthcare System, Incorporated, was formed and was subsequently amended on or around December 29, 2008, to be called Trinity Behavioral Health.  After its formation, Defendant operated as a licensed residential and psychiatric care facility.  On or around the time the entity began to operate as Trinity, it ran a Residential and Psychiatric Care facility in the same location the Lord's Ranch previously operated.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the matters described in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** The individuals with knowledge of the matters described in Response to Interrogatory No. 9 are Ted Suhl and Shirley Suhl.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or reflect the matters described in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The documents that support, relate to, or reflect the matters described in Response to Interrogatory No. 9 include the Articles of Incorporation, Amendment to the Articles, the Articles of Dissolution, and records available through the Arkansas Secretary of State database.  These documents were previously produced as Bates No. SUHL (000068-000072).  Please also see the documents previously provided in discovery that Defendant obtained from Arkansas DHS via subpoena as Bates No. SUHL (000192-000980).  Please also see documents related to insurers that were produced as Bates No. SUHL (000001 – 000042).  Trinity Behavioral Health reserves the right and agrees to supplement this response if additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production.

**RESPONSE TO INTERROGATORY NO. 12:** After reasonable inquiry and diligent search, Trinity Behavioral Health. states that we physically searched the offices of the at 1033 Old Burr Road for documentation, subpoenaed Arkansas DHS, subpoenaed the Chicago Department of Education, consulted with individuals with knowledge including Shirley Suhl, Ted Suhl, Kristi Kirk, Alonzo Jiles, and registered agent Joel P. Landreneau.  We also sought records from the

Arkansas Secretary of State's office. We further submitted information request to all possible and potential Insurers.  Responsive documents related to Insurance were previously produced as Bates No. SUHL (000001 – 000042); responsive documents related to entity formation and corporate structure were previously produced as Bates No. SUHL (000068 – 000072); and responsive documents obtained from subpoena to Arkansas DHS were previously produced as Bates No. SUHL (000192-000980).  Defendant is unable to obtain additional records due to the fact Trinity ceased active operations in or around 2014 and subsequently dissolved.  Accordingly, no files or repositories of documents belonging to or maintained by this entity could be located, other than the foregoing.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** After reasonable inquiry and diligent search, Trinity Behavioral Health states that we physically searched the offices of the at 1033 Old Burr Road for documentation, subpoenaed Arkansas DHS, subpoenaed the Chicago Department of Education, consulted with individuals with knowledge including Shirley Suhl, Ted Suhl, Kristi Kirk, Alonzo Jiles, and registered agent Joel P. Landreneau.  We also sought records from the Arkansas Secretary of State's office. We further submitted information request to all possible and potential Insurers.  Responsive documents related to Insurance were previously produced as Bates No. SUHL (000001 – 000042); responsive documents related to entity formation and corporate structure were previously produced as Bates No. SUHL (000068 – 000072); and responsive documents obtained from subpoena to Arkansas DHS were previously produced as Bates No. SUHL (000192-000980).  No additional documentation was located because this entity ceased

active operations over a decade ago and is currently dissolved.  No email accounts, servers, shared drives, cloud storage, physical files, personal devices, or third-party storage locations containing documents of this entity have been identified or located.  Trinity Behavioral Health reserves the right and agrees to supplement this response if additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** Please see Responses to Interrogatories 12 & 13.  After reasonable inquiry and a diligent search, Trinity Behavioral Health made reasonable efforts to identify and locate documents related to this entity, including inquiring of individuals with knowledge of the entity's operations and searching for any physical or electronic records that may have been maintained by or on behalf of the entity.  We submitted to subpoenas to regulatory bodies like Arkansas DHS, sought records from the Arkansas Secretary of State's office, and submitted claims to insurers.  We previously produced all responsive documentation we received or were able to locate.  Unfortunately, Trinity Behavioral Health ceased active operations over a decade ago and is currently dissolved.  As such, it did not have any documents in its possession, custody, or control. No custodians or repositories were intentionally excluded from the search; rather, no custodians or repositories of documents belonging to this entity could be identified or located beyond the foregoing sources.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch

ever existed but are no longer in your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** Trinity Behavioral Health states that documents relating to its corporate structure existed and were previously produced as Bates No. SUHL (000068-000072). Additional documents related to the corporation were also produced after they were received via subpoena from the Arkansas Department of Human Services as Bates No. SUHL (000192-000980). Those records contain evidence of licensing application, permit process, organizational charts, policies and procedures, licensing reviews and inspections, among other information. Unfortunately, Trinity Behavioral Health ceased active operations over a decade ago and is a dissolved entity. Any other documentation related to its corporate structure are no longer in its possession, custody, or control despite diligent efforts to obtain. Please also see Responses to Interrogatories No. 12, 13, & 14.

Trinity Behavioral Health states that is unclear what Plaintiff means by documents regarding its "relationship with any other related entity." The documents related to its corporate structure that were previously produced as Bates No. SUHL (000068-000072) show that it was founded on or around July 8, 2005 as "The Lord's Ranch Behavioral Healthcare System Incorporated." By subsequent amendment the name was changed to Trinity Behavioral Health. As such, these entities are related. Trinity Behavioral Health further states that it operated a behavioral healthcare facility for residential and psychiatric treatment at the same physical location as the Lord's Ranch Christian Boys home previously operated. However, they are separate entities. Any other documentation concerning its operations was produced as Bates No. SUHL (000192-000980). However, Trinity Behavioral Health ceased active operations over a decade ago and is a dissolved entity. No other responsive documentation related to its corporate operations

are in its possession, custody, or control despite diligent efforts to obtain.  Please also see Responses to Interrogatories No. 12, 13, & 14.

Trinity Behavioral Health states that it has no documentation related to the operation o the Lord's Ranch Christian Boys home in its possession, custody, or control.  As discussed, Trinity Behavioral Health was a separate entity that was formed in after the Lord's Ranch Christian Boys Home.  Documentation concerning Trinity Behavioral Health and The Lord's Ranch Christian Boys Home was previously produced as Bates No. SUHL (000192-000980).  Trinity Behavioral Health ceased active operations over a decade ago and is a dissolved entity.  To the extent any additional documents once existed, Trinity Behavioral Health believes they were destroyed in the routine course of business following the expiration of the applicable statute of limitations and/or any applicable document retention period.  As a result, no additional custodians, repositories, or document storage systems for this entity have been identified or located. No other responsive documentation are in its possession, custody, or control despite diligent efforts to obtain.  Please also see Responses to Interrogatories No. 12, 13, & 14.

Trinity Behavioral Health's investigation into these matters is ongoing, and Trinity Behavioral Health reserves the right to supplement this response as additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of

account, dates the account was opened, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Trinity Behavioral Health objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks detailed financial account information for an entity that has been dissolved and/or forfeited. It further seeks information for an entity that did not exist during relevant time periods for the majority, if not all, of the remaining Plaintiffs.  Trinity Behavioral Health further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because Trinity Behavioral Health was not

formed until the Plaintiffs were left, it ceased active operations on or around 2014, and is a dissolved entity.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____
Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*_____
Michael J. Scotti, III
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com

Stuart P. Miller