# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL**
**ROBINSON; and MAURICE COLLINS**                                  **PLAINTIFFS**

**v.**                                    **No. 3:23-cv-230-DPM**

**EMMETT PRESLEY, et al.**                                          **DEFENDANTS**

**JOHN DOES 9-12 &14-16; and**
**NATHAN HARMON**                                                    **PLAINTIFFS**

**v.**                                    **No. 3:24-cv-3-DPM**

**EMMETT PRESLEY, et al.**                                          **DEFENDANTS**

**JOHN DOES 19-24 & 29-30**                                          **PLAINTIFFS**

**v.**                                    **No. 3:24-cv-12-DPM**

**EMMETT PRESLEY, et al.**                                          **DEFENDANTS**

## DEFENDANT, MAXUS INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

COMES NOW, Defendant Maxus Inc., by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of this entity is Maxus, Incorporated. This entity has also been known as Arkansas Counseling Associates. No other former names, fictitious names, or DBAs have been used.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** Maxus, Incorporated was incorporated in the State of Arkansas on April 23, 1999. The entity is currently in good standing with the Arkansas Secretary of State.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** Maxus Inc.'s principal place of business and mailing address is 1033 Old Burr Road, Warm Springs, Arkansas 72478.

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** The purpose of formation of this entity is to provide outpatient counseling services.

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** The following persons and entities have served in the identified capacities on behalf of Maxus, Inc.: Ted Suhl, served as President; Laura Suhl as Vice President; and Shirley Suhl as Secretary and Treasurer.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** Ted Suhl was the sole individual responsible for the day-to-day management and decision-making of Maxus, Inc. during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Maxus, Inc. shares a principal place of business at the 1033 Old Burr Road location with other entities.

Ted Suhl served as the President of this Defendant and also served as an officer and/or director, at least at some point, of separate named entity defendants – The Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), The Lord's Ranch Christian Boys Home, Burklyn Corporation, Warm Springs Christian center, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Trinity Dynamics Incorporated, Horizon Sunrise Management, Triennia Health Care, Inc., Millinea Health Care, Inc., Green Valley Asset Management, Cornerstone Treatment Center, Inc., Rolling Hills Investments, Trinity Dynamics, Inc., LLC, Christian International Medical Sciences Foundation, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

Shirley Suhl served as secretary/treasurer of this this Defendant and also served as an officer or director, at least at some point, of the Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), the Lord's Ranch Christian Boys Home, Trinity Dynamics, Inc., Burklyn Corporation, Cornerstone Treatment Center, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Maxus, Inc. incorporates and restates here word for word its Response to Interrogatory No. 4. The business activities conducted by Maxus, Inc. during the time period alleged in Plaintiffs Third Amended Consolidated Complaint were consistent with and in furtherance of the entity's stated purpose, of which is to provide outpatient counseling and all activities reasonably related thereto.

**INTERROGATORY NO. 9:** Identify all facts supporting your contention that you had no involvement in the allegations in this case.

**RESPONSE TO INTERROGATORY NO. 9:** Maxus, Inc. incorporates and restates here word for word its Response to Interrogatory No. 4. Maxus, Inc. was created to provide outpatient counseling. The sole connection between Maxus, Inc. and The Lord's Ranch and/or Trinity Behavioral Health is that the entity was created by Ted Suhl and shares a mailing address with other entities involved in this lawsuit. Maxus, Inc. had no operational involvement in or control over the activities of The Lord's Ranch or Trinity Behavioral Health.  Maxus, Inc. conducted outpatient counseling and did not have a license to operate, nor did it operate, any residential or psychiatric care facility unlike The Lord's Ranch Christian Boys Home, Inc. and/or Trinity Behavioral Health.  It did not own, operate, or control any activities of the Lord's Ranch or Trinity Behavioral Health. Maxus, Inc. is an entirely separate entity that engaged in unrelated business – which was outpatient counseling.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** The individual with knowledge of the facts stated in Maxus, Inc.'s responses to Interrogatory No. 9 is Ted Suhl.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or were relied upon in making the contention described in Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The documents that support, relate to, or were relied upon in connection with the contention described in Interrogatory No. 9 are the Articles of Incorporation of Maxus, Inc. and the records maintained on the Arkansas Secretary of State's public database.  We also consulted with Ted Suhl (President).

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production to you.

**RESPONSE TO INTERROGATORY NO. 12:** After reasonable inquiry and a diligent search, Maxus, Inc. states that it consulted with the entity's management and individuals with knowledge of the business including Ted Suhl.  We also obtained incorporation documents that are publicly available on the Arkansas Secretary of State's website, which are equally accessible to all parties. Maxus, Inc. reserves the right and agrees to supplement this response if additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to physical locations, email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** After reasonable inquiry, Maxus Inc. states that a diligent search was conducted of all locations and repositories reasonably believed to contain responsive documents. This search included inquiry into any physical files, records, or documents associated with the entity. The only sources of responsive information identified are

the Articles of Incorporation of Maxus Inc. and the records maintained on the Arkansas Secretary of State's website. Maxus Inc. does not maintain email accounts, servers, shared drives, cloud storage, or other electronic repositories, and no responsive documents were located in any personal devices or in any third-party storage. Accordingly, no additional locations, repositories, or sources of information beyond those identified above were found to contain responsive documents.

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** After reasonable inquiry, Maxus Inc. states that counsel conducted a diligent search for responsive documents by consulting with the entity's management regarding the existence and location of any documents pertaining to the entity's formation, structure, operations, and any relationship with The Lord's Ranch, Trinity Behavioral Health, or any related entity. The search consisted of inquiry into physical records associated with the entity, consultation with management, and review of publicly available information. No custodians or repositories were excluded from the search..

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch ever existed but are no longer in Your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** As to documents relating to Maxus Inc.'s corporate structure it has corporate documents. The Articles of Incorporation and the filings and records maintained on the Arkansas Secretary of State's website, which remain available.

Maxus Inc.'s does not have any documents with any "related entity."   Maxus Inc. states that, as set forth in its Response to Interrogatory No. 9, the only association this entity has with The Lord's Ranch and/or Trinity Behavioral Health is that the entity was created by Ted Suhl and shares a mailing address with other entities involved in this lawsuit.  Maxus, Inc. is an entirely separate entity that performed unrelated business operations.  Maxus, Inc. conducted outpatient counseling and did not have a license to operate, nor did it operate, any residential or psychiatric care facility similar to The Lord's Ranch Christian Boys Home, Inc. and/or Trinity Behavioral Health.  As such, Maxus Inc. is not aware of any documents reflecting a relationship with any related entity that previously existed.

Maxus Inc. states that it had no involvement in the operation of The Lord's Ranch, as set forth in its responses to prior interrogatories. Maxus, Inc. is not aware of any documents relating to the operation of The Lord's Ranch that were ever in its possession, custody, or control as it is a separate corporation. Maxus Inc. has not intentionally destroyed, discarded, or transferred any documents responsive to this Interrogatory.

Maxus, Inc. reserves the right to supplement this response if additional information becomes available, consistent with Maxus, Inc.'s obligations under the Federal Rules of Civil Procedure

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of

account, dates the account was open, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Maxus, Inc. objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks detailed financial account information for an entity that is separate from the Lord's Ranch and Trinity Behavioral Health and not related to the allegations in this lawsuit.  Maxus, Inc. further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence since Maxus Inc. was not involved with the Lord's Ranch hiring practices, management, or business operations.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____
Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*_____
Michael J. Scotti, III
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com


Stuart P. Miller