Case 3:23-cv-00230-DPM    Document 185-15    Filed 06/16/26    Page 1 of 12

# EXHIBIT 15

**JUNEIN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL ROBINSON; and MAURICE COLLINS** | **PLAINTIFFS** |
| **v.**                    **No. 3:23-cv-230-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 9-12 &14-16; and NATHAN HARMON** | **PLAINTIFFS** |
| **v.**                    **No. 3:24-cv-3-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 19-24 & 29-30** | **PLAINTIFFS** |
| **v.**                    **No. 3:24-cv-12-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |

**DEFENDANT, CORNERSTONE TREATMENT CENTER INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

COMES NOW, Defendant, Cornerstone Treatment Center Inc., by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of this entity is Cornerstone Treatment Center, Inc. Upon information and belief, this entity has not used any former names, fictitious names or DBAs at any time.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** This entity was incorporated in the State of Arkansas on July 31, 2006. The entity's charter was forfeited on or around November 3, 2020, and it is no longer in active status.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** The principal place of business and mailing address for Cornerstone Treatment Center, Inc. was 1033 Old Burr Road, Warm Springs, Arkansas 72428.

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** At the time of its formation the primary purpose of Cornerstone Treatment Center was to provide comprehensive behavioral health treatment and care and to conduct any other business enterprises. This entity was formed with the intention of purchasing another company but never did.  The entities stated purpose was never operationalized and no operations were carried out..

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** The following individuals served in the identified capacities for Cornerstone Treatment Center: Ted Suhl, President; Shirley Suhl, Secretary and Treasurer.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** During the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, the individuals responsible for the day-to-day management and decision-making for Cornerstone Treatment Center were Ted Suhl, in his capacity as President, and Shirley Suhl, in her capacity as Secretary and Treasurer.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Cornerstone Treatment Center, Inc., shared its principal address shared its physical location of 1033 Old Burr Road as the same spot as the Lord's Ranch Christian Boys Home, Inc. and Trinity Behavioral Health.

Ted Suhl served as the President of this Defendant and also served as an officer and/or director, at least at some point, of separate named entity defendants – The Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), Maxus, Inc., Burklyn Corporation, Warm Springs Christian center, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Trinity Dynamics Incorporated, Horizon Sunrise Management, Triennia Health Care, Inc., Millinea Health Care, Inc., Green Valley Asset Management, Rolling Hills Investments, Trinity Dynamics, Inc., LLC, The Lord's Ranch Christian Boys Home, Christian International Medical Sciences Foundation, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

Shirley Suhl served as secretary/treasurer of this this Defendant and also served as an officer or director, at least at some point, of the Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), the Lord's Ranch Christian Boys Home, Trinity Dynamics, Inc., Burklyn Corporation, and The Lord's Ranch Psychiatric Unit, Inc

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Cornerstone Treatment Center was formed with the intention of purchasing another company but never did.  After its formation, Cornerstone Treatment Center did not conduct any business activities. The entity's stated purpose was never operationalized, and accordingly, no business operations were carried out during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint or at any other time. Further, Cornerstone Treatment Center, Inc. was not formed until 2006 after most, if not all, remaining Plaintiffs had left the Lord's Ranch.

**INTERROGATORY NO. 9:** Identify all facts supporting your contention that you had no involvement in the allegations in this case.

**RESPONSE TO INTERROGATORY NO. 9:** Cornerstone Treatment Center contends that it had no involvement in the allegations set forth in this case. Cornerstone Treatment Center was formed with the intention of purchasing another company but never did.  Following its formation, Cornerstone Treatment Center did not conduct any business activities. The entity's stated purpose was never operationalized, and accordingly, no business operations were carried out during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint or at any other time.  It did not employ any individuals nor did it have any operations.  Accordingly, Cornerstone Treatment Center, Inc. could not have been involved in the conduct alleged by

Plaintiffs.  Further, Cornerstone Treatment Center was not formed until July 31, 2006 after most, if not all, remaining Plaintiffs had left the Lord's Ranch.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** The following individuals have knowledge of the facts stated in the Response to Interrogatory No. 9: Ted Suhl and Shirley Suhl.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or were relied upon in making the contention described in Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The documents that support, related to, or were relied upon in making the contention described in Interrogatory No. 9 include that Articles of Incorporation and records available through the Arkansas Secretary of State's database that were previously produced as Bates No. SUHL (000086-000087).  We also consulted with Ted Suhl.  This entity no longer exists having been dissolved in 2020, but Cornerstone Treatment Center, Inc. will supplement this response if additional documentation becomes available.

