# EXHIBIT 16

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL
ROBINSON; and MAURICE COLLINS**                    **PLAINTIFFS**

**v.**                          **No. 3:23-cv-230-DPM**

**EMMETT PRESLEY, et al.**                         **DEFENDANTS**

**JOHN DOES 9-12 &14-16; and
NATHAN HARMON**                                    **PLAINTIFFS**

**v.**                          **No. 3:24-cv-3-DPM**

**EMMETT PRESLEY, et al.**                         **DEFENDANTS**

**JOHN DOES 19-24 & 29-30**                        **PLAINTIFFS**

**v.**                          **No. 3:24-cv-12-DPM**

**EMMETT PRESLEY, et al.**                         **DEFENDANTS**

**DEFENDANT, BURKLYN CORPORATION'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES**

COMES NOW, Defendant, Burklyn Corporation, by and through its attorneys, Mitchell,

Williams, Selig, Gates and Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs'*

*Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any

fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of the responding

entity is Burklyn Corporation. Burklyn Corporation has also been known as The Lord's Ranch

Maintenance Company. No other former names, fictitious names, or DBAs have been used.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** This entity was incorporated on December 29, 1976, in the State of Arkansas. Burklyn Corporation is currently active and in good standing with the Arkansas Secretary of State.  See documents previously produced as Bates No. SUHL (000048-000055).

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** The mailing address is 1033 Old Burr Road, Warm Springs, Arkansas 72478. *See* documents previously produced as Bates No. SUHL (000048-000055).

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** At the time of its formation the purpose of this entity was to organize and engage in the business of farming, ranching, and manufacturing, and to engage in all activities necessary, suitable, or convenient for the accomplishment of such purposes, or incidental thereto or connected therewith. Defendant also applied for a fictitious name as the "The Lord's Ranch Real Estate Maintenance Co." on or around February 5, 2003, and its stated purpose was to conduct "Real Estate Maintenance."  See documents previously produced as Bates No. SUHL (000048-000055).

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** From the time of its formation, Bud L. Suhl and Shirley Suhl served as officers and/or directors of the entity. In or about 2006, Ted Suhl assumed the role of President, and Shirley Suhl continued to serve as Secretary. Defendant is not aware of any additional persons who served as officers, directors, members, managers, or owners of the entity beyond those identified herein.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** From the time of Burklyn Corporation's formation until approximately 2006, Bud L. Suhl and Shirley Suhl were responsible for the day-to-day management and decision-making of the entity. From approximately 2006 forward, Ted Suhl and Shirley Suhl assumed responsibility for day-to-day management and decision-making of the entity.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Burklyn Corporation shares a principal mailing address with the other named Defendants at the 1033 Old Burr Road address like The Lord's Ranch Christian Boys Home, Inc. and Trinity Behavioral Health.

Bud Suhl served as the owner, President/CEO of this Defendant and also served as an officer and/or director, at least at some point, of separate named entity defendants – The Lord's

Ranch Christian Boys Home, Inc., The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Christian International Medical Sciences Foundation, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

Ted Suhl served as an officer and/or director, at least at some point, of separate named entity defendants – The Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), Maxus, Inc., The Lord's Ranch Christian Boys Home, Inc., Warm Springs Christian center, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Trinity Dynamics Incorporated, Horizon Sunrise Management, Triennia Health Care, Inc., Millinea Health Care, Inc., Green Valley Asset Management, Cornerstone Treatment Center, Inc., Rolling Hills Investments, Trinity Dynamics, Inc., LLC, Christian International Medical Sciences Foundation, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

Shirley Suhl, at least at some point, served as secretary/treasurer of this this Defendant and also served as an officer or director of the Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), the Lord's Ranch Christian Boys Home, Inc., Trinity Dynamics, Inc., Burklyn Corporation, Cornerstone Treatment Center, Inc., and The Lord's Ranch Psychiatric Unit, Inc

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Defendant refers Plaintiffs to its Response for Interrogatory No. .4. The purpose of Burklyn Corporation is to organize and engage in the business of farming, ranching, and manufacturing, and to engage in all activities necessary, suitable, or convenient for the accomplishment of such purposes, or incidental thereto or connected therewith. It also operated under the fictitious name "The Lord's Ranch Real Estate Maintenance

Co." on or around February 5, 2003, to conduct "Real Estate Maintenance." It conducted activities consistent with this.

**INTERROGATORY NO. 9:** Identify all facts supporting your contention that you had no involvement in the allegations in this case.

