# EXHIBIT 17

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL ROBINSON; and MAURICE COLLINS** | **PLAINTIFFS** |
| | |
| **v.**          **No. 3:23-cv-230-DPM** | |
| | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| | |
| **JOHN DOES 9-12 &14-16; and NATHAN HARMON** | **PLAINTIFFS** |
| | |
| **v.**          **No. 3:24-cv-3-DPM** | |
| | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| | |
| **JOHN DOES 19-24 & 29-30** | **PLAINTIFFS** |
| | |
| **v.**          **No. 3:24-cv-12-DPM** | |
| | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |

## DEFENDANT, GOOD SAMARITAN REHABILITATION CENTER INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

COMES NOW, Defendant, Good Samaritan Rehabilitation Center, Inc., (hereinafter "Good Samaritan" or "Defendant") by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of this entity is Good Samaritan Rehabilitation Center, Inc. Upon reasonable inquiry, Defendant is not aware of any former names, fictitious names, or DBAs at any time.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** This entity was incorporated in the State of Arkansas on May 22, 1990. The entity's current status is forfeited. Please see Documents previously produced at Bates No. SUHL (000046-00047).  Based on the information available, and upon information and belief, the forfeiture occurred on or around 1996 or 2006; however, Defendant is unable to identify the precise date of forfeiture based on the records currently available and will supplement this response if additional information is identified.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** The physical addresses associated with Good Samaritan Rehabilitation Center, Inc. are as follows: 1033 Old Burr Road, Warm Springs, Arkansas 72478 (principal place of business); and P.O. Box 600, Warm Springs, Arkansas 72478 (mailing address).

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** The primary purpose of Good Samaritan at the time of its formation was to own and operate facilities for the treatment of troubled adolescents and adults and all general purposes related thereto, and to conduct any other business

enterprise not contrary to law.  *See* Bates No. (SUHL 000046).  Upon information and belief, this entity never obtained any licenses to operate and did not conduct any business.  Bud Suhl was the founder of this company.  Ted Suhl was one of the original Incorporators and Board of Directors but ultimately ceased working with this company soon thereafter since it did not obtain a license or conduct any business.

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** Based on information currently available, the following persons served in the capacities identified below in connection with Good Samaritan: Bud Suhl; Dr. Jack Hanberry (President and Vice President, Incorporator and original Board of Directors); Mary Malone (Secretary & Treasurer); Ted Suhl (Incorporator, original Board of Directors, and registered agent). Ted Suhl was one of the original Incorporators and Board of Directors but ultimately ceased working with this company soon thereafter since it did not obtain a license or conduct any business.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** Based on information currently available the persons responsible for the day-to-day management and decision-making of Good Samaritan during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint were Jack A. Hanberry and Mary Malone.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Good Samaritan Rehabilitation Center, Inc. shared a principal place of business and mailing address with other entities located at 1033 Old Burr Road, which included The Lord's Ranch Christian Boys Home, Inc. and Trinity Behavioral Health.

Jack Hanberry was the President and Vice President of this Defendant but also served as an officer and/or director, at least at some point, of separate named entity defendants Christian International Medical Sciences Foundation, Inc.

Mary Malone was the Secretary and Treasurer of this Defendant but also served as an officer and/or director, at least at some point, of separate named entity defendants Christian International Medical Sciences Foundation, Inc.

Ted Suhl served as an Incorporator and original board of director before resigning shortly after as the company did not obtain a license. He also served as an officer and/or director, at least at some point, of separate named entity defendants – The Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), Maxus, Inc., Burklyn Corporation, Warm Springs Christian center, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Trinity Dynamics Incorporated, Horizon Sunrise Management, Triennia Health Care, Inc., Millinea Health Care, Inc., Green Valley Asset Management, Rolling Hills Investments, Trinity Dynamics, Inc., LLC, The Lord's Ranch Christian Boys Home, Christian International Medical Sciences Foundation, Inc., Cornerstone Treatment Center, Inc. and The Lord's Ranch Psychiatric Unit, Inc.

Bud Suhl also served as an officer and/or director, at least at some point, of separate named entity defendants – Burklyn Corporation, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Christian International Medical Sciences Foundation, Inc., and The Lord's Ranch Psychiatric Unit, Inc., and The Lord's Ranch Christian Boys Home, Inc.

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Defendants refers Plaintiffs to its Response for Interrogatory No. 4. The business activities conducted by Good Samaritan during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint consisted of owning and operating facilities for the treatment of troubled adolescents and adults, and all general purposes related thereto.  However, it is believed that this entity never got a license and never conducted any business activities.

**INTERROGATORY NO. 9:** Identify all facts supporting your contention that you had no involvement in the allegations in this case.

