# EXHIBIT 20

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL
ROBINSON; and MAURICE COLLINS                                    PLAINTIFFS

v.                          No. 3:23-cv-230-DPM

EMMETT PRESLEY, et al.                                           DEFENDANTS

JOHN DOES 9-12 &14-16; and
NATHAN HARMON                                                    PLAINTIFFS

v.                          No. 3:24-cv-3-DPM

EMMETT PRESLEY, et al.                                           DEFENDANTS

JOHN DOES 19-24 & 29-30                                          PLAINTIFFS

v.                          No. 3:24-cv-12-DPM

EMMETT PRESLEY, et al.                                           DEFENDANTS

## DEFENDANT, HORIZON SUNRISE MANAGEMENT'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

COMES NOW, Defendant, Horizon Sunrise Management, by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of this entity is Horizon Sunrise Management, Inc. Upon reasonable inquiry, Horizon Sunrise Management is not aware of any former names, fictitious names or DBAs at any time.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** This entity was incorporated in the State of Nevada on June 23, 2011. The entity is currently listed as active.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** The following physical and mailing address are associated with Horizon Sunrise Management: 9107 West Russell Road, Suite 100, Las Vegas, Nevada 89148; 3773 Howard Hughes Parkway, Suite 500S, Las Vegas, Nevada 89169; and 2360 Corporate Circle, Henderson, Nevada 89074

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** The purpose of Horizon Sunrise Management at the time of its formation was real estate management. Upon reasonable inquiry, Horizon Sunrise Management is not aware of any changes to that stated purposes for the life of the entity.

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** Ted Suhl was the sole individual who served as an officer, director, member, manager, or owner of the entity. Mr. Suhl held the titles of as President, Secretary, Treasurer and Director.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** Ted Suhl was the sole individual responsible for the day-to-day management and decision making of the entity since its formation in 2011, which was after all remaining Plaintiffs' alleged time period in the Third Amended Consolidated Complaint.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Ted Suhl is the only officer of this corporation who also served as an officer or director of another named corporate entity.

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Horizon Sunrise Management did not conduct business activities during the relevant time period alleged in the Complaint because it was not formed until 2011, after all remaining Plaintiffs had left the Lord's Ranch Christian Boys Home or Trinity Behavioral Health in Arkansas.  However, Defendants refers Plaintiffs to their response for Interrogatory No. 4 and, after it was formed in 2011, it conducted real estate management in Nevada.

**INTERROGATORY NO. 9:** Identify all facts supporting your contention that you had no involvement in the allegations in this case.

**RESPONSE TO INTERROGATORY NO. 9:** Defendant refers Plaintiffs to its response for Interrogatory No. 4 & 8. The sole business activity conducted by this entity was real estate

management.  It has no license to operate a residential or psychiatric facility and never did.  It is a Nevada corporation that has not operated in Arkansas. Further, it was also not formed until June 23, 2011, which was after every remaining Plaintiff left the Lord's Ranch as alleged in Plaintiffs' Third Amended Consolidated Complaint.  It had no involvement or connection to the Lord's Ranch or Trinity Behavioral Health aside from having an officer, Ted Suhl, who served in the company.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** Horizon Sunrise Management identifies Ted Suhl as the person with knowledge of the facts stated in its Response to Interrogatory No. 9.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or were relied upon in making the contention described in Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The following documents support or relate to the contention described in Interrogatory No. 9: Articles of Incorporation and records available through the Nevada Secretary of State's database that were previously produced as Bates No. SUHL (000091-000101).  We also consulted with Ted Suhl (President).

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production to you.

**RESPONSE TO INTERROGATORY NO. 12:** After reasonable inquiry and a diligent search, Horizon Sunrise Management states that it consulted with Individuals with knowledge of the business including Ted Suhl.  We also obtained incorporation documents from the Nevada Secretary of State that were previously produced as Bates No. SUHL (000097-000101).  Horizon Sunrise Management reserves the right and agrees to supplement this response if additional

information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to physical locations, email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** Please see Response to Interrogatory No. 13.

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** Please see Responses to Interrogatories No. 12 & 13.   Horizon Sunrise Management made reasonable efforts to identify and locate documents related to this entity, including inquiring of individuals with knowledge of the entity's operations like President Ted Suhl; and searching for any physical or electronic records that may have been maintained by or on behalf of the entity.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch ever existed but are no longer in Your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** Horizon Sunrise Management states that documents relating to its corporate structure exist and were previously produced as Bates No. SUHL (000097-000101).  It is an active entity.

Horizon Sunrise Management does not have any documents related to an alleged relationship with another "related entity."  It was formed in December 2011, long after all of the remaining Plaintiffs in the lawsuit had already left the Lord's Ranch.  Further, Horizon Sunrise Management was a separate entity, engaged in a separate type of work (real estate), and operating across the Country in another State (Nevada).  As such, there would be no documents that exists evidencing a relationship with a "related entity" because none exist.

Horizon Sunrise Management. never had any documentation in its possession, custody, or control related to the operation of The Lord's Ranch Christian Boys Home or Trinity Behavioral Health.  Horizon Sunrise Management was a separate entity, engaged in a separate type of work (real estate), and operating across the Country in another State (Nevada), and would never have had any such documentation. It was not a licensed residential or psychiatric care facility and had no involvement with the Lord's Ranch or Trinity Behavioral Health.  Further, this entity was formed (2011) after all remaining Plaintiffs had already left the Lord's Ranch or Trinity Behavioral Health.

Horizon Sunrise Management reserves the right to supplement this response if additional information becomes available, consistent with Horizon Sunrise Management's obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third

Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of account, dates the account was open, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Horizon Sunrise Management objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks detailed financial information for an unrelated Nevada entity that was not even created until after every single remaining Plaintiff in the lawsuit had left the Lord's Ranch.  This entity was incorporated in June, 2011 and no remaining Plaintiffs attended the Lord's Ranch at that time.  Horizon Sunrise Management further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because Horizon Sunrise Management is a Nevada corporation, that conducts real estate management completely unrelated to residential and psychiatric patient care, and was created after all Plaintiffs had left the Lord's Ranch.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____
Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL 60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*_____
Michael J. Scotti, III
*Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com


Stuart P. Miller