# EXHIBIT 21

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL ROBINSON; and MAURICE COLLINS** | **PLAINTIFFS** |
| **v.**      **No. 3:23-cv-230-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 9-12 &14-16; and NATHAN HARMON** | **PLAINTIFFS** |
| **v.**      **No. 3:24-cv-3-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 19-24 & 29-30** | **PLAINTIFFS** |
| **v.**      **No. 3:24-cv-12-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |

**DEFENDANT, MILLENIA HEALTH CARE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

COMES NOW, Defendant Millenia Health Care, Inc., by and through its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of this entity is Millenia Health Care, Inc. Upon reasonable inquiry, Millenia Health Care, Inc. is not aware of any former names, fictitious names or DBAs at any time.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** This entity was incorporated in the State of Florida on December 12, 2006. The entity was voluntarily dissolved in May 2025.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** The following physical and mailing addresses are associated with Millenia Health Care, Inc.: 5224 West State Route 46, Sanford, Florida 32771 (Principal Address); 1033 Old Burr Road, Warm Springs, Arkansas 72478 (Mailing Adress); and 1200 South Pine Island Road, Plantation, Florida 33324 (Registered Agent Address).

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** This entity was formed by Ted Suhl as a matter of common and ordinary business practice, in anticipation of and to facilitate potential future business operations in the health care services industry in Florida. It also engaged in healthcare consulting.  The formation of Millenia Health Care, Inc. was consistent with customary corporate planning undertaken by business professionals who establish entities in advance of anticipated operations so as to be positioned to pursue business opportunities as they arise.

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** The following individuals have served as officers, directors, members, managers, or owners of Millenia Health Care: Trisha Smith, (Director); and Ted Suhl.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** The following individuals were responsible for the day-to-day management or decision-making of Millenia Health Care during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint: Ted Suhl.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Millenia Health Care, Inc.'s principal place of business was in Florida along with its registered agent address.  It did share a mailing address with 1033 Old Burr Road along with other entity defendants like The Lord's Ranch Christian Boys Home, Inc. and Trinity Behavioral Healthcare.

Additionally, Ted Suhl served as an officer and/or director, at least at some point, of separate named entity defendants – The Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), The Lord's Ranch Christian Boys Home, Inc., Maxus, Inc., Burklyn Corporation, Warm Springs Christian center, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Trinity Dynamics Incorporated, Horizon Sunrise Management, Triennia Health Care, Inc., Millinea Health Care, Inc., Green Valley Asset Management, Cornerstone Treatment Center, Inc., Rolling Hills Investments, Trinity Dynamics, Inc., LLC,

Christian International Medical Sciences Foundation, Inc., and The Lord's Ranch Psychiatric Unit, Inc.

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Defendant refers Plaintiffs to its Response for Interrogatory No. 4. The purpose of this entity was for common and ordinary business practices, in anticipation of and to facilitate potential future business operations in the health care services industry. It also engaged in health care consulting. The formation of Millenia Health Care, Inc. was consistent with customary corporate planning undertaken by business professionals who establish entities in advance of anticipated operations so as to be positioned to pursue business opportunities as they arise.

**INTERROGATORY NO. 9:** Identify all facts supporting your contention that you had no involvement in the allegations in this case.

**RESPONSE TO INTERROGATORY NO. 9:** Defendant refers Plaintiffs to its Response for Interrogatory No. 4. The purpose of this entity was for common and ordinary business practices, in anticipation of and to facilitate potential future business operations in the health care services industry in Florida. The formation of Millenia Health Care, Inc. was consistent with customary corporate planning undertaken by business professionals who establish entities in advance of anticipated operations so as to be positioned to pursue business opportunities as they arise. However, this was a separate entity, engaged in business in a separate state (Florida), and had no management or control over the operations of separate entities in Arkansas like the Lord's Ranch Christian Boys Home, Inc. or Trinity Behavioral Health. Further, Millenia Health Care, Inc. is a Florida based company and was not involved with the alleged conduct that occurred in Arkansas.

In addition, Millenia Health Care, Inc. was founded in December 2006, long after most, if not all, of the remaining Plaintiffs had already left the Lord's Ranch.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** The following individuals have knowledge of the facts stated in Defendant's Response to Interrogatory No. 9: Ted Suhl.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or were relied upon in making the contention described in Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The following documents support, relate to, or were relied upon in connection with the contention described in Interrogatory No. 9: the Articles of Incorporation, Annual Reports filed with the applicable Secretary of State, the Voluntary Dissolution filing and the records available through the Florida Secretary of State's database.  We all consulted with Ted Suhl.

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production to you.

**RESPONSE TO INTERROGATORY NO. 12:** After reasonable inquiry and a diligent search, Millenia Health Care, Inc. states that it consulted with Individuals with knowledge of the business including Ted Suhl.  We also obtained incorporation documents from the Florida Secretary of State that were previously produced as Bates No. SUHL (000095-00096).  Millenia Health Care, Inc. reserves the right and agrees to supplement this response if additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.  Please also see Response to Interrogatory No. 11.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to physical locations, email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** Please see Response to Interrogatory No. 12.

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** Please see Responses to Interrogatories No. 12 & 13 Millenia Health Care, Inc. made reasonable efforts to identify and locate documents related to this entity, including inquiring of individuals with knowledge of the entity's operations like Ted Suhl; searching for any physical or electronic records that may have been maintained by or on behalf of the entity, including at the mailing address at 1033 Old Burr Road.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch ever existed but are no longer in Your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** Millenia Health Care, Inc. states that documents relating to its corporate structure existed and were previously produced as Bates No. SUHL (000095-000096). This entity is currently dissolved.

Millenia Health Care, Inc. does not have any documents related to an alleged relationship with another "related entity." It was formed in December 2006, long after most, if not all, of the remaining Plaintiffs in the lawsuit claim the period they attended the Lord's Ranch. Further, this is a Florida corporation that did not conduct business in Arkansas. As such, there would be no documents that exists evidencing a relationship with a "related entity." The only similarity with another named Defendant is that Ted Suhl was also involved with this company. However, there was no relationship with another "related entity."

Millenia Health Care, Inc. never had any documentation in its possession, custody, or control related to the operation of The Lord's Ranch Christian Boys Home or Trinity Behavioral Health. Millenia Health Care, Inc. was a separate entity, engaged in business in Florida, and would never have had any such documentation.

Millenia Health Care, Inc. reserves the right to supplement this response if additional information becomes available, consistent with Millenia Health Care, Inc.'s obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of account, dates the account was open, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Millenia Health Care, Inc. objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the

needs of the case. The Interrogatory seeks detailed financial information for an unrelated entity from a separate State ( Florida) that has been dissolved and/or forfeited. It further seeks information for an entity that did not exist during relevant time periods for the majority, if not all, of the remaining Plaintiffs.  Millenia Health Care, Inc. further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Defendant further objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence because Millenia Health Care, Inc. is an unrelated entity from a different State (Florida) that was created long after most, if not all Plaintiffs, had left the Lord's Ranch.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____

Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*

Michael J. Scotti, III
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com

Stuart Miller
Stuart P. Miller