# EXHIBIT 22

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

| | |
|---|---|
| **JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL ROBINSON; and MAURICE COLLINS** | **PLAINTIFFS** |
| **v.**                     **No. 3:23-cv-230-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 9-12 &14-16; and NATHAN HARMON** | **PLAINTIFFS** |
| **v.**                     **No. 3:24-cv-3-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |
| **JOHN DOES 19-24 & 29-30** | **PLAINTIFFS** |
| **v.**                     **No. 3:24-cv-12-DPM** | |
| **EMMETT PRESLEY, et al.** | **DEFENDANTS** |

**DEFENDANT, LG PROPERTY MANAGEMENT, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

COMES NOW, Defendant LG Property Management, Inc., by and through its attorneys, Mitchell, Williams, Selig, Gates and Woodyard, P.L.L.C., and for its *Objections and Responses to Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1**: Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity

defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16]. Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

Upon information and belief, the full legal name of this entity is LG Property Management, Inc. pursuant to the Arkansas Secretary of State website.

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16]. Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157]

To the extent not objectional, Per the Arkansas Secretary of State website, this entity was incorporated in the State of Arkansas on June 23, 2006. Per the Arkansas Secretary of State Website, the entity was administratively dissolved on May 2, 2011, and is no longer active.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16]. Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable, Upon information and belief, the only address associated with LG Property Management, Inc. was1033 Old Burr Road, Warm Springs, AR 72478 as listed in the Arkansas Secretary of State Website.

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16]. Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable, LG Property Management, Inc was not formed or created by Ted Suhl, Bud Suhl, or Shirley Suhl and the purpose of the entity at the time of its formation is unknown.

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16].  Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

Based upon information and belief, pursuant to the secretary of state website the following individuals have served in the identified capacities for LG Property Management, Inc.: Linda Griggs as President, Organizer, and Treasurer; Joel P. Landreneau, as Registered Agent.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity

defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16].  Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable, we do not know.  Upon information and belief, Linda Griggs is listed as the President on the Arkansas SOS website.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16].  Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have

no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16]. Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

Defendant states that LG Property Management, Inc. was not formed or created by Ted Suhl, Bud Suhl, or Shirley Suhl, and the business activities of this entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint are unknown to these individuals..

**INTERROGATORY NO. 9:** Identify all facts supporting your contention that you had no involvement in the allegations in this case.

**RESPONSE TO INTERROGATORY NO. 9:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16]. Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable Defendants do not represent this company. Defendant states that LG Property Management, Inc. was not formed or created by Ted Suhl, Bud Suhl, or Shirley Suhl. Defendant further states that, upon information and belief, neither LG Property Management, Inc., nor its known officers or agents had any involvement in the allegations set forth in Plaintiffs' Third Amended Consolidated Complaint.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16]. Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable, upon information and belief, Linda Griggs is the individual with the most knowledge of the facts as she was listed as the President on the Arkansas Secretary of State website.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or were relied upon in making the contention described in Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16]. Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109,

133 & 157].  Defendant further objects since it does not have any documentation to refer to outside of what is located publicly on the AR SOS website.

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production to you.

**RESPONSE TO INTERROGATORY NO. 12:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16].  Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable, No individual custodians were consulted, as LG Property Management, Inc. was administratively dissolved in 2011 and no custodial files are known to exist. The records of the Arkansas Secretary of State were searched in connection with Defendant's responses to Plaintiffs' Interrogatories.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to physical locations, email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity

defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16].  Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable, the sole source of information searched for responsive documents was the Arkansas Secretary of State's online database. No physical locations, email accounts, servers, shared drivers, cloud storage, personal devices, or third-party storage repositories were searched, as LG Property Management, Inc. was administratively dissolved in 2011 and no such repositories are known to exist for this entity.

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16].  Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable, the sole source of information searched for responsive documents was the Arkansas Secretary of State's online database. The entity name "LG Property Management, Inc." was used as the search term. No date ranges were applied, and no custodians or repositories were excluded, as no other sources of responsive documents are known to exist for this administratively dissolved entity.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch ever existed but are no longer in Your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16].  Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable, Defendant states that LG Property Management, Inc. was not formed or created by Ted Suhl, Bud Suhl, or Shirley Suhl and these individuals lack knowledge. They are not aware of any relationship with this entity to another entity named in this lawsuit.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name,

whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of account, dates the account was open, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Separate Defendant objects to this Interrogatory as overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence as it does not represent this entity and it is unrelated to the other named entity defendants. Please see Defendants' Corporate Disclosure Statement – Separate Defendants have no knowledge or connection to the entity identified as LG Property Management, Incorporated. [Doc. 23 at paragraph 16].  Please also see Motion to Dismiss, Motion for Summary Judgment, Motion for Summary Judgment and Motion for Summary Judgment at footnote 1. [Docs. 62, 109, 133 & 157].

To the extent not objectionable, Defendant states that LG Property Management, Inc. was not formed or created by Ted Suhl, Bud Suhl, or Shirley Suhl and these individuals lack knowledge as to any bank accounts, financial accounts, or repositories of funds that were held, maintained, used or controlled by this entity.

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _____
    Stuart P. Miller, Ark. Bar No. 88137
    John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*
    Michael J. Scotti, III
    *Pro Hac Vice*

## CERTIFICATE OF SERVICE

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com


Stuart P. Miller