# EXHIBIT 24

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOHN DOES 1, 2, 4, 5, 6, & 8; MICHAEL**
**ROBINSON; and MAURICE COLLINS**                    **PLAINTIFFS**

**v.**                    **No. 3:23-cv-230-DPM**

**EMMETT PRESLEY, et al.**                    **DEFENDANTS**

**JOHN DOES 9-12 &14-16; and**
**NATHAN HARMON**                    **PLAINTIFFS**

**v.**                    **No. 3:24-cv-3-DPM**

**EMMETT PRESLEY, et al.**                    **DEFENDANTS**

**JOHN DOES 19-24 & 29-30**                    **PLAINTIFFS**

**v.**                    **No. 3:24-cv-12-DPM**

**EMMETT PRESLEY, et al.**                    **DEFENDANTS**

**DEFENDANT, ROLLING HILLS INVESTMENTS, LLC'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

COMES NOW, Defendant Rolling Hills Investments, LLC, by and through its attorneys,

Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., and for its *Objections and Responses to*

*Plaintiffs' Second Set of Interrogatories* states as follows:

**INTERROGATORY NO. 1:** State your full legal name, all former names, and any

fictitious names or DBAs used at any time.

**RESPONSE TO INTERROGATORY NO. 1:** The full legal name of the responding

entity is Rolling Hills Investments, LLC. Upon information and belief, the entity has not used any

former names, fictitious names or DBAs at any time

**INTERROGATORY NO. 2:** State the date and state of your incorporation or formation, and your current status, including whether you are active, dissolved, or forfeited.

**RESPONSE TO INTERROGATORY NO. 2:** This corporation was formed in the State of Arkansas on May 15, 2007. The entity is currently in good standing.

**INTERROGATORY NO. 3:** Identify all physical addresses used by you, including your principal place of business, all mailing addresses, and any locations where you conducted business, and state the dates each address was used.

**RESPONSE TO INTERROGATORY NO. 3:** The mailing address of Rolling Hills Investments, LLC is 1033 Old Burr Road, Warm Springs, Arkansas 72478.

**INTERROGATORY NO. 4:** Describe your purpose at the time of formation and any changes to that purpose over time.

**RESPONSE TO INTERROGATORY NO. 4:** Rolling Hills Investments was formed for the purpose of real estate development. Upon information and belief, the entity's purpose has not changed since its formation.

**INTERROGATORY NO. 5:** Identify all persons who have served as officers, directors, members, managers, or owners of your entity, and state their titles, dates of service, and roles and responsibilities.

**RESPONSE TO INTERROGATORY NO. 5:** Ted Suhl has served as the Manager of Rolling Hills Investments, LLC.

**INTERROGATORY NO. 6:** Identify all persons responsible for day-to-day management or decision-making for your entity during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 6:** The individual responsible for day-to-day management and decision-making for Rolling Hills Investments, LLC is Ted Suhl.

**INTERROGATORY NO. 7:** Identify all entities with which you shared officers, directors, employees, physical addresses, or business operations.

**RESPONSE TO INTERROGATORY NO. 7:** Rolling Hills Investments shares its mailing address of 1033 Old Burr Road with other named Defendants like the Lord's Ranch Christian Boys Home, Inc. and Trinity Behavioral Health.

Additionally, Ted Suhl also served as an officer and/or director, at least at some point, of separate named entity defendants – The Lord's Ranch Behavioral Healthcare System Incorporated (which became Trinity Behavioral Health), Maxus, Inc., Burklyn Corporation, Warm Springs Christian center, The Lord's Ranch Christian Center and Children's Rehabilitation Unit, Trinity Dynamics Incorporated, Horizon Sunrise Management, Triennia Health Care, Inc., Millinea Health Care, Inc., Green Valley Asset Management, Green Valley Asset Management, LLC, Trinity Dynamics, Inc., The Lord's Ranch Christian Boys Home, Christian International Medical Sciences Foundation, Inc., Cornerstone Treatment Center, Inc. and The Lord's Ranch Psychiatric Unit, Inc.

**INTERROGATORY NO. 8:** Describe all business activities conducted by you during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint.

**RESPONSE TO INTERROGATORY NO. 8:** Defendant refers Plaintiffs to its Response for Interrogatory No. 4. The sole purpose and business activity of Rolling Hills Investments is real estate development.

**INTERROGATORY NO. 9:** Identify all facts supporting your contention that you had no involvement in the allegations in this case.

