**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**JOHN DOES 1, 4, 6;**
**MICHAEL ROBINSON; and**
**MAURICE COLLINS** **PLAINTIFFS**

**v.** **No. 3:23-cv-230-DPM**

**EMMETT PRESLEY, et al.** **DEFENDANTS**

**JOHN DOES 10, 15, and 16** **PLAINTIFFS**

**v.** **No. 3:24-cv-3-DPM**

**EMMETT PRESLEY, et al.** **DEFENDANTS**

**JOHN DOES 19, 23, and 29** **PLAINTIFFS**

**v.** **No. 3:24-cv-12-DPM**

**EMMETT PRESLEY, et al.** **DEFENDANTS**

**JOHN DOES 110, 111, 121, 123; and**
**JANE DOE 109** **PLAINTIFFS**

**v.** **No. 3:25-cv-197-DPM**

**EMMETT PRESLEY, et al.** **DEFENDANTS**

**PLAINTIFFS' REPORT OF DISCOVERY DISPUTE REGARDING DEFENDANTS' NONCOMPLIANCE WITH THE COURT'S JUNE 22, 2026 ORDER (ECF 186)**

In ECF 185, plaintiffs requested that the Court overrule Defendants' objections to financial-condition discovery and order Shirley Suhl, Ted Suhl, and each corporate Lord's Ranch Defendant to serve complete, verified, and unqualified amended responses and produce all responsive documents within twenty-eight days. ECF 185 at 8.

On June 22, 2026, the Court granted that relief. ECF 186. The Court overruled the Suhl Defendants' and corporate Defendants' objections in their entirety, holding that plaintiffs had "made a sufficient showing that they may be entitled to punitive damages to support some discovery about defendants' financial condition," and that this was so "whether the matter is one of substance under Arkansas law or procedure under the Federal Rules." ECF 186 at 1. The Court held that "[t]hat information from the relevant time periods goes to the corporate relationships and charitable immunity[, a]nd current information goes to the amount of any punitives." *Id.* at 2. The Court rejected the argument, based on *Life & Casualty Insurance Co. v. Padgett*, 407 S.W.2d 728 (Ark. 1966), that a rule against punitive damages being tried against multiple defendants equals a rule against financial discovery involving multiple defendants, holding "that rule of law doesn't mean that there can't be discovery about those particulars." *Id.* And the Court found no waiver by plaintiffs "in the face of the many nested corporate entities, whose relationships and roles remain obscure." *Id.*

The Court conditioned the discovery on entry of a protective order "with big teeth" and held the discovery "on hold until the Court enters that Order." *Id.* The Court entered the Protective Order on July 31, 2026 (ECF 188), and the parties agreed that Shirley Suhl, Ted Suhl, and each corporate defendant would serve amended discovery responses and produce responsive documents twenty-eight days after the Court's Order, as requested by Plaintiffs, ECF 185 at 8—by Friday, August 28, 2026.

On that date, defendants served only two documents: a declaration of net worth from Shirley Suhl and a declaration of net worth from Ted Suhl. Exs. 1-2. Nothing else

was served. No verified amended interrogatory answers. No amended responses to plaintiffs' requests for production. No documents. And nothing at all from any of the eighteen corporate defendants.

Plaintiffs' counsel wrote to defense counsel on Monday, August 31, 2026, explaining why the declarations do not satisfy ECF 186 and requesting that the amended responses and documents described below be served by September 4, 2026, or that defendants advise by September 2, 2026 if they did not intend to produce. Ex. 3. Plaintiffs' counsel advised that, absent a response, they would file a unilateral position statement with the Court on September 4, 2026. *Id.* Plaintiffs' counsel followed up on September 3, 2026 after receiving no response and asked for Defendants' discovery dispute position statement for submission to the Court. Ex. 4.

Defendants did not provide a position statement for submission to the Court. Instead, Defendants responded with a letter that same afternoon, before the 4:00 p.m. exchange deadline. Ex. 5. The letter served no verified amended interrogatory answers, no amended responses to plaintiffs' requests for production, and no documents. Instead, it restated the current-value estimates already contained in the Suhls' declarations; represented, without supporting documents, that most of the corporate defendants are unrelated to the conduct alleged or have been dissolved or forfeited; asserted, incorrectly, that plaintiffs' prior letter did not identify which discovery requests required supplementation; raised for the first time an objection that plaintiffs' discovery is more properly "post-judgment discovery"; and proposed a further meet-and-confer call. *Id.*

Plaintiffs responded the same day, explaining that the letter did not resolve the dispute, identifying by number the requests already at issue since March 2026, and reiterating plaintiffs' disagreement with the post-judgment-discovery characterization. Ex. 6. Defense counsel replied disputing plaintiffs' characterization of this filing as unilateral and asking plaintiffs to confirm whether they were seeking "every piece of financial information related to both the personal and entity defendants from 1990 – Present." Ex. 7. Plaintiffs responded that they were not, again identified the specific interrogatories and requests for production at issue, and confirmed their availability to confer by telephone that evening or the following morning. Ex. 8. Defendants did not pursue that invitation to confer by phone. As of this filing, defendants have not served any verified amended discovery response or produced any responsive document. The parties remain at an impasse and have been unable to resolve this dispute without the Court's intervention. Plaintiffs submit this position statement under the Court's July 14, 2025 Order (Dkt. 142 at 3–4).