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production to you.

**RESPONSE TO INTERROGATORY NO. 12:** Cornerstone Treatment Center, Inc. consulted with former President Ted Suhl and former Secretary/Treasurer Shirley Suhl.  Offices at 1033 Old Burr Road were physically searched for documentation.  We also requested records from Arkansas DHS.  We also obtained incorporation documents from the Arkansas Secretary of State that were previously produced as Bates No. SUHL (000086-000087).   Cornerstone Treatment Center Inc. reiterates that this entity never carried out any business operations as stated in Response to Interrogatories No. 8 & 9.

In addition, Cornerstone Treatment Center Inc. forfeited its charter several years ago, and no other custodians with files have been identified. Accordingly, no additional custodians' files were searched, as no files or repositories of documents belonging to or maintained by this entity could be located, other than those previously referenced.  Cornerstone Treatment Center Inc. reserves the right and agrees to supplement this response if additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to physical locations, email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** Please see Response to Interrogatory No. 12.  Defendant consulted with former President Ted Suhl and former Secretary/Treasurer Shirley Suhl.  Offices at 1033 Old Burr Road were physically searched for documentation.  We also requested records from Arkansas DHS and searched for incorporating documents with the Arkansas Secretary of State.

After reasonable inquiry and a diligent search, Cornerstone Treatment Center Inc. states no other physical or electronic repositories of documents maintained by or on behalf of this entity have been located. No email accounts, servers, shared drives, cloud storage, physical files, personal devices, or third-party storage locations containing documents of this entity have been identified or located.

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types

of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** Please see Responses to Interrogatories No. 12 & 13.  Cornerstone Treatment Center Inc. made reasonable efforts to identify and locate documents related to this entity, including inquiring of individuals with knowledge of the entity's operations like Ted and Shirley Suhl; searching for any physical or electronic records that may have been maintained by or on behalf of the entity, including at the physical office in 1033 Old Burr Road. We also sent requested records from Arkansas DHS and records from the Arkansas Secretary of State's Office.  The incorporating documents that were previously produced as Bates No. SUHL (000086-000087).

Cornerstone Treatment Center Inc.'s stated purpose was never operationalized, and accordingly, no business operations were carried out.  Further, Cornerstone Treatment Center Inc.'s charter was forfeited several years ago and there are no additional responsive documents within its possession, custody, or control. No custodians or repositories were intentionally excluded from the search; rather, no custodians or repositories of documents belonging to this entity could be identified or located beyond the foregoing sources.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch ever existed but are no longer in Your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** Cornerstone Treatment Center Inc. states that documents relating to its corporate structure existed and were previously produced as Bates No. SUHL (000086-000087).

Cornerstone Treatment Center, Inc. does not have any documents related to an alleged relationship with another "related entity." It was formed in 2006 with the idea of potentially purchasing a separate and unrelated entity.  This never occurred so the entity's stated purpose was never operationalized, and accordingly, no business operations were carried out.   As such, there would be no documents that exists evidencing a relationship with a "related entity."  The only similarity with other named Defendants is that certain individuals served as an officer of both companies. Ted Suhl was the President of this entity and Shirley Suhl was the secretary/treasurer. However, Cornerstone Treatment Center, Inc. had no relationship with another entity nor any documents related to those entities.

Cornerstone Treatment Center, Inc. never had any documentation in its possession, custody, or control related to the operation of The Lord's Ranch Christian Boys Home or Trinity Behavioral Health.  Cornerstone Treatment Center, Inc. was a separate entity and would never have had any such documentation.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of account, dates the account was open, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Cornerstone Treatment Center, Inc. objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks detailed financial information for a

separate entity that never carried out its business purpose and was subsequently dissolved. It further seeks information for an entity that did not exists during relevant time periods for the majority, if not all, of the remaining Plaintiffs.  Cornerstone Treatment Center, Inc. further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because Cornerstone Treatment Center, Inc. ceased active operations on or around 2020 and is a dissolved entity.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____

Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*

Michael J. Scotti, III
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com

Stuart P. Miller