**RESPONSE TO INTERROGATORY NO. 9:** Defendant refers Plaintiffs to its Response for Interrogatory No. 4. The purpose of Burklyn Corporation is to organize and engage in the business of farming, ranching, and manufacturing, and to engage in all activities necessary, suitable, or convenient for the accomplishment of such purposes, or incidental thereto or connected therewith. It also operated as a Real Estate Maintenance Company under a fictitious name. Burklyn Corporation had no involvement in the allegations set forth in the Complaint. The only association Burklyn Corporation has with The Lord's Ranch and/or Trinity Behavioral Health is that the entity was created by Bud Suhl, shares an address with other entities involved in this lawsuit, and Ted Suhl became President after his father passed. Burklyn Corporation did not participate in, direct, control, and had no operational authority over Trinity Behavioral Health or The Lord's Ranch related to any of the conduct alleged in Plaintiffs' Third Amended Consolidated Complaint.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** The persons with knowledge of the facts stated in Defendant's Response to Interrogatory No. 9 are Bud L. Suhl, Ted Suhl and Shirley Suhl.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or were relied upon in making the contention described in Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The documents that support Defendant's contention described in Interrogatory No. 9 are the Articles of Incorporation and the publicly available records maintained on the Arkansas Secretary of State's website at previously produced as Bates No. SUHL (000048-000055).  We also consulted with Ted Suhl.

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production to you.

**RESPONSE TO INTERROGATORY NO. 12:** After reasonable inquiry, Burklyn Corporation states that it consulted individuals with knowledge of the business including Ted Suhl and Shirley Suhl.  Offices at 1033 Old Burr Road were physically searched for documentation. We also obtained incorporation documents from the Arkansas Secretary of State that were previously produced as Bates No. SUHL (000048-000055).

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to physical locations, email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** Please see Response to Interrogatory No. 12.  Burklyn Corporation consulted with individuals with knowledge including Ted Suhl.  We physically searched the offices at 1033 Old Burr Road, sought records from the Arkansas Secretary of State website that were previously produced as Bates No. SUHL (000048-000055).

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** Please see Responses to Interrogatories No. 12 & 13.  Burklyn Corporation made reasonable efforts to identify and locate documents related to this entity by consulting with the entity's management regarding the existence and location of any documents pertaining to the entity's formation, structure, operations, and any relationship with The Lord's Ranch, Trinity Behavioral Health, or any related entity. The search consisted of inquiry into physical records associated with the entity and review of publicly available information.  We made reasonable efforts to identify and locate documents related to this entity, including inquiring of individuals with knowledge of the entity's operation, searching for any physical or electronic records that may have been maintained by or on behalf of the entity. We physically searched the offices at 1033 Old Burr Road, consulted with management including Ted Suhl.  We also searched for publicly available documents on the Arkansas Secretary of State Database.  No custodians or repositories were intentionally excluded from the search; rather, no custodians or repositories of documents belonging to this entity could be identified or located beyond the foregoing sources.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch ever existed but are no longer in Your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** Burklyn Corporation states that documents related to its corporate structure exists and were previously produced as Bates No. SUHL (000048-000055).

Burklyn Corporation does not have any documents related to an alleged relationship with another "related entity."  It was formed for farming and real estate maintenance.  The only

similarity with other named Defendants is the mailing address and that certain individuals served as officers of other related companies (Bud Suhl, Shirley Suhl, & Ted Suhl).  However, Burklyn Corporation is not aware of any documents reflecting a relationship with any related entity nor does it believe one would have ever existed.  As such, there are no responsive documents in Burlyn Corporation's possession, custody, or control for other related entities.

Burklyn Corporation never had any documentation in its possession, custody, or control related to the operation of The Lord's Ranch Christian Boys Home or Trinity Behavioral Health. Burklyn Corporation is a separate entity that was used for farming and real estate maintenance.  It never had custody, possession, or control of any documentation related to the separate Lord's Ranch Christian Boys Home or Trinity Behavioral Health.  Burklyn Corporation has not intentionally destroyed, discarded, or transferred any documents responsive to this Interrogatory.

Burklyn Corporation reserves the right, and agrees to, supplement this Response to the extent any information is obtained that is responsive to this Interrogatory.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of account, dates the account was open, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Burklyn Corporation objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks detailed financial account information for an entity that

had no operational control or authority over The Lord's Ranch Christian Boys Home or Trinity Behavioral Health.  Burklyn Corporation further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence since it seeks information for an unrelated entity that was not involved in the allegations contained in the Complaint.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____

Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*_____

Michael J. Scotti, III
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com

Stuart P. Miller