**RESPONSE TO INTERROGATORY NO. 9:** Defendants refers Plaintiffs to its Response for Interrogatory No. 4. Good Samaritan stated purpose was to own and operate facilities for the treatment of troubled adolescents and adults, and all general purposes related thereto. However, it is believed that the entity never got a license to operate a facility and therefore never conducted any business activities.  It was believed to have been dissolved in or around 1996 without ever conducting any operations. The President/Vice President were Jack Hanberry and the Secretary/Treasurer were Mary Malone.  This entity had no affiliation with the Lord's Ranch.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** The persons with knowledge of the facts stated in Defendant's Response to Interrogatory No. 9 are Jack A. Hanberry, Mary Malone, and Ted, Suhl.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or were relied upon in making the contention described in Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The documents that support, relate to, or were relied upon in connection with the contention described in Interrogatory No. 9 are the Articles of Incorporation and records available through the Arkansas Secretary of State's database previously produced at at Bates No. SUHL (000046-00047).

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production to you.

**RESPONSE TO INTERROGATORY NO. 12:** After reasonable inquiry and a diligent search, Good Samaritan Rehabilitation Center, Inc. states that it consulted with Individuals with knowledge of the business including Ted Suhl.  Offices at 1033 Old Burr Road were physically searched for documentation.  We also obtained incorporation documents from the Arkansas Secretary of State that were previously produced as Bates No. SUHL (000046-00047).  Good Samaritan Rehabilitation Center, Inc. reiterates that this entity never obtained a license and is not believed to have carried out any business operations as stated in Responses to Interrogatories No. 8 & 9.

In addition, Good Samaritan Rehabilitation Center, Inc. forfeited its charter as early as 1996, and no other custodians with files have been identified. Accordingly, no additional custodians' files were searched, as no files or repositories of documents belonging to or maintained by this entity could be located, other than those previously referenced.   Good Samaritan

Rehabilitation Center, Inc. reserves the right and agrees to supplement this response if additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to physical locations, email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** Please see Response to Interrogatory No. 12.  Defendant consulted with individuals with knowledge including Ted Suhl.  Offices at 1033 Old Burr Road were physically searched for documentation.  We also searched for incorporating documents with the Arkansas Secretary of State.  Further, we inquired into any potential applicable insurance information.

After reasonable inquiry and a diligent search, Good Samaritan Rehabilitation Center, Inc. states that this entity has been dissolved and/or forfeited, and no physical or electronic repositories of documents maintained by or on behalf of this entity have been located. No email accounts, servers, shared drives, cloud storage, physical files, personal devices, or third-party storage locations containing documents of this entity have been identified or located

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** Please see Responses to Interrogatories No. 12 & 13.  Good Samaritan Rehabilitation Center, Inc. made reasonable efforts to identify and

locate documents related to this entity, including inquiring of individuals with knowledge of the entity's operations like Ted Suhl; searching for any physical or electronic records that may have been maintained by or on behalf of the entity, including at the physical office in 1033 Old Burr Road. We also sent requested records from Arkansas DHS and records from the Arkansas Secretary of State's Office.   Aside from the incorporating documents that were previously produced as Bates No. SUHL (000046-00047), we were unable to locate any other documents

It is believed that Good Samaritan Rehabilitation Center, Inc. never obtained a license, and no business activities were carried out.  Further, Good Samaritan Rehabilitation Center, Inc.'s charter was over twenty (20) years ago and there are no additional responsive documents within its possession, custody, or control. No custodians or repositories were intentionally excluded from the search; rather, no custodians or repositories of documents belonging to this entity could be identified or located beyond the foregoing sources.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch ever existed but are no longer in Your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** Good Samaritan Rehabilitation Center, Inc. states that documents relating to its corporate structure existed and were previously produced as Bates No. SUHL (000046-00047).  To the extent any additional documentation exists, we have been unable to locate it since the entity forfeited its charter over twenty (20) years ago.

Good Samaritan Rehabilitation Center, Inc. does not have any documents related to an alleged relationship with another "related entity." It was formed in 1990 but, upon information and belief, it never obtained a license, and no business operations were carried out.   As such, there

would be no documents that exists evidencing a relationship with a "related entity."  The only similarity with other named Defendants is that Ted Suhl served as an initial Board of Director and Incorporator for this entity before resigning.  However, there was no relationship with another entity.  The actual President and Secretary/Treasurer were Jack Hanberry and Mary Malone.

Good Samaritan Rehabilitation Center, Inc. never had any documentation in its possession, custody, or control related to the operation of The Lord's Ranch Christian Boys Home or Trinity Behavioral Health.  Good Samaritan Rehabilitation Center, Inc. was a separate entity and would never have had any such documentation.

Good Samaritan Rehabilitation Center, Inc. reserves the right to supplement this response if additional information becomes available, consistent with Good Samaritan Rehabilitation Center, Inc.'s obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of account, dates the account was open, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Good Samaritan Rehabilitation Center, Inc. objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks detailed financial information, for an entity that has been dissolved and/or forfeited over twenty (20) years ago. It further seeks information for an unrelated entity that we do not believe conducted any business operations and

was not related to the Lord's Ranch Christian Boys Home, Inc. or Trinity Behavioral Health.  Good Samaritan Rehabilitation Center, Inc. further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because Good Samaritan Rehabilitation Center, Inc. ceased active operations on or around 1996 or 2006 and has been a dissolved entity for over twenty years.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,**
**GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _Stuart Miller_____

Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*_____

Michael J. Scotti, III
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com

Stuart P. Miller