**RESPONSE TO INTERROGATORY NO. 9:** Defendant refers Plaintiffs to its Response for Interrogatory No. 4. Rolling Hills Investments was created for the purpose of handling various real estate developments and all activities related thereto. The entity's sole association with The Lord's Ranch and/or Trinity Behavioral Health is that it was created by Ted Suhl and shares a mailing address with some other entities involved in this lawsuit. Rolling Hills Investments, LLC had no operational involvement with, management authority over, or financial interest in The Lord's Ranch or Trinity Behavioral Health, and no facts exist to support such contention. Rolling Hills Investments, LLC had no license to operate, and did not operate, a residential or psychiatric treatment facility and was a completely unrelated entity from The Lord's Ranch Christian Boys Home and Trinity Behavioral Health. Further, this entity was created in May 2007, long after the remaining Plaintiffs in the lawsuit had left the Lord's Ranch.

**INTERROGATORY NO. 10:** Identify all persons with knowledge of the facts stated in your response to Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 10:** The individual with knowledge of the facts stated in the Response to Interrogatory No. 9 is Ted Suhl.

**INTERROGATORY NO. 11:** Identify all documents that support, relate to, or were relied upon in making the contention described in Interrogatory No. 9.

**RESPONSE TO INTERROGATORY NO. 11:** The documents that support or relate to the contention described in Interrogatory No. 9 are the Articles of Incorporation and the records maintained on the Arkansas Secretary of State database that were previously provided as Bates No. SUHL (000078-000079). We also consulted with Ted Suhl.

**INTERROGATORY NO. 12:** Identify all custodians whose files were searched, or who were consulted, in responding to Plaintiffs' Requests for Production to you.

**RESPONSE TO INTERROGATORY NO. 12:** After reasonable inquiry and a diligent search, Rolling Hills Investments, LLC states that it consulted with Individuals with knowledge of the business including Ted Suhl. Counsel consulted with the entity's management in connection with responding to this request and a diligent search was conducted. We also obtained incorporation documents from the Arkansas Secretary of State that were previously produced as Bates No. SUHL (000078-000079). Rolling Hills Investments, LLC reserves the right and agrees to supplement this response if additional information becomes available, consistent with its obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 13:** Identify all locations, repositories, or sources of information searched for responsive documents, including but not limited to physical locations, email accounts, servers, shared drives, cloud storage, physical files, personal devices, and third-party storage.

**RESPONSE TO INTERROGATORY NO. 13:** Please see Response to Interrogatory No. 12.

**INTERROGATORY NO. 14:** Describe in detail the methods used to search for responsive documents, including but not limited to search terms used, date ranges applied, types of files searched, and whether any custodians or repositories were excluded and the reasons for any such exclusion.

**RESPONSE TO INTERROGATORY NO. 14:** Please see Responses to Interrogatories No. 12 & 13. Rolling Hills Investments, LLC states that counsel conducted a diligent search for responsive documents by consulting with the entity's management regarding the existence and location of any documents pertaining to the entity's formation, structure, operations, and any relationship with The Lord's Ranch, Trinity Behavioral Health, or any related entity. Rolling Hills

Investments, LLC made reasonable efforts to identify and locate documents related to this entity, including inquiring of individuals with knowledge of the entity's operations like Ted Suhl; searching for any physical or electronic records that may have been maintained by or on behalf of the entity, including at the mailing address at 1033 Old Burr Road.

**INTERROGATORY NO. 15:** State whether any documents relating to (a) Your corporate structure, (b) Your relationship with any Related Entity, or (c) The operation of The Lord's Ranch ever existed but are no longer in Your possession, custody, or control, and if so, describe the nature of such documents and the circumstances under which they were lost, destroyed, or transferred.

**RESPONSE TO INTERROGATORY NO. 15:** Rolling Hills Investments, LLC states that documents relating to its corporate structure exist and were previously produced as Bates No. SUHL (000078-000079).

Rolling Hills Investments, LLC does not have any documents related to an alleged relationship with another "related entity." It was formed in May 2007, long after most, if not all, of the remaining Plaintiffs in the lawsuit claim they had already left the Lord's Ranch. Further, this is a separate entity that existed for real estate development. As such, there would be no documents that exists evidencing a relationship with a "related entity" such as the Lord's Ranch Christian Boys Home, Inc. or Trinity Behavioral Health. The only similarity with other named Defendants is the mailing address and that Ted Suhl was also involved with this company. However, there was no relationship with another "related entity."