## Argument

The net-worth declarations do not comply with ECF 186. Three defects, each independently sufficient, require the relief plaintiffs seek.

### 1. ECF 186 overruled defendants' objections; it did not authorize a substitute form of disclosure.

ECF 186 resolved the dispute the parties framed in ECF 185: whether plaintiffs may obtain discovery related to "each Suhl defendant's *and each corporate defendant's* financial condition." ECF 185 at 3. The Court overruled every objection defendants raised

— the prima facie showing argument, the *Padgett* multiple-defendant argument, and the substance-versus-procedure argument. ECF 186 at 1–2. Once an objection is overruled, the obligation reverts to the discovery rules the objection had been interposed against: Rule 33(b)(3) and (b)(5) (answers in writing, under oath, signed by the party), and Rule 34(b)(2) (a written response to each request, and production of responsive documents). An affidavit of net worth, unilaterally substituted by the responding party, satisfies neither rule. Defendants do not get to choose the form in which they respond to discovery.

**2. A statement of current net worth does not supply the historical financial information the Court held discoverable.**

The Court identified two distinct categories of discoverable information: "[i]nformation from the relevant time periods goes to the corporate relationships and charitable immunity[, a]nd current information goes to the amount of any punitives." ECF 186 at 2. A present-day net-worth statement speaks, at most, to the second category — and even there only as an unverifiable summary, unaccompanied by the bank records, tax returns, financial statements, or ownership records against which the stated figures could be tested.

It supplies nothing on the first, and larger, category. The historical financial information the Court ordered goes to plaintiffs' alter-ego, single-entity, joint-venture, and veil-piercing theories, *see Anderson v. Stewart*, 234 S.W.3d 295, 297–301 (Ark. 2006); *Slaton v. Jones*, 195 S.W.3d 392, 397–98 (Ark. App. 2004), and to the charitable-immunity defense asserted on behalf of "Separate Defendant the Lord's Ranch," *see Masterson v.*

*Stambuck*, 902 S.W.2d 803, 809–10 (Ark. 1995) (compensation of high-level employees; whether the entity earns a profit). These are precisely the "many nested corporate entities, whose relationships and roles remain obscure," ECF 186 at 2, that the Court found justified this discovery in the first place. Two personal net-worth figures touch none of it.

**3. The eighteen corporate defendants have served nothing.**

The corporate defendants adopted the Suhl Defendants' objections "as if fully restated," ECF 185 at 14, and are bound by the same ruling overruling them. Yet not one of the eighteen corporate entities has served an amended response or produced a single page. The Suhl Defendants' personal affidavits are not, and cannot be, answers to discovery directed to the corporate defendants.

**Requested Relief**

Plaintiffs respectfully request that the Court order Shirley Suhl, Ted Suhl, and each corporate Lord's Ranch defendant to serve, within seven (7) days:

a. verified amended answers, without objection, to Interrogatory No. 9 (Shirley Suhl and Ted Suhl) and Interrogatory No. 16 (each corporate defendant);

b. amended written responses to Requests for Production Nos. 16–21 and 32–40 (Shirley Suhl and Ted Suhl) and Nos. 1–6 (each corporate defendant), stating for each request whether responsive materials are being withheld;

c. all documents responsive to those requests, together with a description of the search performed and sources searched as to any defendant that contends it has no responsive documents; and

d. a privilege log for any document withheld on privilege grounds.

Plaintiffs further request an award of the reasonable expenses, including attorneys' fees, incurred in obtaining this relief and in preparing this statement. Fed. R. Civ. P. 37(a)(5). Defendants' objections to this discovery have already been overruled once; substituting two net-worth affidavits for the verified answers and production the Court's order required was not substantially justified, and no other circumstance makes an award of expenses unjust.

Dated: September 4, 2026

Respectfully submitted,

*/s/ Patrick A. Huber*

Joshua D. Gillispie, Bar No. 2010131
**Gillispie Law Firm**
1 Riverfront Place, Suite 605
North Little Rock, AR 72114
Phone: (501) 244-0700
Fax: (501) 244-2020
Email: josh@gillispielawfirm.com

**ROMANUCCI & BLANDIN, LLC**
Stephan Blandin (admitted *pro hac vice*)
Patrick A. Huber (admitted *pro hac vice)*
321 N. Clark Street, Suite 900
Chicago, IL 60654
Phone: (312) 253-8790
Fax: (312) 458-1004
Email: phuber@rblaw.net

**GOULD GRIECO & HENSLEY, PLLC**
Martin D. Gould (admitted *pro hac vice*)
Nicholas P. Wainwright (admitted *pro hac vice*)
101 N. Wacker Drive | Suite 100
Chicago, Illinois 60606
Phone: (312) 728-7444
Fax: (312) 221-9550
Email: nicholas@GGHLaw.com