Rolling Hills Investments, LLC never had any documentation in its possession, custody, or control related to the operation of The Lord's Ranch Christian Boys Home or Trinity Behavioral Health. Rolling Hills Investments, LLC did not have the license to operate, nor did it operate any residential or psychiatric behavioral health treatment facilities. Rolling Hills Investments, LLC

was a separate entity, engaged in the unrelated business of real estate development, and would never have had any such documentation.

Rolling Hills Investments, LLC reserves the right to supplement this response if additional information becomes available, consistent with Rolling Hills Investments, LLC's obligations under the Federal Rules of Civil Procedure.

**INTERROGATORY NO. 16:** Identify all bank accounts, financial accounts, or repositories of funds that were held, maintained, used, or controlled by you, or in your name, whether directly or indirectly, at any time during the time period alleged in Plaintiffs' Third Amended Consolidated Complaint, including all domestic and foreign accounts. For each such account, state the name of the financial institution, account number (last four digits only), type of account, dates the account was open, and all persons with signatory authority or control over the account.

**RESPONSE TO INTERROGATORY NO. 16:** Rolling Hills Investments objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and not proportional to the needs of the case. The Interrogatory seeks detailed financial information for a separate entity that was engaged in unrelated work since its purpose was real estate development. In addition, this entity was formed in 2007, which was after most, if not all, remaining Plaintiffs claimed they had already left the Lord's Ranch. Rolling Hills Investments further objects to this Request for financial discovery relating to Separate Defendant's personal finances before Plaintiffs can show prima facie entitlement to punitive damages. *See Lodging Dev. & Mgmt., Inc. v. Days Inn Worldwide, Inc.*, No. 3:00CV218 HW, 2001 WL 35756572, at *4 (E.D. Ark. Oct. 18, 2001) (finding Arkansas law requires a plaintiff to make a prima facie case for punitive damages before disclosure required); *Curtis v. Partain*, 272 Ark. 400, 614 S.W.2d 671 (1981), *rev'd on other*

*grounds*, *Lupo v. Lineberger*, 313 Ark. 315, 855 S.W.2d 293 (1993) (holding evidence would have to be produced establishing complaint allegations before ordering disclosure of defendant's financial statement). Further, when a plaintiff sues two or more defendants for punitive damages, as Plaintiffs do here, the plaintiff waives his right to prove the financial condition of any one of them. *Life & Casualty Ins. Co. v. Padgett*, 241 Ark. 353, 356-357; 407 S.W.2d 728, 730 (1966). Separate Defendant, therefore, objects to this Request because it seeks personal and private information and is overbroad, irrelevant to any of Plaintiffs' claims, and not proportional to the needs of the case considering the relevant factors under Federal Rule of Civil Procedure 26(b)(1).

Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
4206 South J.B. Hunt Drive, Suite 200
Rogers, Arkansas 72758
Direct: (479) 464-5670
Facsimile: (479) 464-5680
smiller@mwlaw.com
jalexander@mwlaw.com

By: _Stuart Miller_____
Stuart P. Miller, Ark. Bar No. 88137
John E. Alexander, Ark. Bar No. 2015248

*Attorneys for Separate Defendants*

**ROETZEL & ANDRESS, LPA**
30 N. LaSalle Street, Suite 2800
Chicago, IL  60602
Phone: 312.580.1200
mscotti@ralaw.com

By: */s/ Michael J. Scotti*_____
Michael J. Scotti, III
*Pro Hac Vice*

## <u>CERTIFICATE OF SERVICE</u>

I, Stuart Miller, do hereby certify that I served a copy of the foregoing to the below named persons via email on this 1st day of June 2026:

Joshua Gillispie
GILLISPIE LAW FIRM
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
josh@gillispielawfirm.com

Stephen Blandin (*pro hac vice*)
Daisy Ayllon (*pro hac vice*)
Jason Friedl (*pro hac vice*)
Patrick Huber (*pro hac vice*)
ROMANUCCI & BLANDIN LLC
321 N Clark Street, Suite 900
Chicago, IL 60654
sblandin@rblaw.net
dayllon@rblaw.net
phuber@rblaw.net

Jay Bequette
Phillip M. Brick, Jr.
BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
jbequette@bbpalaw.com
pbrick@bbpalaw.com

Stuart P. Miller